FILED
JUL 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA F. WALLACE, a developmentally disabled person, by and through her next friend, co-trustee and brother, STEPHEN P. WALLACE; STEPHEN P. WALLACE, Individually, and all those similarly situated in the class, 6528 E. 101st D-1 #304 Tulsa Ok 74103 Pauperis/Pro Se Plaintiffs, vs. PATRICIA W. HASTINGS, an Individual; RONALD J. SAFFA, an individual; JAMES MILTON, an individual, JAMES POE, an individual; JOHN FEARS, an individual; JAMES WEGER, an individual; JP MORGAN CHASE & CO., (New York), JOSEPH M. WATT, an individual; JAMES R. WINCHESTER, an individual; GREGORY FRIZZELL, an individual; RONALD SHAFFER, an individual; and JOHN DOES 1-10, whose identities are not yet known, Defendants. | CASE NO: <br><br> JURY TRIAL DEMANDED <br><br> CASE NUMBER 1:06CV01264 <br> JUDGE: Reggie B. Walton <br> DECK TYPE: Civil Rights (non-employment) <br> DATE STAMP: 07/14/2006 |

### COMPLAINT

Lisa F. Wallace, a developmentally disabled person, (Down Syndrome), by and through her next friend, co-trustee and brother, Stephen P. Wallace, Stephen P. Wallace, individually, and all those similarly situated, for their claims for relief against defendants aver **remove** Case No. 102,931 from the Oklahoma Supreme Court under authority of **28 U.S.C. §1441(b); 42 U.S.C. §1983** and **42 U.S.C. §1985 (3)**, and for injunctive relief preventing Defendants, the Oklahoma Supreme Court, the Court of Civil Appeals, the Tulsa County Probate Court or any other party action on behalf of or in conjunction with Defendants from asserting any legal dominion over Lisa F. Wallace's person, property and liberty or ordering further denial of Plaintiffs' constitutionally protected rights for redress, reparation

1

and accountability, the pursuit of happiness, acting in concert with judicial officers of the Court, et. al, **under color of law** and **under color of authority.**

28 U.S.C. §1441(b) states: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

42 U.S.C. §1983 states "Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. §1985(3) states "If two or more persons in any state or territory conspire,....for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws...; in any case of conspiracy set forth in the section, any act in the furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

**BRIEF IN SUPPORT OF SUIT UNDER AUTHORITY OF
42 U.S.C. §1983 AND 42 U.S.C. §1985 (3)**

2

<u>Subject Matter Jurisdiction Statement</u>

FEDERAL QUESTION JURISDICTION: 28 U.S.C. §1331: The federal district court has subject matter jurisdiction to consider this claim under authority of 42 U.S.C. §1983 and 42 U.S.C. §1985(3) and by virtue of the sufficient pleadings clearly articulating trespass on Constitutionally Protected Rights and under the common law authorities of *Gomez v. Toledo,* 466 U.S. 635, 640 (1979), U.S. v. Price, 383 U.S. 787 (1966), *U.S. v. Guest,* 383 U.S. 745 (1966), *Simmons v. United States,* 390 U.S. 377 (1968), *Miller v. United States,* 230 F.2d 486, *CODISPOTI ET AL. v. PENNSYLVANIA* (06/26/74) SUPREME COURT OF THE UNITED STATES, 418 U.S. 506, 94 S. Ct. 2687, 41 L.Ed. 2d 912, *NILVA v. UNITED STATES (02/25/57)* SUPREME COURT OF THE UNITED STATES, 352 u.s. 385, 77 s. Ct. 431, 1 L.Ed. 2d 415, *SACHER ET AL. v. UNITED STATES* (03/10/52), SUPREME COURT OF THE UNITED STATES, 343 U.S. 1, 72 S. Ct. 451, 96 L.Ed. 717, and *UNITED STATES v. AGURS (06/24/76),* SUPREME COURT OF THE UNITED STATES 427, U.S. 97, 96 S. Ct. 2392, 49 L.Ed. 2d 342.

<u>Statement of *in personam* jurisdiction</u>

This court has in personam jurisdiction over Defendants by virtue of the fact that Defendants, individually and their agents, have violated 42 U.S.C. §1983 and 42 U.S.C. §1985(3) were formented by the tribunal Defendants entering appearances and conceding jurisdiction to the District of Columbia Court in **Case No. 1:04CV01717** filed on October 8, 2004 by Plaintiff, Stephen Wallace, and also denied due process adjudication on the merits.

<u>Statement of Venue</u>

Venue is appropriate in the Federal District of Columbia as the violations of 18 U.S.C. §1983 and 42 U.S.C. §1985(3) were formented by the Defendants and their agents entering an appearance and conceding jurisdiction to the District of Columbia Court in Case No. 1:04CV01717. This Court shall notice: **Stephen**

3

**Paul Wallace and Lisa F. Wallace have repeatedly been refused access to the other logical venues for this action**, state, federal, and appellate due to their race, resulting in anti-Semitic origin discrimination.

### Plaintiffs' Civil Rights Statement

Lisa and Stephen have stated a claim for civil rights violations where parties allege that state actors conspired under color of law to deprive the parties of any right secured and protected by the constitution and pleads damages in fact as a result of the color of law proceedings. See *Gomez v. Toledo*, 466 U.S. 635, 640 (1979). A jury shall determine that Defendants and the state actors named conspired to criminally "**assert dominion**" and "**adverse possession**" over Lisa's person, property and liberty.

### Theory of the case

On April 30, 2004, Plaintiffs filed suit in the U.S. District Court for the District of Columbia in **Case No. 1:04CV00713** as a **Complaint/Petition for Accounting and Appointment of Receiver**, naming the instant Defendants as well as the Chief Justice of the Oklahoma Supreme Court, Joseph Watt, and all Justices, et al., as Co-defendants and other state actors in the alleged criminal collusion effort to absorb Plaintiffs' $30 million Estate, <u>under color of law</u> and <u>under color of authority</u>. (See Complaint/Petition)

District Judge Huvelle denied Plaintiffs' right to pursue redress and reparation from Defendants wherein Plaintiffs' filed a Petition for a Writ of Mandamus in U.S. Court of Appeals for the District of Columbia in **Case No. 04-5293**. Petitioners' remain financially insolvent and destitute as the result of Defendants collusive action to deprive Petitioners of their inheritance and an

accounting which has **NEVER** been provided in over 60 affirmative actions which have "<u>never been adjudicated on the merits</u>."

Thereafter, Plaintiff, Stephen Wallace, filed an action in the U.S. District Court of the District of Columbia in **Case No. 1:04CV01717** for violations under 42 U.S.C. §1983, wherein the Defendants entered appearances by counsel and failed to timely respond to Plaintiffs' Motion for Summary Judgment and for Default Judgment. Judge Richard Roberts also denied Plaintiffs' rights to redress and reparation by illicitly transferring the case <u>after</u> default by Defendants', to the U.S. District Court for the Northern District of Oklahoma where Judge Roberts knew Plaintiffs would continue to be denied due process to protect the Defendants from providing a forensic accounting. The Northern District denied the transfer and is in contempt of Judge Robert's ORDER continuing the collusion at every level to deny accountability and due process.

Patricia Hastings is as much as state officer as any other as interim limited guardian of the person of Lisa F. Wallace. In fact, there is perhaps no other official who exercises as great of discretion over another person as those appointed as guardian of a person who is incapacitated. Lisa's rights are denied under color of state law. The rights at issue here are provided both by the Fourteenth Amendment to the Constitution and by federal statute. In *Young v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed. 2d 28 (1982), the Supreme Court recognized that persons with developmental disabilities retain the right to be free from bodily restraint. "Indeed, liberty from bodily restraint always has been recognized as the love of liberty protected by the Due Process Clause form arbitrary government action." *Youngberg*, 457 U.S. 316.

In 42 U.S.C. §15009 set forth the following rights for persons with developmental disabilities: In violating 42 U.S.C. §1983 and 42 U.S.C. §1985(3)

the conspiracy by state actors, et al, amount to Tyranny and Treason against Plaintiffs' constitutional rights. The Third Circuit found that conspiracy of defendants not only passes the line when they seek to deny Lisa her right to travel freely, they also cross the line when they act together (conspiracy) to deny her equal protection of the law due to her disabilities. See *Lake v. Arnold*, 112 F3d 682 (1997), wherein the Court held: To ensure that private conspirators do not strip other citizens of the equal protection of the laws, we must be particularly concerned with those discrete and insular minorities who have traditionally borne the brunt of prejudice in our society.

On June 3, 2005, Plaintiffs filed a Motion to Intervene in the U.S. District for the Western District of Oklahoma in **Case No. CIV-04-1771-B**, JUSTICE MARION P. OPALA VS. CHIEF JUSTICE JOSEPH M. WATT and the other remaining Justices, in their individual and administrative capacities. Justice Opala, of Jewish (Semitic) ancestry, alleged discrimination by the secret collusive acts of Chief Justice Watt and the remaining Justices to deprive him of succeeding to the Chief Justice position due him in progeny and line of succession.

Plaintiffs' Motion to Intervene was Plaintiffs' fervent and relentless attempt for an **"impartial trier of fact"** to order an accounting as prescribed by law and mandated by Defendant's self-prepared trust documents. Plaintiffs allege the Oklahoma Supreme Court Justices would not be "impartial triers of fact" and may express a personal vendetta" towards Plaintiffs.

Stephen P. Wallace and Lisa F. Wallace are also of Semitic ancestry as Arab Americans who have previously affiliated with the Arab American coalition in Washington, DC. Stephen P. Wallace and Lisa F. Wallace allege that Defendants and the previously named state actors have conspired and colluded to keep Stephen P. Wallace from his 1999 appointment as Durable Power of

Attorney and Guardian by his mother, Lorice T. Wallace, now deceased, on December 9, 1999 and successor co-trustee of the Frank A. Wallace Trust of 1974 and the Lorice T. Wallace Trust of 1974, as well as co-trustee for all (4) 1974 Irrevocable Trusts for the Wallace children which have all disappeared.

Defendants were terminated on March 13, 2000 by Lorice T. Wallace herself and then sued them in Tulsa County District Court on April 5, 2000 in **Case No. CJ-2000-1684** for fraud, conversion, embezzlement and infliction of emotional distress. Defendants have been in adverse possession of the Wallace Family Estate, under color of law and under color of authority. Both Stephen and Lisa Wallace have been discriminated against by "anti-Semitism", clearly prevalent in the Opala v. Watt, et al., case and denied Plaintiffs employment as the Managing Partner of the **Wallace Real Estate Company**, a General Partnership founded in August 1982 by Wallaces' parents.

      COUNT I.    DENIAL OF DUE PROCESS
      COUNT II    FRAUD AND COLLUSION
      COUNT III   ATTORNEY DECEIT AND COLLUSION
      COUNT IV   INFLICTION OF EMOTION DISTRESS

<u>Remedy Sought and Prayer for Relief</u>

Defendants have conspired with state actors named herein **in an arbitrary and capricious manner**, to deprive Lisa and those class members similarly situated of their liberty, freedom of association and their property, under color of law and under color of authority. Plaintiffs' have been denied due process, accountability and their constitutional rights because of their Semite heritage and because Lisa is developmentally disabled. Plaintiffs are entitled to a trial on the merits before <u>this</u> Court and Plaintiffs further request the Court to enjoin all state actions pending sua sponte and instanter regarding the Frank A. and Lorice T.

Wallace Estate, which Lisa and Stephen are vested beneficiaries of a $30 million estate criminally converted by Defendants warranting this Court to convene a Grand Jury to assist this Court.

Respectfully Submitted,

*Stephen P. Wallace*
Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133
(918) 694-1870

## VERIFICATION

I, Stephen P. Wallace, an undersigned Plaintiff, in the above captioned case, do hereby solemnly swear, affirm and verify that the foregoing information in the COMPLAINT is true and correct to the best of my knowledge and belief and I file this of my own free will.

*Stephen P. Wallace*
Stephen P. Wallace
6528 E. 101st Street, D-1 #304
Tulsa, Oklahoma 74133
(918) 694-1870

STATE OF OKLAHOMA )
                  ) SS:
COUNTY OF TULSA   )

I the undersigned Notary Public, in and for the County and State aforesaid, do hereby certify Stephen P. Wallace, personally known to me to be the same person whose name is subscribed to the foregoing COMPLAINT appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act for the uses and purposes therein set forth.

Given under my hand and official seal this 14th day of July 2006.

_____
Notary Public

My Commission Expires:
*July 1, 2008*
(Notarial Seal)
My Commission No. *8248*

8



November 18, 2005

Chief Justice Joseph Watt
Oklahoma Supreme Court
2300 North Lincoln Boulevard
Oklahoma City, OK 73105

Your Honor:

Arvest Trust Company, N.A., Asset Management has been nominated by a friend of the court, A. Ladd Larson, to serve as custodian for the Oklahoma Supreme Court of the assets, real and liquid, held in the Frank A. & Lorice T. Wallace Trusts as well as the 1974 Irrevocable Trust Assets for their four children.

We would serve as the Court appointed Receiver/Temporary Trustee for the aforementioned trusts. The assets to be marshaled should be itemized for inventory purposes and ARVEST would obtain possession of the assets after Dana Cole & Co., a certified public accounting firm, which will have executed documents accepting such nomination to conduct an accounting and audit. Such accounting and audit should commence immediately.

ARVEST would request confirmation of its total immunity in serving as custodian under said nomination. Enclosed please find ARVEST's Qualification documentation to affirm ARVEST's capacity to serve as an independent custodian.

Very truly,

B. Dean Hudgeons
Senior Vice President & Location Manager
Arvest Trust Company, N.A.

Enclosures

06 1264
FILED
JUL 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



Located at:
Arvest Asset Management
7633 East 63rd Place, Suite 255 • Tulsa, OK 74133
www.arvestam.com