# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LISA F. WALLACE, a developmentally )
disabled person, by and through her next )
friend, co-trustee and brother, )
STEPHEN P. WALLACE; )
STEPHEN P. WALLACE, Individually; )
and all those similarly situated in the class, )
                                   )
             Plaintiffs, )
v.                              )       **Case No. CIV-06-1264 RBW**
                                    )
PATRICIA W. HASTINGS, an Individual; )
RONALD J. SAFFA, an Individual; )
JAMES MILTON, an Individual; )
JAMES POE, an Individual; )
JOHN FEARS, an Individual; )
JAMES WEGER, an Individual; )
JP MORGAN CHASE & CO., (New York); )
JOSEPH M. WATT, an Individual )
JAMES R. WINCHESTER, an Individual; )
GREGORY FRIZZELL, an Individual; )
RONALD SHAFFER, an Individual; and )
JOHN DOES 1-10, whose identities )
are not yet known, )
                                    )
            Defendants. )

## <u>DEFENDANTS' JOINT MOTION TO DISMISS</u>

Defendants, Oklahoma State Supreme Court Chief Justice Joseph M. Watt, Vice-Chief

Justice James R. Winchester, Gregory K. Frizzell, Presiding District Judge for the District Court of

Tulsa County, State of Oklahoma, and Ronald L. Shaffer, Tulsa County District Judge (hereinafter

referred to by name or collectively as the "Defendants"), specially and jointly appear and pursuant

to Rules 12(b)(1), (2), (3), (5) and (6) of the Federal Rules of Civil Procedure, respectfully move the

Court to dismiss Plaintiffs' Complaint for the reasons set forth in the accompanying Brief in Support.

**BRIEF IN SUPPORT**

**ARGUMENT AND AUTHORITIES**

1.      **This Court lacks personal jurisdiction over the Defendants.**

To resolve a case on the merits, the court is required to have jurisdiction over both the subject matter of the litigation and the parties, and without such jurisdiction the court cannot proceed. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 S. Ct. 1563, 143 L. Ed.2d at 766-67 (1999). Also, a court should generally decide questions of personal jurisdiction before questions of venue. *Cameron v. Thornburgh,* 983 F.2d 253, 257 n. 3 (D.C.Cir.1993) (*citing Leroy v. Great W. United Corp.,* 443 U.S. 173, 99 S. Ct. 2710, 61 L. Ed.2d 464 (1979)).  Under Fed.R.Civ.P.12(b)(2), the Plaintiffs bear the burden of establishing a factual basis for this Court having personal jurisdiction over the Defendants.  *See Crane v. New York Zoological Society,* 894 F.2d 454, 456 (D.C.Cir.1990). In order to meet this burden, the Plaintiffs have to allege specific acts connecting the Defendants somehow with the forum state, *Second Amendment Found. v. United States Conference of Mayors,* 274 F.3d 521, 524 (D.C.Cir.2001), which they fail to do.

(A)      **The District of Columbia's Long-Arm Statute.**

Because the Defendants reside in Oklahoma and do not maintain a principle place of business in the District of Columbia, the District's long-arm statute, D.C.Code § 13-423, provides the only basis in which the Court may exercise personal jurisdiction over the Defendants. *Deutsch v. United States Dep't of Justice,* 881 F.Supp. 49, 52 (D.D.C.1995), *aff'd,* 93 F.3d 986 (D.C.Cir.1996).

The relevant part of that statute provides:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

* * *

D.C.Code § 13-423.

As a threshold matter, the court must be satisfied that one of the above elements has been met. *GTE New Media Servs. v. BellSouth Corp.,* 199 F.3d 1343, 1347 (D.C.Cir.2000). If so, the court must then "determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *Id.* If there is an insufficient basis for the District of Columbia's long-arm statute to apply, then no constitutional analysis is necessary.

It is the Plaintiffs' burden to show the Court that jurisdiction may be had under § 13-423, *GTE,* 199 F.3d at 1347, which they attempt to do in their "Statement of *in personam* jurisdiction" by alleging that because each of the Defendants (or their agents) purportedly entered an appearance and conceded jurisdiction in a previous case filed in the District of Columbia by Plaintiff Stephen Wallace, the Court has personal jurisdiction over the Defendants here. (Compl. at 3.) However, in that case, *Wallace v. James Poe et al.*, 1:04-CV-1717, none of these Defendants was named as a party, none of them was served with a copy of the summons or complaint, and none of these Defendants (or anyone on their behalf) entered an appearance or conceded to this Court having personal jurisdiction over them. Regardless, the language of § 13-423 requires more than being a party in a prior case - it requires conduct "in" the District. D.C. Code Ann. § 13-423(a)(4); *see also*

3

*Tavoulareas v. Commas,* 720 F.2d 192, 194 (D.C. Cir. 1983)(conduct must take place in the District). Plaintiffs fail to allege or offer any evidence showing that the Defendants transacted any business in the District of Columbia or that Plaintiffs suffered any injury there. Consequently, Plaintiffs have not presented evidence sufficient to establish personal jurisdiction under § 13-423.

**(B)      Insufficiency of Service of Process.**

Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure provide the defenses of lack of personal jurisdiction and insufficiency of service of process. Rule 12(b)(2) concerns only the actual existence of personal jurisdiction. By contrast, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: Civil 2d § 353, at 276-277 (2d ed.1990).

In order to effect proper service for purposes of Rule 12(b)(5), a party must follow the requirements of Rule 4 of the Federal Rules of Civil Procedure. Specifically, Fed R. Civ. P. 4(e)(1) permits a plaintiff to serve the defendant either pursuant to the law of the state in which the district court is located (District of Columbia) or pursuant to the law of the state in which service is effected (Oklahoma).

In *Hamrick v. Gottlieb*, 416 F.Supp.2d 1 (D.D.C. 2005), this Court recently addressed meeting the requirements for effective service where two jurisdictions are involved:

> The plaintiff carries the burden of establishing that he has properly effected service pursuant to federal rule of civil procedure (4)(e). *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir.1987). To effectuate valid service of process the plaintiff must: (1) comply with the law of the state in which the district court is located; (2) comply with the law of the state where the service was effected; (3) effectuate personal delivery; or (4) leave a copy at the usual place of abode, unless a waiver was obtained. Fed. R. Civ. P. 4(e)(1)-(2). Because this Court is located in the District of Columbia ("District") and the plaintiff in

4

this case attempted service in Washington State, *see* Affidavit of Alan Gottlieb ("Gottlieb Aff.") ¶¶ 2-3, the plaintiff must show that service is proper under either of these jurisdictions to meet his burden.

The District of Columbia permits service of process outside the District by: (1) personal service; (2) any method valid in the place where service is attempted; (3) by mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the foreign authority in response to a letter rogatory. D.C. Code Ann. § 13-431(a).

*Id.* at 3.

In both Oklahoma and the District of Columbia, service by mail on an individual is valid only where, at a minimum, the person signs a receipt indicating that they personally received the correspondence. 12 O.S. § 2004(C)(2)(b); D.C. Code Ann. § 13-431(a); *see also Saunders v. Fairman*, Slip Copy, 2006 WL 2506954, at 3 (E.D.Cal.2006)(service by certified mail alone is not authorized by Rule 4). Plaintiffs attempted to serve the Defendants by sending copies of the summons and Complaint via USPS Priority Mail to the Oklahoma Supreme Court and the Tulsa County District Courthouse. The correspondence was sent by priority, not certified, mail and without the required return receipt. This method fails to satisfy Oklahoma law governing service, because Oklahoma requires that "[s]ervice by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee." 12 O.S. § 2004(C)(2)(b). Absence of the return receipt fails to satisfy the District of Columbia's service requirements as well. D.C. Code Ann. § 13-431(a)(3).

Alternatively, Fed.R.Civ.P. 4(e)(2) allows service to be effected by delivering a copy of the summons and of the complaint to the individual personally, or by leaving copies thereof at the individual's dwelling house or usual place of abode, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Instead,

5

Plaintiffs mailed a copy of the summons and Complaint to the Oklahoma Supreme Court and the Tulsa County District Courthouse, Defendants' respective places of employment. *See Taylor v. Gearan*, 979 F.Supp. 1, 5 (D.D.C.1997) (service on employer not sufficient to effect personal service on employee under Rule 4(e)). The summons and Complaint were not delivered to or served upon any of the Defendants personally or accepted by any person authorized to accept service of process on their behalf. Although the court staff may have accepted delivery of the process, this does not satisfy Rule 4 because none of those persons are agents authorized to accept service on behalf of any of the Defendants. *See Bulin v. Stein,* 668 A.2d 810, 813-14 (D.C.1995) (*quoting Leichtman v. Koons,* 527 A.2d 745, 747 n. 4 (D.C.1987)) ("An agent must have actual authority [to receive service of process]; an office employee with authority to receive business communications and mail does not, by virtue of his or her position, have authority to receive process under the Superior Court Rules."); *see also* 12 O.S. § 2004(C)(1)(c)(1) (service on an individual shall be made by delivering to the person or to an agent authorized by even though or by law to receive service of process).

Even though the Defendants received Plaintiffs' mail, the mere fact that they were made aware of Plaintiffs' action is immaterial to whether service was proper. *Stein*, 668 A.2d at 814 (internal citation omitted). *See Mid-Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir.1991) ("[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process."), *accord West v. Terry Bicycles, Inc.,* 230 F.3d 1382 (Table) at 2, 2000 WL 152805 (Fed.Cir.2000) (unpublished op.) ("[A] defendant's knowledge of the pendency of a lawsuit against it does not cure the plaintiff's insufficient service under Rule 4"). Ultimately, unless the procedural requirements of effective service of process are satisfied, the Court lacks power to assert personal jurisdiction over the Defendants.

*Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 514 (D.C.Cir.2002) (*citing Omni Capital Int'l,*

*Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987)).

Although, where the propriety of service is unclear, "the simplest solution ··· is to quash

process and allow plaintiff another opportunity to serve defendant." WRIGHT & MILLER, *supra,*

Civil 2d § 353, at 289-90.  Often, however, the simplest solution is not always the best.  Because of

the number of jurisdictional shortcomings in Plaintiffs' Complaint, allowing Plaintiffs another try

at service would in the end still result in Plaintiffs' case being dismissed.

    2.    **The District of Columbia is not the proper venue for this action.**

As with jurisdiction, it is also the Plaintiff's burden to establish that venue is proper.  *See* 5A

Fed. Prac. & Proc. 2d § 1352 (noting that placing the burden of establishing that venue is proper on

the plaintiff "seems correct inasmuch as it is plaintiff's obligation to institute his action in a

permissible forum, both in terms of jurisdiction and venue").  Because the Plaintiffs and Defendants

are citizens of the State of Oklahoma, there is no diversity of citizenship.  Therefore, venue for this

action may be in the District of Columbia only if a substantial part of the events or omissions giving

rise to Plaintiffs claims occurred there.  28 U.S.C. § 1391(b)(2).  However, a substantial part of the

events giving rise to this action did not take place here, but in Oklahoma.  In fact, not only a

substantial part of the events, but not a single event connected with Plaintiffs' claims took place in

this district.

Initially, Plaintiffs argue that venue is proper for the same reasons they believe that the Court

has personal jurisdiction, which is by virtue of the "Defendants and their agents entering an

appearance and conceding jurisdiction to the District of Columbia Court in Case No. 1:04CV01717."

(Compl. at 3.)  Again, the Defendants were not parties in that case, were never served and never entered their appearance.

Second, Plaintiffs assert that venue is appropriate in this district because they have repeatedly been refused access to other venues.  (Compl. at 4.)[1]  Plaintiffs provide no proof or facts to support this allegation, and they also fail to show that they were denied venue in the U.S. District Court for the Northern District of Oklahoma, in whose jurisdiction the events giving rise to their claims occurred.  Instead, the Court may take judicial notice of Stephen Wallace having been a plaintiff in no less than thirteen cases filed in the U.S. District Court for the Northern District of Oklahoma, none of which was dismissed for improper venue.[2]  Nonetheless, if there is no other district in which the action may be brought, then an action may be brought only in a judicial district in which any defendant may be found.  28 U.S.C. § 1391(b)(3).  None of the Defendants resides in, or may be found within, the District of Columbia and therefore, venue is not proper there.

To overcome the dilemma of a case being filed in the wrong judicial district, a court may, in the interest of justice, transfer the case to any other district "in which [the case] could have been brought."  28 U.S.C. § 1406(a).  Before transferring the action, however, the court must ensure as a preliminary matter that venue is proper and that the defendants are subject to personal jurisdiction in the transferee forum.  *Sharp Elecs. Corp. v. Hayman Cash Register Co.,* 655 F.2d 1228, 1230

---

[1]  Plaintiffs argue that they were refused access to other logical venues "due to their race, resulting in anti-Semitic origin discrimination."  (Compl. at 4.)  Defendants do not dispute Plaintiffs' race, but dispute the truth of this statement insofar as Plaintiffs allege they were denied access to other venues and that they were racially discriminated against.  This statement establishes no basis for venue being proper in this district under 28 U.S.C. § 1391.

[2]  The cases filed by Stephen Wallace in the U.S. District Court for the Northern District of Oklahoma are: 4:00-CV-905; 4:00-CV-1086; 4:01-CV-311; 4:01-CV-915; 4:01-CV-916; 4:01-CV-917; 4:02-CV-148; 4:02-CV-417; 4:02-CV-614; 4:03-CV-375; 4:03-CV-522; 4:04-CV-701; 4:94-CV-168.

(D.C.Cir.1981) (per curiam).  Transfer in this case would not be proper or in the interest of justice, because even if Plaintiffs' case is transferred, the gaining court would not have personal jurisdiction over the Defendants because of the Plaintiffs' failure to effect proper service.  The most reasonable course of action would be to dismiss, rather than transfer, Plaintiffs' case, have them file in the appropriate court and properly serve the Defendants.  Given that Stephen Wallace has filed cases that *were* dismissed or transferred for improper venue, the Plaintiffs should be well-advised by now as to how and where to properly file their suit.[3]

### 3.    If Plaintiffs' Complaint is actually an attempt at removal, removal is improper.

Defendants note that although Plaintiffs' pleading is titled a "Complaint," their introductory paragraph on page one states that Plaintiffs are *removing* "Case No. 102,931 from the Oklahoma Supreme Court under authority of 28 U.S.C. § 1441(b); 42 U.S.C. § 1983 and 42 U.S.C. §1985(3),...."  Where an action is removed from state court, the removal statute, 28 U.S.C. § 1441, rather than the general venue statute, 28 U.S.C. § 1391, governs the question of venue.  *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665, 73 S. Ct. 900, 97 L. Ed. 1331 (1953).  But "if federal jurisdiction is doubtful, a remand to state court is necessary."  *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 815-16 (4th Cir.2004) (en banc).

According to the Complaint, Plaintiffs are removing their state case to federal court pursuant to 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of

---

[3] Those cases are: *Wallace v. Dep't of Human Serv., et al.,* D.D.C. Case No. CIV-04-713 ESH (Dkt. No. 7); *Wallace v. Poe, et al.,* D.D.C. Case No. CIV-04-1717 RWR (Dkt. No. 16); *Wallace, et al. v. DOJ, et al.,* W.D. Okl. Case No. CIV-02-233 L (Dkt. No. 30); *Wallace v. Bank One Oklahoma, et al.,* W.D. Okl. Case No. CIV-01-1756 C (Dkt. No. 9).

the United States shall be removable without regard to the citizenship or residence of the parties."

28 U.S.C. § 1441(b).  Plaintiffs appear to premise the removal of their action on the allegation that

the Defendants violated 42 U.S.C. § 1983 and § 1985(3), thereby stating a claim "arising under"

federal law within the meaning of section 1441(b).  Regardless, Plaintiffs may not remove their own

case.  *See* 28 U.S.C. § 1441(a)("[A]ny civil action brought in a State court...may be removed by the

defendant or the defendants..."); § 1443("[C]ivil actions...commenced in a State court may be

removed by the defendant..."); § 1446(a)("A defendant or defendants desiring to remove any civil

action...shall file...a notice of removal...").

Also, an action brought in a state court may only be removed to the district court in whose

district the state court action is pending.  28 U.S.C. § 1441(a).  Plaintiffs' original state court action,

now on appeal to the Oklahoma Court of Civil Appeals, was filed in Tulsa County, which lies in the

Northern District for Oklahoma.[4]  Assuming that Plaintiffs' attempt at removal were proper, which

it is not, that would nonetheless be the proper forum.

### 4.    The Court lacks subject-matter jurisdiction over Plaintiffs' claims.

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the

plaintiff bears the burden of establishing by a preponderance of the evidence that the court has

subject-matter jurisdiction.  Fed.R.Civ.P. 12(b)(1)*; Lujan v. Defenders of Wildlife,* 504 U.S. 555,

561, 112 S. Ct. 2130, 119 L. Ed.2d 351 (1992); *Grand Lodge of Fraternal Order of Police v.*

*Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C.2001).  The court may dismiss a complaint for lack of subject-

---

[4]  That case, *In the Matter of the Guardianship of Lisa Frances Wallace,* Oklahoma Court of Civil Appeals Case No. DF-102931, is pending before the Oklahoma Court of Civil Appeals.  In Oklahoma, civil appeals from a final order of a district court are assigned to a division of the Oklahoma Court of Civil Appeals, unless retained by the Oklahoma Supreme Court.  A decision by the Court of Civil Appeals, when final, is not appealable to the Oklahoma Supreme Court.  *See* Oklahoma Supreme Court Rule 1.171.

matter jurisdiction only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Empagran S.A. v. F. Hoffman-Laroche, Ltd.,* 315 F.3d 338, 343 (D.C.Cir.2003) (*quoting Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)).  When conducting a review of a motion to dismiss pursuant to Rule 12(b)(1), the court must accept as true all the factual allegations contained in the complaint.  *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed.2d 517, (1993).  However, the Court need not accept inferences drawn by the Plaintiffs if those inferences are unsupported by facts alleged in the Complaint, nor must the Court accept the Plaintiffs' legal conclusions.  *See Boyd v. O'Neill,* 273 F.Supp.2d 92, 95 (D.D.C.2003)*; National Treasury Employees Union v. United States,* 101 F.3d 1423, 1430 (D.C.Cir.1996).

**(A)    The Rooker-Feldman Doctrine.**

By now, it is axiomatic in federal case law that a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.  Federal review of state court judgments may be obtained only in the United States Supreme Court pursuant to 28 U.S.C. § 1257.  This concept is embodied by what is commonly known as the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed.2d 206 (1983).  One purpose of the doctrine is to prevent federal review of a state judgment "based on the losing party's claims that the state judgment itself violates the loser's federal rights." *Hood v. Keller,* 341 F.3d 593, 597 (6th Cir.2003) (internal citations omitted).

The doctrine also prevents federal law claims brought in federal courts that were not only actually litigated, but those that are "inextricably intertwined" with the merits of the same matter

previously adjudicated by the state court. *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 473 (10th Cir.2002)  While they are difficult to ascertain, Plaintiffs' claims against the Defendants appear to challenge the rulings or judgments made in the Plaintiffs' state court proceedings over which the Defendants presided at some point.  The *Rooker-Feldman* doctrine bars these claims because they arise directly from state-court judgments and they are inextricably intertwined with the Defendants/state judges' rulings in the Plaintiffs' state cases.

### (B)    Plaintiffs fail to present a constitutional claim sufficient to invoke this Court's federal question jurisdiction.

When a complaint is attacked by a motion to dismiss in part for failure to properly invoke federal question jurisdiction, a court may properly dismiss the complaint when it is wholly insubstantial and frivolous.  This principle was recognized by the United States Supreme Court in *Bell v. Hood*, 327 U.S. 678, 66 S. Ct. 773, 90 L. Ed. 939 (1946).  In discussing the exceptions to the general principle that federal question jurisdiction may not generally be defeated on the basis of a failure to state a claim, the Supreme Court stated:

> The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

327 U.S. at 682-83.

There is no better case to which this premise applies than the present one.  To properly invoke the federal question jurisdiction of this Court, "[t]he mere assertion of a constitutional claim is not enough; the record before the Court must present a colorable constitutional claim." *Northlake Community Hospital v. The United States*, 654 F.2d 1234, 1241 (7th Cir. 1981).  To begin with,

Plaintiffs' Complaint fails to comport with the requirements of Fed.R.Civ.P. 8(a), which requires it to contain, in part, a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ.P. 8(a)(2). Plaintiffs claims are far from plain and the Complaint fails to set forth sufficient facts showing specifically what conduct by the Defendants violated their rights.

Second, the Complaint fails to comply with Fed.R.Civ.P. 10(b), requiring all averments of a claim to be made in numbered paragraphs, each of which shall be limited to a statement of a single set of circumstances, and that each claim founded upon a separate transaction to be stated in separate counts. Instead, Plaintiffs' Complaint is an omnium-gatherum of citations, quotations of legal text, references to unrelated cases and unsupported, conclusory allegations. For instance, Plaintiffs have titled their pleading as a Complaint, but assert that they are removing their state case. In support of their claim that their civil rights were violated, they do nothing more than recite the language of 42 U.S.C. § 1983. Although they claim the Defendants have engaged in a conspiracy, the Complaint fails to offer any facts indicating an agreement among the Defendants to purposefully violate the Plaintiffs' rights, and also fails to indicate which of their civil rights were violated. *See Meyer v. Reno,* 911 F.Supp. 11, 15 (D.D.C.1996) (dismissing plaintiff's claims for failure to state a claim, as plaintiff failed to assert any factual basis to support the conclusion that a conspiracy existed) (*citing Martin v. Malhoyt,* 830 F.2d 237, 258 (D.C.Cir.1987)); *see also Wiggins v. Hitchens,* 853 F.Supp. 505, 511 (D.D.C.1994) ( "There can be no recovery under section 1985(3) absent a violation of a substantive federal right" )*; Indianapolis Minority Contractors Ass'n., Inc. v. Wiley,* 187 F.3d 743, 754 (7th Cir.1999) (holding that the absence of any underlying violation of plaintiffs' rights precludes the possibility of success on a claim for conspiracy to violate civil rights under § 1985). And, in support of their claim of racial discrimination, they make reference to an Oklahoma state case

involving the denial of an appointment to Chief Justice of the Oklahoma Supreme Court.[5]

Consequently, Plaintiffs have failed to allege sufficient facts to meet their burden of establishing a

§ 1983 claim and as a result have also failed to state a claim for relief under § 1985.

     **5.**     **Defendants are immune from Plaintiffs' claims by virtue of the Eleventh Amendment.**

The Defendants are state judicial officers and thus are state actors. However, Plaintiffs do

not specify in their Complaint in what capacity the Defendants are being sued. To avoid confusion

over whether an individual is being sued in their individual or official capacity, "[i]t is obviously

preferable for the plaintiff to be specific in the first instance to avoid any ambiguity." *Hafer v. Melo*,

502 U.S. 21, 24, 112 S. Ct. 358, 116 L. Ed.2d 301 (1991). Nonetheless, a § 1983 claim that fails to

specify whether the Defendants are being sued in their individual or official capacities is normally

construed to be against them in their official capacity. *Stevens v. Umstead*, 131 F.3d 697, 706 (7th

Cir. 1997).

State officials cannot be sued under § 1983 in their official capacities, because doing so

would in reality be a suit against the state itself, which has Eleventh Amendment immunity. *Duncan*

*v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994). Defendants Watt, Winchester, Frizzell and Shaffer

as employees of the State of Oklahoma and "state actors," (Compl. at 4.) are immune in their official

capacities from Plaintiffs' § 1983 and § 1985 claims by virtue of the Eleventh Amendment.

<u>**CONCLUSION**</u>

Because the Court is without personal and subject matter jurisdiction, and because they have

failed to state a claim against the Defendants, Plaintiffs' case must be dismissed. Further, venue is

---

[5] Plaintiffs do not allege that they are bringing a claim pursuant to 28 U.S.C. § 1981.

not proper in the District of Columbia.  Defendants respectfully urge the Court to dismiss, rather than

transfer, the case because no court at this point would have personal jurisdiction over these

Defendants due to Plaintiffs' failure to effect proper service.

Respectfully submitted,


s/ Stephen J. Krise
**STEPHEN J. KRISE, OBA #17948**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N. E. 21st Street
Oklahoma City, Oklahoma  73105
Tele: (405) 521-4274   Fax: (405) 521-4518
Stephen_Krise@oag.state.ok.us

Attorney for Defendants Watt, Winchester,
Frizzell and Shaffer

15

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

| | |
|---|---|
| Jennifer L. Sarvadi | John Sears Simcox |
| Leclair Ryan, PC | SIMCOX & BARCLAY |
| 225 Reinekers Lane, Suite 700 | 170 Jennifer Road, Suite 200 |
| Alexandria, VA  22314 | Annapolis, MD  21401-3064 |
| *Counsel for Defendants Hastings, Saffa,  Milton, Poe and Fears* | *Counsel for James Weger and JP Morgan Chase & Co. (New York)* |

I further certify that on November 27, 2006, I served by U.S. Mail, postage prepaid, the following person who is not a ECF registrant:

| | |
|---|---|
| Stephen P. Wallace | Lisa F. Wallace |
| 6528 E. 101 Street | 6528 E. 101 Street |
| Apartment D-1 #304 | Apartment D-1 #304 |
| Tulsa, Oklahoma   74133 | Tulsa, Oklahoma   74133 |
| Plaintiff *Pro Se* | Plaintiff *Pro Se* |

s/ Stephen J. Krise
Stephen J. Krise

16