**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| LISA F. WALLACE, a developmentally disabled person, by and through her next friend, co-trustee and brother, STEPHEN P. WALLACE, STEPHEN P. WALLACE, Individually, and all those similarly situated in the class,<br><br>   Pauperis/Pro Se Plaintiffs,<br><br>vs.<br><br>PATRICIA W. HASTINGS, an Individual, RONALD J. SAFFA, an Individual, JAMES MILTON, an individual, JAMES POE, an individual, JOHN FEARS, an individual, JAMES WEGER, an individual, JP MORGAN CHASE & CO., (New York), JOSEPH M. WATT, an individual, JAMES R. WINCHESTER, an individual, GREGORY FRIZZELL an individual, RONALD SHAFFER, an individual, and JOHN DOE 1-10, whose identities are not yet known,<br><br>   Defendants. | Case No.: 1:06-CV-01264 (RBW) |

**DEFENDANTS JPMORGAN CHASE & CO. AND JAMES E. WEGER**
**MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO**
**<u>REMAND AND BRIEF IN SUPPORT</u>**

  COME NOW Defendants JPMorgan Chase & Co. ("Chase") and James E. Weger ("Mr. Weger") and move for an Order dismissing, with prejudice, the Complaint pursuant to Rules 12(b)(1), (2), (3), (5) and (6) of the Federal Rules of Civil Procedure. Specifically, this Court should dismiss the Complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of service of process, and failure to state a claim upon which relief can be granted.

1

In support of this Motion to Dismiss, Chase and Mr. Weger respectfully invite the Court's attention to the following:

## I. INTRODUCTION

Plaintiffs are Stephen P. Wallace ("Wallace") and Lisa F. Wallace.[1] The Complaint seeks to remove a state-court action[2] currently on appeal before the Court of Civil Appeals of the State of Oklahoma, in Oklahoma City, Oklahoma, Case No. DF-102931, and seeks to add federal causes of action against multiple defendants *not* even party to that state-court action. Specifically, plaintiffs allege violations of Title 42, United States Code, Sections 1983 ("Section 1983") and 1985 ("Section 1985"), by multiple defendants in this lawsuit. In addition plaintiffs seem to assert claims of fraud, collusion, deceit and infliction of emotional distress.

This action should be dismissed for several reasons. First, Chase and Mr. Weger received insufficient service of process and are *not* parties to the suit removed to this Court. Second, this Court lacks both subject-matter jurisdiction over the claims and personal jurisdiction over Mr. Weger. Third, plaintiffs' Section 1983 and Section 1985 allegations supplying the ostensible basis for federal question jurisdiction do not state a claim upon which relief can be granted. Finally, the United States District Court for the District of Columbia is an improper venue for this lawsuit.

---

[1] In reality, Stephen P. Wallace is the plaintiff in this action. Although Wallace claims to be acting as Lisa Wallace's "next friend," he lacks authority to act on Lisa's behalf. Lisa Wallace is afflicted with Down Syndrome. Lisa's sister, Patricia Hastings, is her legal guardian. (See Filing No. 1.)

[2] District Court of Tulsa County, Case No. PG-2002-225 (Judge Ronald L. Shaffer). This state-court action was filed in 2002 and addressed legal guardianship issues relevant to Plaintiff Lisa F. Wallace. Final order or judgment has been entered in this case and the appeal was filed on January 4, 2006. The appeal involves Appellants Stephen P. Wallace and Mary Roma Wallace Jage and Appellee Patricia Hastings.

## II. BACKGROUND

This case is the latest installment in Wallace's relentless crusade against Bank One Trust Company, N.A. ("Bank One"), now known as JPMorgan Chase Bank, N.A. ("Chase Bank, N.A."), a subsidiary of Chase. Wallace is a named contingent beneficiary of the Frank A. Wallace Revocable Trust and the Lorice T. Wallace Revocable Trust ("Trusts"). It is undisputed that the Trusts were both created in Tulsa County, Oklahoma, and are being administered according to the laws of Oklahoma in the courts of Tulsa County, Oklahoma. Chase Bank, N.A. is presently the Trustee of the Frank A. Wallace Revocable Trust, which is currently before the District Court of Tulsa County in Case No. PT-2003-46. Mr. Weger presently serves as an attorney for Chase and is the managing partner and president of Jones, Gotcher & Bogan, a professional corporation engaged in the practice of law and located in Tulsa, Oklahoma.

Wallace has barraged the state and federal courts with lawsuits relating to the Trusts which "have been plainly frivolous, have caused useless expenditures of judicial resources, and unnecessarily and senselessly drained trust assets." (See March 31, 2005 Order entered in the District Court of Tulsa County, Oklahoma at 3, Exhibit "A"; List of Wallace Litigation, Exhibit "B.") These lawsuits have made outlandish and unsubstantiated allegations against Bank One, Chase, and others, including fraud upon various courts, theft, criminal conversion, criminal and civil conspiracy (including alleged conspiracies involving judges who have ruled against Wallace and the lawyers who have defended against Wallace's spurious suits), manipulation of state and federal judges, perjury, bribery, breach of contract, breach of trust, breach of fiduciary duty, infliction of emotional distress, various RICO violations, and other intentional torts. In fact, Wallace has brought such claims against Bank One, Chase, or Weger, which have been dismissed, in the: (i) United States District Court in the District of Columbia, Case No. 04-CV-713 (subsequently transferred to the

United States District Court for the Northern District of Oklahoma, Case No. 04-CV-701K); (ii) United States District Court in the Northern District of Oklahoma, Case Nos. 01-CV-311 and 02-CV-148; (iii) United States District Court in the Western District of Oklahoma, Case No. 02-CV-233; and (iv) District Court of Tulsa County, Case Nos.CJ-2000-5294, CJ-2001-3000 and CJ-2002-4727.[3]

Over the years Wallace has had multiple opportunities to appear at various hearings to produce evidence to substantiate his claims, but "[o]n no occasion has Mr. Wallace produced evidentiary support for his constant allegations of trustee misdeeds and alleged misappropriation of trust assets." (See March 31, 2005 Order at 3, Ex. A.)  As the Honorable Terrence Michael of the United States Bankruptcy Court for the Northern District of Oklahoma found, Wallace has filed over 40 separate civil actions, proceedings and appeals and that "not one single time has Mr. Wallace prevailed in any way, shape or form on the merits of any of those actions." (See February 11, 2003 Hearing Transcript at 46, Exhibit "D.")

Courts have reprimanded Wallace for litigation misconduct related to the Trusts on numerous occasions and have even levied sanctions against him. (See Exhibits "E – O.")  In fact, Wallace's litigious activities have become so burdensome on the Trusts and the Trustees that Judge Gregory K. Frizzell of Tulsa County, Oklahoma, entered an order prohibiting Wallace from filing lawsuits or commencing legal proceedings of any kind, in any court except the Tulsa County District Court, based on any allegations involving the Trusts, the actions or conduct or conduct of Bank One (now Chase) as successor trustee, or the actions or conduct of any trustee "or related party in any capacity

---

[3] These seven lawsuits listed above are a representation of past lawsuit against Chase and Mr. Weger; this list does not represent all suits initiated by Wallace against the defendants in this action. (See Exhibit "C1 – C7.")

4

Case 1:06-cv-01264-RBW   Document 18   Filed 11/27/2006   Page 5 of 20

related to the aforesaid trusts." (See March 31, 2005 Order at 5, Ex. A.) Unfortunately, as evidenced by this action, Wallace continues to file unsubstantiated claims against Bank One and/or Chase and Mr. Weger, abusing the judicial process in an effort to circumvent the order entered by the Tulsa County District Court.

### III. ARGUMENTS

**A.    Defendants Chase and Mr. Weger should be dismissed as non-parties to the state-court action improperly removed to this Court, or in the alternative, this action should be remanded to state court.**

The Complaint seeks to remove Case No. DF-102931 from the Court of Civil Appeals of the State of Oklahoma pursuant to 28 U.S.C. § 1441. (See Filing No. 1 at 1.) The action appealed determined guardianship issues related to Plaintiff, Lisa F. Wallace under Oklahoma law in the District Court of Tulsa County. As trustee of the Frank A. Wallace Trust, Chase Bank, N.A. was generally aware of the state-court action. However, Chase and Mr. Weger were not parties nor did they have a role in the proceedings and disposition of the state-court action. Hence, removal of Case No. DF-102931 does not include Defendants Chase and Mr. Weger. Therefore, Chase and Mr. Weger should be dismissed as non-parties to the removed state-court action.

In the alternative, Chase and Mr. Weger submit to this Court the following arguments on why plaintiffs' removal is improper.

**1.    Wallace has attempted to remove this action to the wrong court.**

Wallace has filed a notice of removal (in the Complaint) in the wrong court. Section 1441(a) requires removal "to the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a). The action that Wallace seeks to remove is an appeal filed in the Court of Civil Appeals, State of Oklahoma, that has been pending

5

there since January 4, 2006. Assuming removal were appropriate, Section 1441(a) would require the Notice of Removal to be filed in the U.S. District Court for the Western District of Oklahoma, rather than in the U.S. District Court for the District of Columbia. The notice of removal is, therefore, filed in the wrong court. On this basis alone, the action should be remanded.

      **2.    Wallace failed to comply with the time restrictions for removal.**

As noted previously in footnote two, the state-court action was filed in 2002 and a final order or judgment was subsequently entered in the District Court of Tulsa County, State of Oklahoma. Then, an appeal was filed by Wallace in January 2006. Now Wallace attempts to remove a state-court appeal to this Court. As 28 U.S.C. § 1446 states, a notice of removal of any civil action or proceeding must be filed within thirty days of defendant's receipt of the initial pleading. See 28 U.S.C. § 1446(b). Having failed to comply with the time limit restraints placed on removal by Section 1446(b), Wallace's removal is defective and this Court should therefore remand this proceeding.

      **3.    Wallace failed to comply with 28 U.S.C. § 1446(a).**

The notice of removal fails to meet the requirements of 28 U.S.C. § 1446(a). Section 1446(a) requires that the notice of removal contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

The Complaint fails to meet the requirements of this provision because it fails to attach "a copy of all process and pleadings," as required by Section 1446(a). Wallace has, therefore, failed to provide this Court with photocopies of the instruments (pleadings and orders) that would inform this Court of important information necessary to evaluate Wallace's claim of federal subject-matter

there since January 4, 2006. Assuming removal were appropriate, Section 1441(a) would require the Notice of Removal to be filed in the U.S. District Court for the Western District of Oklahoma, rather than in the U.S. District Court for the District of Columbia. The notice of removal is, therefore, filed in the wrong court. On this basis alone, the action should be remanded.

    **2.    Wallace failed to comply with the time restrictions for removal.**

As noted previously in footnote two, the state-court action was filed in 2002 and a final order or judgment was subsequently entered in the District Court of Tulsa County, State of Oklahoma. Then, an appeal was filed by Wallace in January 2006. Now Wallace attempts to remove a state-court appeal to this Court. As 28 U.S.C. § 1446 states, a notice of removal of any civil action or proceeding must be filed within thirty days of defendant's receipt of the initial pleading. See 28 U.S.C. § 1446(b). Having failed to comply with the time limit restraints placed on removal by Section 1446(b), Wallace's removal is defective and this Court should therefore remand this proceeding.

    **3.    Wallace failed to comply with 28 U.S.C. § 1446(a).**

The notice of removal fails to meet the requirements of 28 U.S.C. § 1446(a). Section 1446(a) requires that the notice of removal contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

The Complaint fails to meet the requirements of this provision because it fails to attach "a copy of all process and pleadings," as required by Section 1446(a). Wallace has, therefore, failed to provide this Court with photocopies of the instruments (pleadings and orders) that would inform this Court of important information necessary to evaluate Wallace's claim of federal subject-matter

jurisdiction. Such a failure is a fatal defect and should result in an order of remand. Careertrack Seminars, Inc. v. Lomasney, 150 B.R. 257, 258 (D. Colo. 1992); In re Continental Holdings, Inc., 158 B.R. 442, 445 (Bankr. N.D. Ohio 1993). While contrary authority exists, In re Klober, 142 B.R. 300, 301 (Bankr. E.D. Ark. 1992), this Court should follow the approach of the Careertrack Seminars and Continental Holdings courts, and enforce the requirements for notices of removal, and remand this action to the state court on this basis alone. Moreover, by failing to submit the required materials, and by failing to include a "short and plain statement on the grounds for removal," Wallace has failed to demonstrate that the removed action is subject to this Court's removal jurisdiction.

      **4.**      **The action falls outside this Court's removal jurisdiction.**

This Court lacks subject-matter jurisdiction over this removed action. Had Wallace attached the documents required by Section 1446(a), the lack of subject-matter jurisdiction would be plainly apparent on the face of the notice of removal. Because Wallace has failed to provide these things to this Court, Defendants Chase and Mr. Weger respectfully assert to this Court that subject-matter jurisdiction is lacking.

The party seeking removal bears the burden of establishing subject-matter jurisdiction. Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999). Moreover, the existence of federal jurisdiction must be determined from the face of the complaint. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983). Generally, removal jurisdiction is only proper where federal question or diversity jurisdiction is presented on the face of the complaint. See 28 U.S.C. § 1441(a) and (b). The Complaint alleges federal jurisdiction based on a federal question. When a case is removed to federal court, the plaintiff's

well-pleaded complaint must establish that the case presents a federal question. Jefferson County, Ala. v. Acker, 527 U.S. 423, 430-31 (1999).

The state-court action on appeal before the Oklahoma Court of Civil Appeals does not raise a federal question. Instead, the action involves issues of guardianship, a matter reserved to state law. In essence Wallace attempts to assert additional federal causes of action to inappropriately establish removal jurisdiction. Whether a federal question is present must be determined from the state-court action, rather than any other pleading asserting a federal question or defense. See Franchisee Tax Board, 463 U.S. at 10. Here, the state-court action on appeal simply presents no federal questions. Therefore, this Court should find removal improper and Case No. DF-102931 should be remanded to the Court of Civil Appeals of the State of Oklahoma.

**B.     The Complaint should be dismissed for lack of subject-matter jurisdiction because its claims are barred by the *Rooker-Feldman* doctrine.**

As discussed at length in Section E below, Wallace lacks any factual basis for his Section 1983 and 1985(3) claims. Wallace's conclusory civil rights allegations, as well as his questionable pendent state law claims, are nothing more than thinly veiled attempts to circumvent a previous state court decision by invoking the federal question jurisdicton of this Court. This Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine to adjudicate such claims.

Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to hear claims "inextricably intertwined" with a prior state court decision. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). The doctrine forecloses not only straightforward appeals but also more *indirect* attempts by federal plaintiffs to undermine state court decisions. See Richardson v. Dist. of Columbia Court of Appeals, 83 F.3d 1513, 1514 (D.C. Cir. 1996). Simply put, *Rooker-Feldman* prevents a dissatisfied litigant from

asserting claims in federal court in order to nullify a state court decision. See Johnson v. DeGrady, 512 U.S. 997, 1005-06 (1994).

To determine whether a plaintiff's federal claims are inextricably intertwined with a prior state court decision, courts examine what the state court held. See Feldman, 460 U.S. 462; Rooker, 263 U.S. 413.  On March 31, 2005, District Court Judge Gregg K. Frizzell of Tulsa County, Oklahoma, entered an order intended to prevent Wallace from pursuing frivolous litigation related to the Trusts and impinging upon the District Court of Tulsa County's exclusive jurisdiction over the Trusts.  Judge Frizzell's Order expressly provides that:

> The Court has jurisdiction in this action, pursuant to Okla. Stat. Tit. 60, § 175.23, for purposes of construing the provisions of the trusts mentioned herein, determining the law applicable thereto, determining the powers, duties, and liabilities of the trustees thereof, ascertaining the existence or non-existence of facts affecting the administration of the trusts and trust estates, and in general exercising jurisdiction over the administration of the trusts, all in accordance with the statutes governing civil procedure under Oklahoma law.[4]

(See March 31, 2005 Order at 2, Ex. A.)  This section of the Order recites the authority for the state court's exclusive jurisdiction over matters related to the Trusts.  Judge Frizzell also made the following finding about Wallace's long history of litigious behavior with respect to the Trusts:

> On no occasion has Mr. Wallace produced evidentiary support for his constant allegations of trustee misdeeds and alleged misappropriation of trust assets. His filings have been plainly frivolous, have caused useless expenditures of judicial resources and unnecessarily and senselessly drained trust assets. . . . [A]ll actions by

---

[4]     Oklahoma Statutes Title 60, Section 175.23, states in pertinent part:

The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, duties, and liability of trustee; the existence or nonexistence of facts affecting the administration of the trust estate; to require accounting by trustees; to surcharge trustee; and in its discretion to supervise the administration of trusts; and all actions hereunder are declared to be proceedings in *rem.*

9

> Stephen P. Wallace affecting the trusts and related trusts, the trustees, or trust administration . . . *clearly are inappropriate efforts at forum shopping by Mr. Wallace in a vain attempt to obtain some court order inconsistent with orders of this Court and concerning matters within the clear jurisdiction of this Court.*

(See id. (emphasis added).) Finally, in an effort to prevent Wallace from conthiuing to file frivolous suits in jurisdictions across the country, the Order concludes:

> Stephen P. Wallace, individually or in any other purported pro se representative capacity or on behalf of *any* other entity or *person,* shall be *prohibited and barred* from ever filing any more lawsuits in *any* court except this Court based on any acts, events, transactions or circumstances of any kind concerning (1) the Frank A. Wallace Revocable Trust or the Lisa Frances Wallace Supplemental Needs Trust, or (2) *the actions or conduct of Bank One* or Trust Company *as successor trustees of these two trusts, respectively, or (3) the actions or conduct of any other trustee or related party in any capacity related to the aforesaid trusts.*

(See March 31, 2005 Order at 5, Ex. A (emphasis added).) Defendant Bank One (now Chase) is protected by the language in the March 31, 2005 Order entered by Judge Frizzell. Further, Mr. Weger is clearly a "related party" as intended by the above-emphasized language in the Order. The Order also prohibits Wallace from representing Lisa F. Wallace in the present lawsuit.

The Complaint in the present case summarily alleges that the Chase and Mr. Weger, along with other defendants, conspired to deprive plaintiffs of constitutional rights because of their claimed Semitic ancestry and beliefs, and defendants further conspired to steal the Wallace family estate rightfully belonging to plaintiffs. Further, the Complaint alleges questionable state law claims of fraud, deceit, collusion, and infliction of emotional distress. (See Filing No. 1 at 7.) These questionable state law claims are related to the Trusts and rightfully belong before the District Court of Tulsa County, Oklahoma, pursuant to the March31, 2005 Order. The Complaint's Section 1983 and Section 1985 claims are a transparent attempt to invoke federal question jurisdiction to bring theoretical state law claims related to the Trusts before this Court, in circumvention of the Oklahoma state court decision.

Plaintiffs' causes of action are "inextricably intertwined" with the Oklahoma state court's prior decision because any relief granted by this Court would disregard and indirectly nullify the Oklahoma state court's Order of March 31, 2005. See Johnson, 512 U.S. at 1005-06. Because the Complaint challenges the state court Order, this federal action against Defendants Chase and Mr. Weger is barred by the *RookerFeldman* doctrine. Consequently, this Court lacks subject-matter jurisdiction and should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

**C.    This Court should abstain from addressing plaintiffs' claims because such claims are within the jurisdiction of the Oklahoma state courts.**

As previously stated in the Background section above, the Frank A. Wallace Revocable Trust, for which Chase Bank, N.A. is trustee, is currently before the District Court of Tulsa County in Case No. PT-2003-46. The state court possesses *in* rem jurisdiction over the trust pursuant to Okla. Stat. Tit. 60, § 175.23. Federal courts have long held that if two suits are *in rem,* the subsequent court without possession of the *res* shall yield to the jurisdiction of the other. Princess Lida of Thurn v. Thompson, 305 U.S. 456, 461 (1939); Southwestern Bank & Trust Co. v. Metcalf State Bank. 525 F.2d 140, 141-42 (10th Cir. 1975); see also Marshall v. Marshall, 126 S. Ct. 1735, 1748 (2006). Further, considerations of judicial economy suggest that this Court should decline to exercise jurisdiction in deference to pending state court proceedings. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-19 (1976). Therefore, this Court should give deference to the District Court of Tulsa County and should dismiss the Complaint pursuant to Fed. R. Civ. Pro. 12(b)(1).

**D.    The Complaint against Mr. Weger should be dismissed for lack of personal jurisdiction.**

Due process requires that a non-resident defendant have minimum contacts with the forum state such that the maintenance of a suit against the defendant does not offend traditional notions of

11

fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Specifically, the connection between a defendant and the forum state must be substantial enough to alert the defendant that he may be subject to suit in the forum state. WorldWide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). It is essential that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462,475(1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). This "purposeful availment" requirement prevents the exercise of jurisdiction over a person who has only "random," "fortuitous," or "attenuated" contacts. Id.

This case should be dismissed pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, because Defendant Mr. Weger lacks the required minimum contacts with the District of Columbia. Mr. Weger, who is a resident of Oklahoma, has visited the District of Columbia only five times throughout his 24 year career. None of these contacts between Mr. Weger and this District are in any way related to this lawsuit. (See Declaration of James E. Weger at 2, Exhibit "P.")

When a defendant's contacts with the forum state are not related to the lawsuit, the defendant's contacts must be systematic and continuous in nature, such that the court may find that general personal jurisdiction exists. See Helicopteros Nacionales de Colombia. S.A. v. Hail, 466 U.S. 408 (1984). Mr. Weger has *never lived* in the District of Columbia, engaged in any persistent or regular course of conduct in the District of Columbia, and does not hold any real or personal property located in the District of Columbia. (See Weger Dec. at 2, Ex. P.) Mr. Weger does not regularly conduct business in this District and has not regularly done so at any time in the past. (Id.) Mr. Weger clearly lacks any continuous and systematic contacts with this District. Rather, the nature and quality of his contacts are too random, fortuitous, and attenuated to subject him to this Court's

12

general personal jurisdiction. Therefore, the Complaint against Mr. Weger should be dismissed for lack of personal jurisdiction.

E. **The Section 1983 and Section 1985(3) claims against Chase and Weger fail to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).**

Even if this Court possesses subject matter and personal jurisdiction, the Section 1983 and Section 1985(3) claims must be dismissed for failure to state a claim. In order to state a violation under 42 U.S.C. § 1983, plaintiffs must sufficiently allege: (1) conduct committed by a person acting under the color of state law and (2) conduct that deprives a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Further, to state a violation under 42 U.S.C. § 1985(3), plaintiffs must sufficiently allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. See United Bd. of Computers, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983). Because Wallace fails to allege facts sufficient to establish any of these elements of the claims, the Complaint does not state either a Section 1983 claim or a 1985(3) claim upon which relief can be granted.

   1. **The legal standard on a federal motion to dismiss.**

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the complaint. A complaint should be dismissed when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Abigail Alliance v. Von Eschenbach, M.D., 455 F.3d 470, 475 (D.C. Cir. 2006). Further, "the court does not have to accept every allegation in the complaint as true in

considering its sufficiency." 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1357 at 311 (2d ed. 1990). In fact, the District of Columbia Circuit has stated that a court should "accept neither inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," nor "legal conclusions cast in the form of factual allegations." Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). Moreover, a court is not bound by the complaints' legal conclusions, opinions, or deductions, even if pleaded as factual allegations. See Western Assocs. Ltd. Partnership v. Market Square Associates, et al., 235 F.3d 629, 633 (D.C. Cir. 2001). Applying this standard of review, plaintiffs' Section 1983 and Section 1985(3) claims should be dismissed with prejudice.

### 2. The Complaint fails to show any conduct committed by Chase and Mr. Weger under "color of state law" pursuant to Section 1983.

Title 42, Section 1983 of the United States Code imposes liability *only* upon those individuals and entities that act "under color of law." See 42 U.S.C. § 1983. First, any state action under the Fourteenth Amendment is action under color of law. See West v. Atkins, 487 U.S. 42, 49-50 (1988); Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982). However, when the defendant is not a government employee, but is somehow linked to the government, a court must determine whether there was joint action, an intertwined relationship, state encouragement or a public function performed in order to establish liability. Martin A. Schwartz & John E. Kirklin, 1A Section 1983 litigation: Claims and Defenses, § 5.10, at 520 (3d ed. 9997).

*(i)   Relevant allegations in the Complaint's § 1983 claim.*

The Complaint alleges that "state actors" conspired to deprive plaintiffs of constitutional rights based on "anti-Semitism." (Filing No. 1 at 47.) Specifically, the "state actors" conspired to "absorb Plaintiffs' $30 million Estate, under color of law." (Id.)

14

However, the Complaint alleges no facts whatsoever to show Chase and/or Mr. Weger are "state actors" or have a connection with the State of Oklahoma to subject them to liability under Section 1983. Chase Bank, N.A. is the trustee of the Frank A. Wallace Trust, for which plaintiffs have an interest and Mr. Weger is a private attorney, who represents Chase. The Complaint fails to show any conduct on the part of Chase and Mr. Weger to support plaintiffs very broad and hollow legal conclusions of the conspiracy. In fact, Chase and Mr. Weger are not even specifically addressed *once* in the entire Complaint for *their* alleged connection to any conspiracy with the State of Oklahoma. (See Filing No. 1.)

      *(ii)    Analysis.*

Plaintiffs' numerous assertions of conspiracy and collusion by Chase and Mr. Weger under the color of state law are broad legal conclusions and nothing else (See Filing No. 1.) First, the Complaint provides no supporting facts to show a "joint action" by the state, Chase and Mr. Weger to conspire against plaintiffs. See Dennis v. Sparks, 449 U.S. 24, 28 (1980); Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Second, the Complaint does not allege any sufficient relationship to establish government action on the part of Chase and Mr. Weger. See Burton v. Wilmington Parking Authority, 365 U.S. 715, 722 (1961). Finally, the Complaint alleges no facts to support that any actions by Chase and Mr. Weger were discriminatory and encouraged by the State of Oklahoma, or served as a public function that is the exclusive prerogative of the State. See Edmondson v. Leesville Concrete Co., 500 U.S. 614, 627-28 (1991); Shelley v. Kraemer, 334 U.S. 1, 22-23 (1948); Jackson v. Metropolitan Edison Co., 419 U.S. 345, 353 (1974).

This Court should find the Complaint is based on a general conspiracy theory and wholly fails to allege any facts to support that Chase and Mr. Weger committed any acts "under color of law" and are liable as private parties under Section 1983.

15

### 3.  The Complaint fails to allege sufficient facts to support a claim for relief under Section 1985(3).

Again, the Complaint generally alleges that defendants conspired to deprive plaintiffs of the Wallace family estate and discriminated against them because of their Semitic ancestry and beliefs. (Filing No. 4 at 4-6.)  Further, defendants have allegedly deprived plaintiffs of constitutional rights and denied them due process. (Filing No. 4-7.)  However, plaintiffs allege no facts, beyond mere opinions and legal conclusions, to support such frivolous allegations against Chase and Mr. Weger.

Section 1985(3) imposes civil liability for private conspiracies, and not just actions taken under color of state law. See Hobson v. Wilson, 737 F.2d 1, 14 (D.C. Cir. 1984).  However, to impose such liability, plaintiffs must first establish a conspiracy to prove a violation of Section 1985(3). See Scott, 463 U.S. at 828-29.  The Complaint fails to allege any facts to support that Chase and Mr. Weger entered into any agreement with each other nor any other defendants to deprive plaintiffs of specific constitutional rights and that it was motivated by their Semitic ancestry and beliefs. (See Filing No. 1.)  A plaintiff must also show an overt act in furtherance of a conspiracy to establish liability. See Bois v. Marsh, 801 F.2d 462, 476n.6 (D.C. Cir. 1986).  The Complaint does not allege any facts to show that Chase and Mr. Weger acted in furtherance of any conspiracy. (See Filing No. 1.)

### 4.  The Complaint's additional pendent claims fail to allege sufficient facts to establish a claim for relief, and should be dismissed pursuant to Rule 12(b)(6).

On page 7, the Complaint states, in bold, causes of action for fraud, deceit, collusion, and infliction of emotional distress. (See Filing No. 1.)  However, the Complaint only lists these causes of action and fails to state any facts in this section of the Complaint.  Hence, Defendant Chase and

Mr. Weger request that these claims should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. Rule of Civil Procedure.

In conclusion, plaintiffs fail to allege facts sufficient to support their broad assertions of conspiracy and state actions on the part of Chase and Mr. Weger. Therefore, the Complaint's Section 1983 and Section 1985(3) claims fail to state a claim upon which relief can be granted and should be dismissed, together with the highly questionable pendent claims, pursuant to Fed. R. Civ. P. 12(b)(6).

**F.     This Court should find that plaintiffs' service of process was insufficient.**

Rule 4, Federal Rules of Civil Procedure, provides that service is proper upon an individual if such service is "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1). Further, service is proper upon a corporation if "in the manner prescribed for individuals by subdivision (e)(1) . . . ." Fed. R. Civ. P. 4(h)(1).

Defendant Chase received service of process by priority mail in New York, New York on November 10, 2006. Defendant Weger received service of process by priority mail in Tulsa, Oklahoma, on November 3, 2006. (See Exhibit "Q.") Hence, service of process requirements in the District of Columbia, the State of New York and the State of Oklahoma are applicable.

The District of Columbia's rules of civil procedure provide that service may be effectuated "by registered or certified mail, return receipt requested" or "by first-class mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgment conforming substantially to Form 1-A and a return envelope, postage prepaid, addressed to sender." SCR-Civil Rule 4(c), (e), (h) (2006). The State of New York's rules of civil procedure provide that service may be effectuated by "first class mail, postage prepaid, a copy of the summons and complaint, or

summons and notice or notice of petition and petition, together with two copies of a statement of service by mail and acknowledgment of receipt . . . with a return envelope, postage prepaid, addressed to the sender." McKinney's CPLR § 312-a (2006). The State of Oklahoma's rules of civil procedure provide that service may be effectuated "by certified mail, return receipt requested." Okla. Stat tit. 12 § 2004 (2006).

Plaintiffs served Chase and Mr. Weger by priority mail which does not satisfy the service requirements of certified mail in the District of Columbia, New York and Oklahoma. Although New York law allows for service by first class mail, it specifically requires more than the Complaint itself. Therefore, service is insufficient as to Chase and Mr. Weger. Hence, this Court should dismiss the Complaint for insufficiency of service of process pursuant to Rule 12(b)(5), Federal Rules of Civil Procedure.

**G.      The United States District Court for the District of Columbia is an improper venue.**

The Complaint should also be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Wallace's claims against Chase and Mr. Weger unquestionably involve allegations related to the Trusts. The March 31, 2005, Order of the District Court of Tulsa County, Oklahoma, expressly bars Wallace from filing any actions whatsoever relating to the Trusts in any other court. (See March 31, 2005 Order at 5, Ex. A.) Wallace is intentionally abusing the judicial process to circumvent the Oklahoma state court's Order and to challenge that court's exclusive jurisdiction. The lawsuit rightfully belongs before the District Court of Tulsa County, Oklahoma, not in the United States District Court for the District of Columbia.

This Court should defer to the Oklahoma state court Order and dismiss this action for improper venue. This request is made pursuant to Fed. R. Civ. P. 12(b)(3) because the remedy of

changing venue to state court is not available pursuant to 28 U.S.C. §§ 1404, 1406. See 28 U.S.C. §§ 1404, 1406 Fed. R. Civ. P. 12(b)(3); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, vol. 5B § 1352, 319 (3d ed., West 2006) (noting that dismissal is "appropriate when transfer is impossible, such as . . . when the district is not a place in which the action could have been brought").

## IV.  CONCLUSION

For the foregoing reasons, Defendants JPMorgan Chase & Co. and James E. Weger request that this Court dismiss this action with prejudice.

Respectfully submitted,

SIMCOX AND BARCLAY

By: s/John S. Simcox
John S. Simcox
Federal Bar No.: 367251
Jss@simcoxandbarclay.com
170 Jennifer Road, Suite 200
Annapolis, Maryland 21401
Telephone:   (410) 266-0610 (Annap.)
                      (301) 261-8070 (Wash.)
                      (410) 841-2665 (Balt.)

Attorneys for JPMorgan Chase & Co. and James Weger

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of November, 2006, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Stephen J. Krise
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section

Jennifer L. Sarvadi
Leclair Ryan, PC
225 Reinekers Lane, Suite 700
Alexandria, VA 22314

| | |
|---|---|
| 313 N. E. 21st Street | Attorney for Defendants Hastings, Saffa, |
| Oklahoma City, Oklahoma 73105 | Milton, Poe and Fears |
| Attorney for Defendants Watt, Winchester, | |
| Frizzell and Shaffer | |

      I FURTHER CERTIFY that on the 27th day of November, 2006, I served by U. S. Mail, postage prepaid, the following persons who are not ECF registrants:

Stephen P. Wallace
6528 E. 101 Street
Apartment D-1 #304
Tulsa, Oklahoma 74133
Plaintiff *Pro Se* and Purported
Next Friend of Lisa F. Wallace

                                              s/John S. Simcox
                                              John S. Simcox