IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

IN RE: )
)
Franklin A. Wallace Revocable Trust ) Case No. PT-2003-46
dated December 26, 1974 and as amended, ) Honorable Gregory K. Frizzell

## ORDER

Now on this 31st day of March, 2005, comes on before me the Motion for Temporary Restraining Order, Preliminary and Permanent Injunctions against Stephen P. Wallace, filed by Bank One N.A. ("Bank One"), in its capacity as successor trustee of the Frank A. Wallace Revocable Trust, and The Trust Company of Oklahoma ("Trust Company"), as successor trustee of the Lisa Frances Wallace Supplemental Needs Trust. Bank One appeared through its counsel, James E. Weger. Trust Company appeared though its counsel, James C. Milton. Respondent Stephen P. Wallace did/did not appear, with/without counsel. Respondent Patricia Wallace Hastings appeared through her counsel, James Poe. Respondent Mary Roma Wallace Jage did/did not appear, with/without counsel.

The Court finds that notice of this hearing was provided to Respondent Stephen P. Wallace by the Order filed on February 25, 2005, and served upon Mr. Wallace by mail as evidenced by the Certificate of Service filed on February 28, 2005, setting the hearing for March 14, 2005, at 9:45 a.m., and by the subsequent Notice of Hearing filed on March 1, 2005, and served upon Mr. Wallace by mail as evidenced by the Affidavit of Mailing attached thereto, re-setting the hearing for March 31, 2005 at 9:00 a.m.

The Court thereafter heard oral argument from counsel and received the legal arguments and evidence presented by the parties. Having heard such argument and having received such legal arguments and evidence, the Court hereby makes and enters the following findings:

7861-0058.pldgs.order granting TRO              1



EXHIBIT A

The Court has jurisdiction in this action, pursuant to Okla. Stat. tit. 60, § 175.23, for purposes of construing the provisions of the trusts mentioned herein, determining the law applicable thereto, determining the powers, duties, and liabilities of the trustees thereof, ascertaining the existence or non-existence of facts affecting the administration of the trusts and trust estates, and in general exercising jurisdiction over the administration of the trusts, all in accordance with the statutes governing civil procedure under Oklahoma law.

Respondent Stephen P. Wallace received notice of this action and its commencement, as well as the prior and related proceedings identified in the records of this Court. Mr. Wallace has appeared in this and related proceedings, sometimes with counsel and sometimes in a pro se capacity, making arguments and filing papers and motions for consideration by the Court.

During the pendency of this proceeding, as well as the prior and related proceedings identified in the records of this Court, Mr. Wallace has filed various claims, counterclaims, lawsuits, legal proceedings, appeals, and applications for disqualification of judges, as well as writ proceedings seeking disqualification of judges, pertaining to a multitude of issues or contentions concerning alleged actions of Bank One, Trust Company, and other trustees and persons working on behalf of the trustees of the various trusts at issue in this and related proceedings, these being asserted either in his own behalf individually or purportedly in some representative capacity on behalf of persons, estates, and trusts, including the trusts that are the subject of this action.

As reflected by the exhibits to the Motion and as reflected by the evidence submitted by Bank One and Trust Company, such proceedings either brought by or because of Stephen P. Wallace and affecting the trustees or trust administration now total at least 58 in number. Additionally, Stephen P. Wallace has repeatedly and unceasingly filed pro se "emergency"

motions not one of which has been supported nor have any of the legal proceedings ever been found supported or supportable by evidence. On no occasion has Mr. Wallace produced evidentiary support for his constant allegations of trustee misdeeds and alleged misappropriation of trust assets. His filings have been plainly frivolous, have caused useless expenditures of judicial resources and have unnecessarily and senselessly drained trust assets. Actions commenced by Stephen P. Wallace in other jurisdictions, including but in no way limited to Case No. 2003-CH-001896 in DuPage County Illinois, St. Louis County Missouri Case No. 01-CC-002466, United States District Court Eastern District of Missouri Case No. CV-00-482-TIA, U.S. District Court for the Northern District of Indiana, Fort Wayne Division Case No. 1:03-CV-286-TS, the most recent action in Texas state court in Tarrant County, Texas, the several recent actions in the U.S. District Courts for the Southern District of Texas and the District of Columbia as well as Tulsa County Oklahoma District Court Case CJ-2002-4727 (assigned to Judge Shaffer) are all actions by Stephen P. Wallace affecting the trusts and related trusts, the trustees, or trust administration and clearly are inappropriate efforts at <u>forum shopping by Mr. Wallace in a vain attempt to obtain some court order inconsistent with orders of this Court and</u> concerning matters within the clear jurisdiction of this Court. The Motion by Bank One and Trust Company seeks a restraining order plus temporary and permanent injunction to prohibit <u>such forum shopping</u> with concurrent wasting of judicial time, manpower and resources and resulting costs and expenses to the Trusts.

The Motion by Bank One and Trust Company seeks extraordinary relief which Courts are empowered to grant only in circumstances statutorily authorized and clearly warranted. In this instance the Court finds the circumstances are indeed extraordinary and the actions of Mr. Wallace are unprecedented in the experiences of this Court. There is strong likelihood that the

past conduct will be continued absent intervention of an appropriate order from this Court. Clearly there is no other adequate remedy at law available and consequently the Court concludes that injunction without bond is an appropriate remedy in this case to prevent forum shopping by Mr. Wallace and his commencing any other legal proceedings of any kind in any Court or jurisdiction except this Court regarding actions of the trustees or administration of the trusts over which this Court has assumed jurisdiction.

The Court further finds that Stephen P. Wallace has repeatedly and without legal or factual cause whatever, filed certain lis pendens notices having to do with real property owned by one or more related trusts and every likelihood exists that he will continue with random lis pendens notices as to real property owned by such trusts, including the trusts at issue in this action, in the future, absent intervention by this Court. Particularly, the Court references its Order filed March 11, 2004 canceling and discharging three such lis pendens notices which Order was followed four days later by an additional "Notice of Lis Pendens" signed by Mr. Wallace purporting to be "executor and vested beneficiary in the Estate of Frank and Lorice Wallace, owners of the subject property listed below" which listed property in fact is owned by the Lorice T. Wallace Revocable Trust, which is a related trust that is before the Court in Case No. PT-2002-56. Accordingly, there is no other adequate remedy at law and trustees are entitled to the extraordinary relief requested without bond to prohibit further lis pendens notices by Wallace regarding real estate owned by the Frank A. Wallace Revocable Trust or the Lisa Frances Wallace Supplemental Needs Trust.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Stephen P. Wallace shall be, individually and in any other purported pro se representative capacity or on behalf of any other entity or person, prohibited and barred from ever filing any sort of Lis

Pendens or other document in the office of the Tulsa County Clerk or any other recorder of the land records where ever situated any notice, claim, right, title or other asserted interest in any real property held by the Frank A. Wallace Revocable Trust or the Lisa Frances Wallace Supplemental Needs Trust, without prior approval by this Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Stephen P. Wallace, individually or in any other purported pro se representative capacity or on behalf of any other entity or person, shall be prohibited and barred from ever filing any more lawsuits in any court except this Court based on any acts, events, transactions or circumstances of any kind concerning (1) the Frank A. Wallace Revocable Trust or the Lisa Frances Wallace Supplemental Needs Trust, or (2) the actions or conduct of Bank One or Trust Company as successor trustees of these two trusts, respectively, or (3) the actions or conduct of any other trustee or related party in any capacity, *related to the aforesaid trusts.* GWF

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Stephen P. Wallace dismiss, with prejudice, the case he has filed in Tarrant County, Texas, Case No. 017 209685 05.

DATED this 31st day of March, 2005.

_____
JUDGE OF THE DISTRICT COURT

APPROVED AS TO FORM:

_____
James E. Weger, OBA 9437
Adam J. Strange, OBA 20347
Jones, Gotcher & Bogan
15 E. 5th Street, Suite 3800
Tulsa, OK 74103
918-581-6200
ATTORNEYS FOR BANK ONE, N.A.

_____
James C. Milton, OBA # 16697
Doerner, Saunders, Daniel & Anderson, L.L.P.
320 S. Boston Ave. Suite 500
Tulsa, OK 74103
918-582-1211; fax 918-591-5398
ATTORNEY FOR TRUST COMPANY OF OKLAHOMA

_____
James E. Poe, Esq.
Covington & Poe
111 West 5th Street, Suite 740
Tulsa, OK 74103
ATTORNEY FOR PATRICIA WALLACE HASTINGS

7861-0058.pldgs.order granting TRO    6

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

MAR 3 1 2005

By_____
            Deputy