**Bobbie Y. Callahan**
Attorney at Law
1616 S. Main St.
Tulsa, Ok. 74119
Telephone (918) 585-8800

October 27, 1993



Ms. Lorice Wallace
c/o Ron Saffa
Attorney at Law
5310 East 31st Street
City Plaza - 9th Floor
Tulsa, OK 74135

Dear Ms. Wallace:

The purpose of this letter is to confirm in writing the agreement you did reach with Stephen P. Wallace in May of 1992 covering the following described property:

> The East Half of the Northeast Ten (10) Acres of Lot One (1), and the East Half of the West Half of the Northeast Ten (10) Acres of Lot One (1), and the Southeast Ten (10) Acres of Lot One (1), and all of Lot Five (5) of Section Ten (10).
>
> AND
>
> Lots One (1), Two (2), Three (3), Four (4) and Five (5) and the North Half of the Northwest Quarter (N1/2 NW1/4) and the West Half of the Northwest Quarter of the Northeast Quarter (W1/2 NW1/4 NE1/4) of Section Eleven, all in Township Seventeen (17) North, Range Thirteen (13) East of the Indian Base and Meridian in Tulsa County, State of Oklahoma, according to the United States Government Survey thereof.

A title opinion covering this property was rendered by myself on or about May 18, 1992. A copy of which is attached hereto and incorporated herein by reference. In accordance with your agreement with Mr. Wallace, for good and valuable consideration, to-wit: monies expended on engineering studies, feasibility studies, title opinions, etc. and monies to be spent, all of which will further enhance the value of the above-referenced property, you granted him an option to purchase this real property for the



Lorice \_\_llace
\_ctober 27
Page 2

*Payable in cash at close*

sum of $15,000.00 per acre. Said option is to expire on May 31, 1994.

The purpose of this option was to enable Mr. Wallace to purchase the said property as part and parcel of the golf course complex he plans on developing in Bixby, Oklahoma.

If the foregoing is an accurate statement of your agreement with Mr. Wallace, please indicate your approval of the same by executing and dating this letter in the spaces provided below and returning it to me at the address listed above.

If you should have any questions, please do not hesitate to contact me.

Sincerely,

*Bobbie Callahan*

Bobbie Y. Callahan

BYC/ns
cc: Stephen P. Wallace

APPROVED:

_____   \_\_\_9-19-95\_\_\_
Lorice Wallace                    Date

*I hereby extend this agreement to January 1, 1994.*   *Lorice T. Wallace*

Acknowledged by:   *Ron Saffa*
                    9-19-95
                    Date

# CONTRACT

THIS AGREEMENT, entered into this 1st day of January, 1996, is by and between Lorice T. Wallace Trustee, of the Lorice T. Wallace Revocable Trust, and the Lorice T. Wallace Revocable Trust, general partner, The Lorice T. Wallace Family Limited Partnership, Seller, River Oaks Development Corporation, an Oklahoma corporation, Buyer, and Stephen P. Wallace, d/b/a River Oaks Associates, Optionee.

WITNESSETH:

WHEREAS, the Seller is the owner of a tract of land located in Tulsa County, State of Oklahoma, and in both the City of Tulsa and the City of Bixby, which is specifically described in the attached Schedule A, and which will be hereinafter referred to as Subject Property; and

WHEREAS, the Seller has entered into both written and oral agreements in the past with the Buyer wherein the former committed to sell to the Subject Property, and the Buyer agreed to purchase same, and desires to reduce to writing the current agreement of the parties in this regard and to include as the effective date hereof, January 1, 1996, (effective date) to insure an accurate reflection of the party's intent to maintain continuity in their mutual desire toward this sale/purchase; and

WHEREAS, the Optionee is the owner of the right to purchase certain real estate under an Option Contract dated May 21, 1992, (a copy of which is attached hereto and made a part hereof for further particulars, as Exhibit 1) (Option Contract) which property shall be included in the definition of Subject Property for purposes of the Terms of Sale provisions hereof, Paragraph 1, below, which option the Seller desires to purchase from the Optionee for the consideration recited herein; and

WHEREAS, the parties desire to confirm their intent that the above and foregoing Contract serves to supersede and replace any and all interim agreements and/or understandings pertaining the the subject matter hereof, between the effective date and the execution date hereof, whether they were oral, written, express, or implied.

NOW THEREFORE, for and in consideration of the mutual promises, terms, and conditions expressed herein, the parties hereto agree as follows:

1. <u>Terms of Sale:</u> Seller agrees to sell and Buyer agrees to purchase the Subject Property in accordance with the following terms and conditions:

A) Consideration : The Buyer agrees to pay to the Seller at the time of closing described herein, the sum of Eight Thousand Five Hundred and no/100 ($8,500.00) Dollars per acre for the Subject Property. As further consideration for the sale, Optionee does hereby assign, transfer, and convey unto the Seller all his rights

*subject to marketable title to the property in Sc[...]*

title and interest in and to the Option Contract. Seller, in turn, agrees to exercise the option to purchase thereunder within Thirty (30) days of the execution date of this agreement. As further consideration for the sale, Owner does hereby sell, assign, transfer and convey unto the Buyer, all her rights, title and interest in and to the contract rights and any chose in action which she may now have or which may arise in the future, out of a certain Contract dated March 14th, 1996, between Owner and The City of Bixby, Oklahoma.

B) Closing of Sale: The sale of the Subject Property by Seller to Buyer shall take place at any time between the effective date hereof and the 1st day of February, 1998 (closing date deadline). The actual date of closing shall be determined by the receipt from the Seller of notice in writing from the Buyer of the intention to purchase, which notice shall be placed in the US Mail no later than sixty (60) days prior to the closing date deadline. The date of the closing established in the notice shall not impede the time constraints for performance of the title requirements of the Seller, set forth below.

C) Title: Seller, within fifteen (15) days of the date of Closing provided in Paragraph 1 (B), shall furnish Buyer a current abstract of title, certified to a date at least within five (5) days of the date of delivery of such abstract, showing a marketable title to the Property in Seller, subject only to a reasonable utility easements servicing the Subject Property and building restrictions of record, if any. Buyer shall have seven (7) days after receipt in which to have the abstract examined and furnish Seller ~~in care of the Listing Broker notice~~, in writing, of any objections thereto. No matter shall be construed as a valid objection to title under this Contract unless it is so construed under the "Real Estate Title Examination Standards" of the Oklahoma Bar Association, where applicable. In case of valid objections to the title, Seller shall have thirty (30) days, or such additional time as may be agreed to, in writing, by Seller and Buyer to satisfy such objections. *If the cost exceeds to satisfy any objections exceeds $3,000, Seller shall have the right to terminate this agreement.*

2. Reservation of Certain Minerals: Seller shall sell the surface and all of the minerals underlying the Subject Property, less and except the sand which exists along the banks of the Arkansas River which is accessible from Memorial Avenue, currently being extracted or capable of being extracted without interrupting the peaceable enjoyment of the surrounding property by its owners and users for the purposes set forth in Paragraph 3, below. No mining or extraction of the sand shall create a nuisance or condition upon the banks of the river which results in the loss of any of the Subject Property to erosion or to a change in the channel of the river.

3. Preparation for Development of the Subject Property: Buyer intends to develop all of the Subject Property for residential use surrounding a golf course and club house facilities. Seller represents that she has seen a copy of the development plans for the Subject Property and agrees that the Buyer can proceed with preparation for development of the cite, and in doing so is authorized to enter upon the property at any time during the pendency of this agreement for that purpose.

4. No Agency Relationship: The parties agree that Seller shall not be deemed

Page 2 of 3

in any way to be involved in a partnership relationship with the Buyer in the development of the property, nor shall the relationship be deemed to be that of principal and agent, nor shall the Buyer be deemed the independent contractor of the Seller for any purpose related to this contract of sale of the subject real estate.

5. <u>Hold Harmless and Indemnification</u>: The Buyer agrees to hold the Seller harmless and to indemnify her on any claims which may be brought against the Seller by any party stating a basis for his/its claim arises from being contacted by the Buyer for any purpose associated with the aforementioned development of the property. Buyer agrees to defend the Seller at the Buyer's expense, against any such claims, and to promptly pursue the removal of any lien which may be levied or filed against the Subject Property, through litigation or through the establishment of a bond in lieu thereof in accordance with the provisions of the laws of the State of Oklahoma.

6. This agreement shall be binding upon the parties hereto, their heirs, personal representatives, successors, and assigns. This agreement represents the entire agreement of the parties hereto. All prior oral agreements, express or written understandings of the parties whether communicated by same to one another or through their respective representatives, shall be deemed to have merged into this agreement for all purposes. Should the closing deadline date pass without the notice being sent to Seller as described in Paragraph 1 (B), above, this agreement shall lapse and be held for naught, and the Seller shall retain the free right to proceed to sell the Subject Property unencumbered by this agreement. Should the Buyer perform all of his duties and responsibilities under the agreement and should the Seller fail for any reason to perform any of the obligations established herein, Buyer shall have the option of terminating this agreement or otherwise pursuing whatever remedies it might have at law or in equity. Should legal action be instituted under this agreement, the attorney fees of the prevailing party, as defined by cases interpreting that term as used under the provisions of Okla. Stat. tit. 12 § 936, shall be paid by the non-prevailing party.

IN WITNESS WHEREOF THE PARTIES HAVE SET THEIR HANDS HERETO IN AGREEMENT HEREON THE 1ST DAY OF FEBRUARY, 1997.

SELLER
The Lorice T. Wallace Revocable Trust; The Lorice T. Wallace Family Limited Partnership, an Oklahoma Limited Partnership.

By _____
Lorice T. Wallace, Trustee

Page 3 of 3

BUYER
River Oaks Development Corporation

By _____
Stephen P. Wallace, President

## CONTRACT EXTENSION

THIS AGREEMENT, entered into this 1st day of February, 1998, is by and between Lorice T. Wallace Trustee, of the Lorice T. Wallace Revocable Trust, and the Lorice T. Wallace Revocable Trust, general partner, The Lorice T. Wallace Family Limited Partnership, Seller, River Oaks Development Corporation, an Oklahoma corporation, Buyer, and Stephen P. Wallace, d/b/a River Oaks Associates, Buyer.

### WITNESSETH:

WHEREAS, the Seller is the owner of a tract of land located in Tulsa County, State of Oklahoma, and in both the City of Tulsa and the City of Bixby, which is specifically described in the attached Schedule A, and which will be hereinafter referred to as Subject Property; and

WHEREAS, the Seller has entered into both written and oral agreements in the past with the Buyer wherein the former committed to sell to the Subject Property, and the Buyer agreed to purchase same, including a certain Contract dated the 1st day of January, 1996, which extended an option to purchase the Subject Property to the Buyer, Subject Contract, (a copy of which is attached hereto and made a part hereof for further particulars.)

NOW THEREFORE, for and in the same consideration recited in the Subject Contract, the parties agree to extend the expiration date of the option to purchase, set forth therein at paragraph 1 (B), to the 1st day of February, 1999.

In all other respects the Subject Contract shall remain unchanged and unaffected by this agreement.

IN WITNESS WHEREOF THE PARTIES HAVE SET THEIR HANDS HERETO IN AGREEMENT HEREON THE YEAR AND DATE FIRST ABOVE WRITTEN.

SELLER
The Lorice T. Wallace Revocable Trust; The Lorice T. Wallace Family Limited Partnership, an Oklahoma Limited Partnership,

By_____

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

F I L E D
NOV 9 2001
Phil Lombardi, Clerk
U.S. DISTRICT COURT

STEPHEN P. WALLACE, et. al.,                )
                                            )
            Plaintiff,                      )
vs.                                         )   Case No. 01-CV-311-C
                                            )
TRUST COMPANY OF OKLAHOMA, et. al.,         )
                                            )
            Defendants.                     )

ORDER

Currently pending before the Court are multiple motions to dismiss filed by the following defendants: City of Bixby, et. al., Trust Company of Oklahoma, et. al., Mary Roma Jage, Bank One, N.A., and L. C. Neel. Additionally City of Bixby, et. al. has filed a Rule 11 motion for sanctions against Stephen P. Wallace, et. al.

Procedural History

On April 27, 2001, Stephen P. Wallace, et. al. ("Wallace") filed the present action against Trust Company of Oklahoma, et. al. and later filed an amended complaint on August 13, 2001. City of Bixby, Joe Williams, and Phil Frazier filed a motion on May 03, 2001, entitled "Defendant's Motion to Dismiss – Res Adjudicata – Statute of Limitations; Estoppel by Judgment, Doctrine of Preclusion; and Claim of Immunity" and eighteen days later Wallace filed a response to the motion. On May 29th, Poe and Associates, Inc. answered plaintiff Wallace's complaint. Three days later, on June 1, 2001, defendant Trust Company of Oklahoma, Paul Mindemann, Tom Wilkins, and Ronald J. Saffa filed a motion to dismiss. Additionally on that same day, defendant Mary Roma Jage filed

a motion to dismiss. On June 8, 2001, L.C. Neel filed a motion to dismiss, and three days later a motion to dismiss was filed by Defendant Bank One, N.A. Consequently, Wallace filed a joint motion to dismiss on June 25, 2001. Mary Roma Jage filed a reply to Wallace's Response to her motion to dismiss on July 5, 2001. The next day, Trust Company of Oklahoma, Paul Mindemann, Tom Wilkins, and Ronald J. Saffa replied to Wallace's joint response to the various defendants' motions to dismiss. On July 16, 2001, L.C. Neel filed a reply brief to Wallace's response. On the next day, the City of Bixby, et. al. filed a motion for sanctions against Wallace. Wallace responded to the Rule 11 motion on August 1st. Twelve days later, Wallace filed an amended complaint. Amended motions to dismiss were filed against the first amended complaint by L.C. Neel on August 22nd, by Bank One, N.A. on August 27th, by City of Bixby, et. al. on August 31st, and Trust Company of Oklahoma, et. al. on September 6th.

Standard of Review

Although certain defendants raised the issue of this Court's jurisdiction to hear the instant case while others did not, the jurisdictional basis of a case is a necessity and can be nevertheless considered sua sponte by the Court. See McGrath v. Kristensen, 340 U.S. 162, 167-68 (1950); First State Bank, etc. v. Sand Springs State Bank, 528 F.2d 350, 352 (10th Cir. 1976). If no jurisdiction exists, the Court cannot render judgment, but instead must dismiss at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. See Mitchell v. Maurer, 293 U.S. 237, 243 (1934); Citizens Concerned, Etc. v. City and County of Denver, 628 F.2d 1289, 1296 (10th Cir. 1980), see also 28 U.S.C. § 1447(c).

2

Discussion

As an initial matter, the Court will permit plaintiffs to file their amended complaint. Although plaintiffs failed to obtain leave of court as required by Rule 15 of the Federal Rules of Civil Procedure and also did not receive written consent by the adverse parties, the Court finds that the granting of leave to amend the complaint in this case would help to narrow the issues and would better serve the interests of justice. Thus, the Court will consider the Amended Complaint as filed on August 13, 2001.

This case arose out of a dispute in state court regarding the condemnation of a certain property which is part of Government Lot 3, in Section 11, Township 17 North, Range 13 East of the Indian Meridian, City of Bixby, Tulsa County, Oklahoma.[1] The condemnation suit was heard in Tulsa District Court before the Honorable Deborah Shallcross and a judgment entered on April 30, 2001. In that action, the Lorice T. Wallace Family Limited Partnership entered into a settlement agreement with the City of Bixby in which the Partnership would receive $96,000.00 in consideration of the condemned property and for compensation for the diminished value of the remaining property.

In addition to the state court entering a judgment, Judge Shallcross also denied Stephen Wallace's motion to intervene in the condemnation case. See City of Bixby, Oklahoma, a Municipal Corporation v. The Lorice T. Wallace Family Limited Partnership, Tulsa Country District Court, Case No. CJ-99-02375, filed April 30, 2001. Even though the denial of Wallace's motion did not make him a party to the condemnation action, plaintiffs construed the judgment as adverse to them,

---

[1] The tract of land is particularly described as the Northerly 60 feet of the Easterly 30 feet of Lot 3, in Section 11, containing 1,800 square feet.

3

and therefore raised the following claims in federal court:[2] a claim brought under 42 U.S.C. § 1983, alleging that he had been deprived by state actors of his property rights in the condemned property without due process of law, a procedural due process claim, wrongful taking, breach of contract, and breach of fiduciary obligation.

However, before the Court considers the aforementioned causes of action, it must first determine if the plaintiffs meet the jurisdictional requirements to be heard in federal court as specified by the United States Constitution. Article III limits the exercise of judicial power to cases and controversies. See Aetna Life Ins. Co. v. Haworth et. al., 300 U.S. 227, 239 (1937). Thus, whether a plaintiff has presented a case or controversy between the opposing parties is a "threshold question in every federal case." See Warth v. Selden, 422 U.S. 490, 498 (1975). Inter alia, the concept of standing is a component of this Article III requirement. See Hodel v. Irving, 481 U.S. 704, 711 (1987).

Generally, the question of standing is "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [her] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [her] behalf." Id. at 498-499, see also Whitmore v. Ark., 495 U.S. 149, 155 (1990) (holding that standing to sue is part of the common understanding of what it takes to make justiciable case). Although broad in theory, the concept of standing has constitutional limitations on federal jurisdiction and prudential limitations on how it is exercised. See id. From a constitutional perspective, there must be an "injury in fact," meaning that the plaintiff is required to show that he "personally has suffered some actual or threatened injury as a

---

[2] The settlement of the condemnation case was also approved by the Honorable Gregory Frizzell, assigned to hear Case No. PT-2000-21, in Tulsa District Court.

4

result of the putatively illegal conduct of the defendant." Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99 (1979). Even if a plaintiff meets this constitutional necessity, he may still lack standing due to several judicially self-imposed prudential considerations, such as the general prohibition on a litigant's raising another person's rights. See Allen v. Wright, 468 U.S. 737, 750-51 (1984), Village of Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252, 263 (1977).

In this case, the plaintiffs lack standing, and hence federal jurisdiction to litigate the alleged denials of due process. For the state court to have the opportunity to violate the due process rights of the plaintiffs, it would require that they be parties to the original condemnation suit. Because they were not in fact parties to the original condemnation action, such rights could not be violated and there could be no "injury in fact" to these parties in the constitutional sense. Whatever rights the plaintiffs had before the condemnation suit are retained, as the condemnation only affects the interests of the included parties. Thus, all plaintiffs lack standing to bring a due process claim against the defendants.

State Law Claims

Having dismissed the due process claims in regard to the defendants in the case at bar, the court now turns to the additional state causes of action. 28 U.S.C. § 1367(a) provides for "supplemental jurisdiction" over claims sufficiently "related" to the federal claims. However, §1367(c)(3) permits a court to decline to exercise such jurisdiction if the court has dismissed all claims over which it has original jurisdiction. The factors to be considered are judicial economy, convenience, fairness, and comity. See Sullivan v. Scoular Grain Co., 930 F.2d 798, 803 (10th Cir. 1991). Because of the circumstances of this case, the nature of the state law claims, and the

5

relationship between the state and federal claims, this Court declines to exercise jurisdiction over the supplemental state law claims.

Sanctions

The final issue the Court will consider is defendants' motion for Rule 11 Sanctions. See Fed. R. Civ. P. 11(c). A motion for sanctions pursuant to Rule 11 of the Federal Rules is at the sound discretion of the Court. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). This Court cannot hold that the conduct of the plaintiffs rises to the level of unreasonableness or groundlessness required to justify sanctions under Rule 11. Although the basis of claims at issue have been reviewed repeatedly in a variety of suits,[3] the Court refrains from classifying the repeated attempts at litigation as frivolous and worthy of sanctions. See Dodd Ins. Serv. v. Royal Ins. Co., 935 F.2d 1152, 1155 (10th Cir. 1991) (The test is an objective one, whether a reasonable and competent attorney would believe in the merit of an argument). Additionally, the Court denies plaintiff's request for attorney's fees and costs for opposing the motion for sanctions pursuant to Rule 11. See Rule 11(c)(1)(A).

---

[3] See City of Bixby, Oklahoma, a Municipal Corporation, Plaintiff v. The Lorice T. Wallace Family Limited Partnership, Defendant, Tulsa County District Court, Case No. CJ-99-02375; Stephen P. Wallace, Individually, and d/b/a River Oaks and Associates and River Oaks Development Corporation, an Oklahoma Corporation, Plaintiffs v. City of Bixby, Oklahoma, a Municipal Corporation, Phil Frazier and State of Oklahoma, ex. rel., Oklahoma Water Resources Board, Defendants, United States District Court for the Northern District of Oklahoma, Case No. 00CV0905(C); Stephen P. Wallace v. Honorable Deborah Shallcross and City of Bixby, Oklahoma Supreme Court, Case # 95138.

6

Accordingly, the Court grants plaintiffs leave to file their amended complaint, sua sponte dismisses the complaint filed herein, denies the Rule 11 motion for sanctions filed by City of Bixby, et. al., and denies plaintiff's request for attorney's fees and costs.

IT IS SO ORDERED this 9th day of November, 2001.

<u>/s/ H. Dale Cook</u>
HONORABLE H. DALE COOK
Senior United States District Judge

7

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

FILED
DEC 0 7 2001
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| STEPHEN P. WALLACE, individually, et al., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 01CV0311C(J) |
| TRUST COMPANY OF OKLAHOMA, et al., | ) ) ) ) |
| Defendants. | ) |

### PLAINTIFFS' NOTICE OF APPEAL

Notice is hereby given that Plaintiffs, STEPHEN P. WALLACE, individually, d/b/a RIVER OAKS ASSOCIATES, as Trustee of the Stephen P. Wallace Irrevocable Trust of 1996, and as next friend of LORICE T. WALLACE; WALLACE REAL ESTATE COMPANY, an Oklahoma Partnership; RIVER OAKS DEVELOPMENT CORPORATION, an Oklahoma Corporation; and WILLIAM E. MADDOX, hereby appeal to the United States Court of Appeals for the Tenth Circuit from the Order dismissing the above styled and numbered case, which was entered in this action on the 9th day of November, 2001. This appeal is based on the Court's dismissal of Plaintiffs' claims on the basis of lack of standing, lack of federal jurisdiction and any other error of law occurring in said order.

Respectfully submitted,

Stephen P. Wallace, Pro Se
11305 Quail Creek Road
Oklahoma City, OK 73120
Phone: (405) 752-8446
Fax:    (405) 752-8946

## CERTIFICATE OF MAILING

On this 7 day of December, 2001, a true and correct copy of the foregoing was mailed, postage prepaid, to:

Phil Frazier, Esq.
FRAZIER & PHILLIPS
1424 Terrace Drive
Tulsa, OK 74104

James E. Poe, Esq.
COVINGTON & POE
111 W. 5th Street, Suite 740
Tulsa, OK 74103

William C. Kellough, Esq.
Paul J. Cleary, Esq.
BOONE, SMITH, DAVIS, HURST & DICKMAN
500 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103

James C. Milton, Esq.
DOERNER, SAUNDERS, DANIEL & ANDERSON
320 South Boston, Suite 500
Tulsa, OK 74103

James E. Weger, Esq.
JONES, GIVENS, GOTCHER & BOGAN
15 E. 5th Street, Suite 2750
Tulsa, OK 74103

J. Schaad Titus, Esq.
BARKLEY, TITUS, HILLIS & REYNOLDS
2750 First Place Tower
15 East Fifth Street
Tulsa, OK 74103

John H. Lieber, Esq.
ELLER & DETRICH
2727 East 21st Street, Suite 200
Tulsa, OK 74114

Kenneth E. Crump, Jr., Esq.
Rodney H. Dusinberre, Esq.
CRUMP & PAGE
1437 South Boulder Ave., Suite 670
Tulsa, OK 74119

Stephen P. Wallace

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

STEPHEN PAUL WALLACE,
individually and d/b/a River Oaks
Associates, as Trustee of the Stephen P.
Wallace Irrevocable Trust of 1996, and as
next friend of Lorice T. Wallace,

        Plaintiff - Appellant,

and

WALLACE REAL ESTATE
COMPANY, an Oklahoma partnership;
RIVER OAKS DEVELOPMENT
CORPORATION, an Oklahoma
corporation; WILLIAM E. MADDOX,

        Plaintiffs,

v.

THE TRUST COMPANY OF
OKLAHOMA, sued as Trust Company of
Oklahoma, an Oklahoma corporation,
individually and as interim successor
co-trustee of the Lorice T. Wallace
Irrevocable Trust of 1996, general partner
of the Lorice T. Wallace Family Limited
Partnership, an Oklahoma Limited
Partnership Trust; PAUL MINDEMANN,
individually and as officer of the Trust
Company of Oklahoma; TOM WILKINS,
individually and as officer of Trust
Company of Oklahoma; RONALD J.
SAFFA, individually and as intermin
successor co-trustee of the Lorice T.
Wallace Irrevocable Trust of 1996,

FILED
APR 07 2003
Phil Lombardi, Clerk
U.S. DISTRICT COURT

No. 01-5213
(D.C. No. 01-CV-311-C)
(N.D. Oklahoma)

A true copy
Teste
  Patrick Fisher
  Clerk, U.S. Court of
  Appeals, Tenth Circuit
By
        Deputy Clerk

general partner of the Lorice T. Wallace Family Limited Partnership, an Oklahoma Limited Partnership; MARY ROMA JAGE, individually and as limited guardian of the person of Lorice T. Wallace; BANK ONE, N.A., as interim trustee of the Frank A. Wallace Trust of 1974; POE & ASSOCIATES, INC., an Oklahoma corporation; CITY OF BIXBY, OKLAHOMA, an Oklahoma Municipal corporation, separately and Joe Williams as City Councilman adn Phil Frazier as municipal counselors in their offical capacities; JOE WILLIAMS, individually; L. C. NEEL, individually; PHIL FRAZIER; UNITED STATES ARMY CORPS OF ENGINEERS, United States of America (ex rel.) and Richard Bilinski in his official capacity as project manager of the Fry Creek Drainage Project of the U.S. Army Coprs of Engineers; RICHARD BILINSKI, individually,

Defendants - Appellees.

ORDER

Filed April 1, 2003

Appellant's motion to dismiss is granted. 10th Cir. R. 27.3(A)(9).

A certified copy of this order shall stand as and for the mandate of the court.

Entered for the Court
Patrick Fisher, Clerk of Court

by: /s/
Deputy Clerk

-2-

## United States Court of Appeals for the Tenth Circuit
### OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Jane B. Howall
Chief Deputy Clerk

April 1, 2003

Mr. Phil Lombardi
Clerk
United States District Court for the N. District of Oklahoma
333 W. Fourth Street
Room 411 United States Courthouse
Tulsa, OK 74103

Mr. Robert L. Mitchell
Mitchell & Foley
5500 N. Western Ave., Ste. 100A
Oklahoma City, OK 73118

Mr. James C. Milton
Doerner, Saunders, Daniel & Anderson
320 S. Boston, Ste, 500
Tulsa, OK 74103

Mr. Lee I. Levinson
Bodenhamer & Levinson, P.C.
1743 E. 71st Street
Southbridge Office Park
Tulsa, OK 74136-5108

Mr. Stephen R. Clouser
Mr. James E. Poe
Covington & Poe
111 W. Fifth
Suite 740 Grantson Building
Tulsa, OK 74103

Mr. James E. Weger
Mr. Charles Michael Copeland
Ms. Andrea T. Del Giorno
Jones, Givens, Gotcher & Bogan
15 E. Fifth Street
Suite 3800 First National Tower
Tulsa, OK 74103

Mr. Kenneth E. Crump, Jr.
Mr. Rodney H. Dusinberre
Crump & Page
1437 S. Boulder Ave.
Suite 670
Tulsa, OK 74119-4019

Mr. Phillip Frazier
Frazier, Smith & Phillips

RECEIVED
APR 0 7 2003
Phil Lombardi, Clerk
U.S. DISTRICT COURT

1424 Terrace Drive
Tulsa, OK 74104

Mr. J. Schaad Titus
Barkely, Titus, Hillis & Reynolds
First Place Tower
15 East Fifth Street, Suite 2750
Suite 2750
Tulsa, OK 74103

Ms. MaryGaye LeBoeuf
6704 Parkwood Lane
Oklahoma City, OK 73132

Mr. Patrick J. Malloy, III
1924 South Utica
Suite 810
Tulsa, OK 74104

    Re:    01-5213, Wallace v. Trust Company of OK
           Dist/Ag docket: 01-CV-311-C,

Dear Mr. Lombardi and Counsel:

    The court filed an order today dismissing this case. A copy of the order is enclosed for all parties.

    Also enclosed for the district court clerk or for the named agency, is a certified copy of the dismissal order which is issued as the mandate of the court. Please file it in the records of the district court or agency.

    The clerk of the district court is requested to acknowledge receipt of this mandate by file stamping and returning the enclosed copy of this letter. Any original record will be returned to you at a later date.

    Please contact this office if you have questions.

                              Sincerely,

                              PATRICK FISHER
                              Clerk

                By:    Schuler
                      Deputy Clerk

PF:as