IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORICE T. WALLACE, an incapacitated person by and through her next friend, STEPHEN P. WALLACE | ( ( ( |
| STEPHEN P. WALLACE, individually; | ( ( |
| LISA F. WALLACE, an incapacitated Person, by and through her next friends, STEPHEN P. WALLACE; STEPHEN P. WALLACE, Trustee of the Stephen P. Wallace Trust Dated January 9, 1999, Assignee of ALL INTERESTS; | ( ( ( ( ( ( |
| Plaintiffs, | ( |
| v. | ( ( |
| BANK OF AMERICA, NA et. al; | ( ( |
| RICHARD D. KOLJACK, Jr., individually; | ( ( |
| GABLE & GOTWALS, a professional corporation; | ( ( |
| JOEL PELOFSKY, individually and as U. S. TRUSTEE FOR REGION 20; | ( ( ( |
| TRUST COMPANY OF OKLAHOMA an Oklahoma Corporation, individually and as interim successor co-trustee of the LORICE T. WALLACE IRREVOCABLE TRUST of 1996, general partner of the LORICE T. WALLACE FAMILY LIMITED PARTNERSHIP, an Oklahoma Limited Partnership; | ( ( ( ( ( ( ( |
| PAUL MINDEMAN and TOM WILKINS, individually and as officers of TRUST COMPANY OF OKLAHOMA; | ( ( ( |
| RONALD SAFFA, individually, and as interim successor co-trustee of the LORICE T. WALLACE IRREVOCABLE TRUST of 1996, general partner of the LORICE T. WALLACE FAMILY LIMITED PARTNERSHIP, an Oklahoma Limited Partnership; | ( ( ( ( ( ( |
| DAVID FIST, individually; | ( ( |
| MORREL, WEST, SAFFA, CRAIGE & HICKS, an Oklahoma Professional Corporation; REECE MORREL, individually; | ( ( ( |

Case No.

# 02CV0148H(x)

FILED

FEB 25 2002

Phil Lombardi, Clerk
U.S. DISTRICT COURT

EXHIBIT
C3

1

| | |
|---|---|
| ROBERT POE, individually; | ( |
| | ( |
| POE & ASSOCIATES, an Oklahoma Corporation; | ( |
| | ( |
| BANK ONE, N. A., as interim trustee of the FRANK A. WALLACE TRUST of 1974; | ( |
| JAMIE DIMON, individually; PAUL GIEHM, individually; MIKE BARTEL, individually; | ( |
| | ( |
| JONES, GIVENS, GOTCHER & BOGAN, an Oklahoma Professional Corporation; | ( |
| | ( |
| JON PAYNE, individually; | ( |
| | ( |
| JAMES WEGER, individually; | ( |
| | ( |
| JAMES POE, individually; | ( |
| | ( |
| DAVID WINSLOW, individually; | ( |
| | ( |
| JEFF LEVINSON, individually; | ( |
| | ( |
| LEE LEVISON, individually; | ( |
| | ( |
| JAMES MILTON, individually; | ( |
| | ( |
| WILLIAM KELLOUGH, individually; | ( |
| | ( |
| PATRICIA BULLOCK, individually; | ( |
| | ( |
| MOURA ROBERSTON, individually; | ( |
| | ( |
| MICHAEL HALL, individually; | ( |
| | ( |
| GEORGE SAFFA, individually; | ( |
| | ( |
| FARRIS P. SAFFA, SR, individually; | ( |
| | ( |
| ANNE SAFFA, individually; | ( |
| | ( |
| FARRIS SAFFA, Jr., individually; | ( |
| | ( |
| WILLIAM GRIMM, individually; | ( |
| | ( |
| JOHN WOOLMAN, individually; WOOLMAN PROPERTIES, their affiliates or assigns; | ( |
| | ( |
| J. PATRICK CARTER, individually; | ( |
| | ( |
| T. JACK LYONS, individually; | ( |

KARIN GARLAND, Court Clerk of Mays County (
Oklahoma; (
(
JAMES PATTERSON, Court Clerk of Oklahoma Appellate (
Courts (
(
JOE PITTS, individually; (
(
PHIL KIERL, individually; (
(
RICHARD MONAGHAN, individually; (
(
ANTHONY LOMARDI, individually; (
(
TERRY BARKER, individually; (
(
ROBERT LAWRENCE, individually; (
(
SEAYCO – THF EASTSIDE MARKET L. L. C., a (
Missouri Limited Liability Company; (
(
MICHAEL CHILDRESS, individually; CHRISTOPHER (
MAMMEL, individually; CHILDRESS & Zdeb, an Illinois (
Professional Corporation (
(
JACK KIRKPATRICK, individually, GUARANTY (
ABSTRACT COMPANY, corporately; (
(
PATRICIA HASTINGS, individually; (
(
ROMA JAGE, individually and as the Limited (
Guardian of the person of Lorice T. Wallace, (
(
DAVID H. SANDERS, Sr., individually; (
(
DOERNER, SAUNDERS, DANIEL & ANDERSON, (
L. L. P.; (
(
BOONE, SMITH, DAVIS, HURST & DICKMAN, an (
Oklahoma Professional Corporation; (
(
            Defendants. (
(

## COMPLAINT

**II.   JURSIDICTION**

3

This action arises under the Racketeer Influenced and Corrupt Organizations Act of 1970, 18 U.S.C. § 1961, and the laws of the status of Missouri, Illinois and Oklahoma. Plaintiffs seek to recover compensatory and punitive damages sustained, as a result of Defendant's conduct, along with the costs of this suit, interest and reasonable attorney fees. The court's jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337, 18 U.S.C. § 1964 (c) and the doctrine of pendent jurisdiction.

## II. PARTIES

1. LORICE T. WALLACE is a resident of the State of Oklahoma and is the primary beneficiary of the Lorice T. Wallace Revocable Trust of 1974 and successor beneficiary of the Frank A. Wallace Revocable Trust of 1974. Stephen P. Wallace brings this action on her behalf as next friend.

2. Plaintiff STEPHEN P. WALLACE is presently, and at all times set forth in this complaint a resident of the State of Oklahoma, he is the Trustee of the Stephen P. Wallace Trust dated January 9, 1999, Assignee of ALL INTERESTS, formerly co-trustee of both Frank and Lorice Wallace Trusts of 1974, and equal beneficiary of both Frank and Lorice Wallace Trusts of 1974 with his (3) three sisters.

3. LISA F. WALLACE is sister to Stephen P. Wallace, who is a person with a development disability and is a resident of the State of Oklahoma. Stephen P. Wallace.

4. Defendant JOE PELOFSKY's federally owned offices are in Kansas City, Missouri and as the U.S. Trustee for Region 20.

5. Defendant OKLAHOMA ADMINISTRATIVE OFFICE OF THE COURTS has the duty to govern the activity of the officer's the court and Plaintiffs bring this action under **Dennis v. Sparks 101 S. Ct 183 U.S., 1980,** for aiding and abetting Defendant's actions.

6. Defendant DAVID FIST, the Wallace Family Trust attorney since 1974, co-conspired with Saffa and Morrel and other Defendants to convert the Wallace Family Assets for their own use and benefit after the death of Frank A. Wallace in 1990;

7. Defendant ROBERT POE is a regional developer and owner of Poe & Associates an Oklahoma based engineering firm. They co-conspired with their lawyers, Morrel and Saffa, to convert the River Oaks residential golf course community Stephen P. Wallace was developing on Wallace Family land for their own use and benefit;

8. Defendants BANK ONE, N.A., JAMIE DIMON, PAUL GIEHN and MIKE BARTEL have breached their fiduciary duty and trust capacity as co-successor trustees of the Frank A. Wallace Trust of 1974 despite a hand delivered memo of February 7, 2001, in the Chairman's Office in Chicago; the February 13, 2001, memo and finally the July 5, 2001, memo notifying the Chairman's Office of the RICO petition;

9. Defendants JONES, GIVENS, GOTCHER & BOGAN employed JAMES WEGER and JON PAYNE. In 1991, JAMES WEGER, a law partner to the above mentioned entities including current District IV Judge Gregory Frizzell did tortuously interfere with a $120 million real estate transaction Stephen P. Wallace had procured with the then Memorex Telex Corporation. That interference and legal misrepresentation caused over a $1 million loss to Stephen P. Wallace which was denied him in his Chapter 11 Reorganization filing in the Western District of Oklahoma in <u>Case No. 01-19481TS</u>. Defendant JAMES WEGER and law partner JON PAYNE have conspired with other Defendants to convert the Wallace Family Assets for their own use and benefit in cases CJ 200-1900, PT 2000-44, and PT 2000-21;

10. Defendant JAMES POE has committed perjury upon the Court, co-conspired with other Defendants to convert the Wallace Family Estate for their own use and benefit and committed grand theft of personal property and destruction of valuable evidence;

11. Defendant DAVID WINSLOW has co-conspired with his former law partner, James Poe, to commit grand theft and destruction of valuable evidence in Plaintiffs' cases;

12. Defendants LEE LEVINSON and JEFF LEVINSON, brothers, have co-conspired with other Defendants to convert the assets of the Plaintiffs for their own use and benefit;

13. Defendant JAMES MILTON has committed, perjury upon the Court and Plaintiffs and conspired with other Defendants to convert Wallace Family Assets for his own use and benefit;

14. Defendant WILLIAM KELLOUGH has conspired with other Defendants to convert Wallace Family Assets for his own use and benefit and defied a Court ORDER to produce assets of Lisa F. Wallace;

15. Defendant PATRICIA BULLOCK has abandoned her duties and obligations to Lisa F. Wallace as her Guardian Ad Litem and defied a Court ORDER to produce assets of Lisa F. Wallace;

16. Defendant MOURA ROBERTSON has abandoned her duties and obligations to Lorice T. Wallace as her Guardian Ad Litem and conspired with other Defendants to convert Wallace Family Assets for other Defendants use and benefit;

17. Defendant MICHAEL HALL tortuously interfered with the agreement for Bank of America to become the co-trustee of the Wallace Family Assets and conspired with other Defendants to convert Wallace Family Assets for his own use and benefit;

18. Defendant CAROL HANSON conspired with other Defendants to over dose Lorice T. Wallace with psychotropic drugs to induce incapacity so other Defendants could convert the Wallace Family Assets for their own use and benefit;

19. Defendant GEORGE SAFFA, JR and SAFFA PHARMACY have conspired to overdose Lorice T. Wallace with psychotropic drugs to induce incapacity to share in the conversion of Wallace Family Assets with other Defendants for their own use and benefit;

20. Defendants FARRIS SAFFA, SR., ANNE SAFFA and FARRIS SAFFA, JR. have slandered, inflicted emotional stress, committed wire and bank fraud upon Plaintiffs in the conspiracy to convert Wallace Family Assets for their own use and benefit;

21. Defendant WILLIAM GRIMM has conspired with other Defendants to slander Stephen P. Wallace along with his client's Farris Saffa, Jr., Farris Saffa, Sr., and Anne Saffa;

22. JOHN WOOLMAN and WOOLMAN PROPERTIES have conspired with other Defendants to convert Wallace Family realty for their own use and benefit;

23. Defendants J. PATRICK CARTER and T. JACK LYONS have conspired with Ron Saffa and other Defendants to convert assets owned by Stephen P. Wallace and Edith L. Jackson for their own use and benefit;

24. Defendants KARIN GARLAND Court Clerk of Mays County and JAMES PATTERSON, Court Clerk of the Oklahoma Appellate Courts, have deleted and omitted court filings to aid and abet the conspiracy by J. Patrick Carter and T. Jack Lyons to convert the assets owned by Stephen P. Wallace and Edith L. Jackson;

25. Defendant PHIL KIERL has conspired with other Defendants to convert Wallace Family realty by their own use and benefit and breached a lease contract on income property owned by the Wallace Family Trust exceeding $350,000.

26. Defendant RICHARD MONAGHAN has committed perjury and has facilitated the fraudulent conversion of Wallace Family Assets for his and other Defendants use and benefit;

27. Defendant ANTHONY LOMBARDI has conspired with other Defendants to convert Wallace real estate assets for their own use and benefit;

28. Defendant TERRY BARKER and ROBERT LAWRENCE abandoned their clients and committed fraud and denial of Plaintiffs constitutional rights aided and abetted by the Probate Court and in conspiracy with other Defendants to convert the Wallace Family Estate for their own use and benefit;

29. Missouri Defendant SEAYCO-THF EASTSIDE MARKET, L. L. C. has fraudulently breached terms of a real estate contract with the Lorice Wallace Trusts and committed interstate wire and bank fraud exceeding $2 million;

30. Illinois Defendants MICHAEL CHILDRESS and CHRISTOPHER MAMMEL have committed tortuous breach of contract and slander in conspiracy with other Defendants to convert the Wallace Family Assets for their own use and benefit;

31. Defendants JACK KIRKPATRICK and GUARANTY ABSTRACT have breached their fiduciary duty and conspired to convert Wallace Family Assets for other Defendants own use and benefit;

32. Defendant PATRICIA HASTINGS has committed fraud, theft and inflicted emotional stress, abused and slandered Plaintiffs in conspiracy in other Defendants to convert Wallace Family Assets for their own use and benefit and intentionally inflicted emotional distress upon Lisa Wallace;

33. Defendant ROMA JAGE has abandoned her duties as Limited Guardian of the person of Lorice Wallace, repeatedly beat Lorice, her mother (as confirmed in open court) and beat her brother, Stephen and was imprisoned in Oak Brook Illinois for beating her husband and children and grand theft for shop lifting;

34. Defendant DAVID SANDERS, SR. aided and abetted T. Jack Lyons and J. Patrick Carter to fraudulently convert Stephen P. Wallace and Edith L. Jackson's personal property for their own use and benefit;

At all times pertinent to the allegations of this complaint, the Defendants listed above were acting in concert with, or under the direction and control of Defendants RONALD SAFFA TRUST COMPANY OF OKLAHOMA and BANK ONE.

The acts committed by the Defendants as alleged herein were done by them personally either while present in, or by use of the mails, telephone, and other instrumentalities in interstate commerce to and from Missouri, Illinois, Oklahoma and elsewhere. The acts of each Defendant and each employee, agent and representative of Defendants are deemed to be the acts of, and are chargeable to and binding upon every other Defendant.

### III. FACTS

Prior to Frank Wallace's death in 1990, Ronald Saffa, David Fist, Reece Morrel, Paul Mindemann, et al., secretly conspired to convert the Wallace Family Estate valued in excess of $30 million, for their own use and benefit.

In July of 1991, Ronald Saffa and David Fist extorted the resignation of Scott Sallee, C. P. A., Frank Wallace's designee as co-trustee with his wife, Lorice, to handle the financial affairs of the family as Frank had done up to his death. Frank and Lorice started with nothing after World War II, working together seven days a week in the restaurant and ultimately in the private member club business. They saved as they raised their family and invested in raw land in the southern corridor of Tulsa, Oklahoma.

9

Farris Saffa, Lorice's brother, was extremely jealous of Frank and Lorice's prosperity and ability to purchase land at bargain prices and have the ability to pay cash for them.

Farris then introduced Frank and Lorice to David Fist as a possible trust attorney for their growing estate. Fist would prepare the 1974 Trusts of Frank and Lorice and all (5) amendments thereto. The Trusts and all amendments were identical until after Frank's death in 1990.

Secretly Ronald Saffa and David Fist, et al, commenced a sabotage of the 1974 Trusts and other Irrevocable Trusts of the children of Frank and Lorice. At all times Ronald Saffa was acting as Stephen Wallace's lawyer and C. P. A while secretly conspiring to rewrite the Wallace Trusts and rename his choice as to the beneficiaries of said 1974 Trusts.

In 1993 Saffa secretly prepared and fraudulently induced his aunt into signing a Restatement of her Trust which Frank had David Fist prepare to protect his family's wealth. During this same period of time, Stephen Wallace and his mother, Lorice, were purchasing additional property for an upscale residential golf course community adjacent to a 200 acre tract on the Arkansas River the Wallace Family already owned lying within the city limits of Tulsa and Bixby.

Ronald Saffa and his partner, Reece Morrel, had planned a "palace coup" as none of the beneficiaries nor their client's, Lorice and Stephen, would ever suspect fraud and conversion of their family's assets by those very entrusted to protect them.

In 1996 Saffa prepared and fraudulently induced all family members to sign for financial planning and tax reasons, a family limited partnership. Saffa, after the secret 1993 Restatement of Trust wherein Stephen Wallace and his brother-in-law, Patrick Jage were secretly deleted as successor co-trustees and Ronald Saffa and Trust Company of Oklahoma, were inserted, again named himself on Trust Company of Oklahoma as general partners of

the family limited partnership for the next fifty years with only phantom income to the beneficiary.

In 1997 Ronald Saffa, Patricia Hastings and Roma Jage secretly filed a Guardianship on Lisa Wallace to force her to stay in a Louisiana institution for the developmentally disabled so Lisa would forfeit her 25% of the Wallace family inheritance.

Also in 1997, after Stephen and his mother, Lorice, attempted to get an accounting of their assets which Saffa and Trust Company would never provide, Saffa forced the resignation of Patrick Jage and Stephen Wallace from the Irrevocable Frank A. Wallace Trust of 1974. Stephen rescinded the resignation the following day.

In February of 1998 Ronald Saffa prepared an amendment to the Lorice Wallace Trust seeking clarification "in the event of Lorice's incapacity" and that Saffa and Trust Company could not be held liable for any malfeasance on their part. Immediately Lorice's health began to diminish due to psychotropic drugs being given to her by Saffa Pharmacy and George Saffa, Ron's brother. Stephen and Lorice had planned to ground lease the balance of the Wallace Family realty assets. Stephen and Lorice contacted Mr. James C. Elder of the Gable Gotwals law firm in Oklahoma City who had prepared the Warren Foundation ground lease for the Warren Place mixed-use development. On February 9, 1998, Mr. Elder responded "**... this letter will confirm our ability to represent you in connection with proposed ground leasing ...**".

Lorice Wallace was ailing due to the drugs given to her by Saffa Pharmacy at Ron Saffa's direction. Lorice and Stephen unknowingly felt her ailing condition might turn terminal therefore they decided to start selling off real estate to prevent the I. R. S. from liquidating the property upon her death. Lorice and Stephen sold (3) large tracts at below market to liquidate the real estate into cash to satisfy any claims that the I. R. S. may have.

In 1999 Lorice was requested by Paul Mindemann, Trust Company of Oklahoma President, to allow Ron Saffa to approach Bank One to resign from the Frank Wallace Trust of 1974. Stephen overheard the conversation and contacted Bank One to inform them of the actions contemplated by Saffa and Trust Company.

Bank One rallied around Lorice and Stephen with support and demands for the financial information that had been withheld. Saffa Pharmacy increased the drugs to almost over dose proportions wherein Stephen and a caregiver for Lorice, flew her to Mayo Clinic in Scottsdale, Arizona wherein the neurologist discontinued the drugs given her by Saffa Pharmacy, Carol Hanson, D. O. and Ronald Saffa.

The largest tract was sold in April of 1999 to a Missouri based developer, SEAYCO-THF, L. L. C.. Terms were negotiated for an installment sale with Bank of America to handle the wire transfers, standby irrevocable letters of credit and depository for all (3) installments.

Closing was set for April 14, 1999, yet Saffa continued the closing until April 20, 1999 wherein instead of the Bank of America Bank to Bank transaction, SEAYCO-THF, L. L. C. directed funds be directed to Trust Company of Oklahoma's bank account at F & M Bank in Tulsa in direct contravention to the Purchase Contract.

By November of 1999, Lorice had instructed Saffa and Trust Company of Oklahoma to turn over one-half of the family assets to Bank One. Saffa then extorted Lorices' resignation with the assistance and infliction of emotional stress and abuse by Patricia Hastings and Carol Hanson, D. O..

Saffa produced a fraudulent power of attorney in December of 1999 which Lorice terminated and named Stephen as her guardian and durable power of attorney. Hastings, Saffa and Trust Company retaliated against Lorice by filing a Guardianship action against her utilizing her own money to hire Lee Levinson and James Poe.

12

Stephen responded by hiring Terry Barker and Robert Lawrence to represent Lorice until Saffa and Trust Company bribed Barker and Lawrence into selling their client out and her family.

Litigation has continued daily for the past (3) three years as Stephen and Lorice have attempted to restore her rights, assets and dignity. Saffa and Trust Company have spent over $3 million on 10 law firms thus systematically depleting the Wallace family assets and have just recently sold the family income restaurant that was leased to Phil Kierl and Johnnie's Charbroil at half its value and 14 acres of the golf development where the clubhouse and the signature 18th Hole were planned looking out at the Arkansas River.

## COUNT ONE

## RICO

As stated in Dennis v. Sparks 101 S. Ct 183 U.S., 1980 the conspiratorial conduct commencing with David Fist and Ronald Saffa extortion of signature of resignation of Scott Sallee in 1991; the extortion of signature of resignation of Patrick Jage and Stephen Wallace in 1997 and the extortion of signature of Lorice Wallace in 1999 exemplifies the horrid conduct and a pattern of racketeering conduct (See Extortion of Signature under Title 21 § 1482, 21 § 1485, "Racketeering activity defined for purposes of changes or indictment see Title 22 § 1402.)

In Dennis v. Sparks, United Supreme Court Justice White held that (1) fact that the action was properly dismissed as to the state court judge did not require dismissal of the action against the remaining private parties accused of conspiring with the judge, and (2) allegations that an official act of the state court judge was the product of a corrupt

13

conspiracy involving bribery of the judge were sufficient to assert action under color of state law on the part of the private parties. **Affirmed**.

The "enterprise" is Saffa's, et al. redrafting the 1974 Frank and Lorice Wallace Trusts and as "enterprise" is defined in 19 U.S.C. § 1961 the 1974 Trusts were illegally converted to the Lorice T. Wallace Family L. P. which engaged in interstate commerce and activities of which effect interstate commerce. Such activities in and affecting interstate commerce include the acquisition and maintenance of real and personal property of others to be held by them in trust pursuant to the terms of various entities and managed with accounts in various national institutions including securities firms, real estate holding companies, banks and other trusts. The Family Partnership has been directly involved in interstate commerce.

The individual and corporate Defendants, and other individuals not yet named as parties, also constitute and "enterprise" as that term is defined in 18 U.S.C. § 1961, engaged in activities which affect interstate commerce. Such activities include the acquisition and development of commercial properties in various states and the borrowing of funds and the obtaining and furnishing of letters of credit to secure said transaction and to induce sellers to part with their property. Use of interstate means of communication to effectuate these schemes which occurred within the last ten years constitute a pattern of racketeering activity in violation of 18 U.S.C. § 1962 for which treble damages, costs of suit and attorney's fees may be sought under 18 U.S.C. § 1964(c).

The Defendants derived additional fees and profits from the diversion of these funds and assets into accounts managed by them which constitute profits derived from the above mentioned activities and are in violation of 18 U.S.C. § 1962 for which treble damages, of costs of suite and attorney fees may be sought under 18 U.S.C. 1964 (c); and applicable Defendants who aided, abetted, counseled, commanded, induced or procured the

14

commission of the violations of Federal Mail Fraud, Wire Fraud and RICO statutes and therefore each are liable as principals pursuant to 18 U.S.C. § 2. Forensic fraud accountants note ENRON type partnerships are involved here.

WHEREFORE Plaintiffs demand that Defendants be ordered and directed to render a complete accounting of all funds received and or disbursed, with respect to which Plaintiffs have an interest directly to <u>MidFirst Bank</u> and <u>Klingenberg & Associates,</u> and judgment be entered against Defendants, as applicable, for treble the amount of damages incurred by Plaintiffs as a result of the aforesaid scheme to defraud, the costs of this suit, including reasonable attorney fees, and such further relief as the Court shall deem just and appropriate.

## COUNT TWO

### CONVERSITON OF FRANK AND LORICE WALLACE TRUST ASSETS

Lorice terminated Saffa and Trust Company on March 13, 2000 and gave notice to them to relinquish the trust assets. Defendants refused and file a Petition to Construe Trust lawsuit against her. Defendants have exercised an authorized dominion over the Wallace Trust assets thus converting the Wallace Trust assets for their own use and benefit. Plaintiffs demand actual and punitive damages.

## COUNT THREE

### IMPOSTION OF A CONSTRUCTIVE TRUST

Defendants have taken trust assets to which Defendants were not entitled for their own use and benefit. WHEREFORE, Plaintiffs pray that the Court impose a constructive trust on all accounts.

## COUNT FOUR

### INJUCTIVE RELIEF AND ACCOUNTING IN EQUITY

Plaintiffs demand a provisional injunction against Defendants to allow for a COURT ORDERED FORENSIC FRAUD AUDIT by Klingenberg & Associates and an Interim Trustee be appointed. Plaintiffs appoint that MidFirst Bank be allowed to assume that independent position to hold all assets held by Bank One, N.A. Trust Company of Oklahoma and Ronald Saffa and that they be turned over to the Court, **instanter**.

## COUNT FIVE

### BREACH OF FIDICUARY DUTY

Defendants owe a fiduciary duty to the trust and its beneficiaries which they have breached for self gain purposes and to fund litigation against Plaintiffs to divert attention from their self dealing, fraud and conversion.

## COUNT SIX

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants, jointly and severally, have inflicted emotional distress on Plaintiffs and such conduct has been malicious, wanton, willful, and with reckless disregard for well being of Plaintiffs and actually life threatening to Lorice and Lisa Wallace.

## COUNT SEVEN

16

## FRAUD AND CONSTRUCTIVE FRAUD

Defendants have fraudulently converted trust assets for their own use and benefit and have produced backdated documents fraudulent power of attorney's and have altered federal court transcripts in the Western District Bankruptcy Court. WHEREFORE Plaintiffs are entitled to punitive and exemplary damages.

## COUNT EIGHT

### ASSAULT AND BATTERY AND GRAND THEFT

Lorice Wallace and Stephen Wallace filed assault and battery charges against Roma Jage, individually and as Limited Guardian of the Person of Lorice T. Wallace and for theft of her diamond necklace and any other items found in her possession and the physical attacks against her person.

## CONCLUSION

WHEREFORE, Plaintiffs demand that this complaint be forwarded to the Federal Bureau of Investigation, the U. S. Attorney of the Northern District and the U. S. Department of Justice in Washington, D. C. for criminal investigation. Plaintiffs collectively request actual and punitive damages be awarded to Plaintiffs in all their capacities an amount of not less than $50,000,000.

## ACTUAL PUNITIVE AND EXEMPLARY DAMAGES DEMANDED
### $50,000,000

Respectfully submitted this 25th day of February, 2002.


Case 4:02-cv-00148-seh-FHM   Document 1   Filed in USDC ND/OK on 02/25/2002   Page 18 of 18
Case 1:06-cv-01264-RBW   Document 18-7   Filed 11/27/2006   Page 18 of 20

*[signature: Stephen P. Wallace]*

Stephen P. Wallace
11305 Quail Creek Road
Oklahoma City, Oklahoma 73120
(405) 752-8446 tel
(405) 752-8949 fax
(405) 694-1870 cell *

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LORICE T. WALLACE, et al., )
)
Plaintiffs, )
)
v. ) Case No. 02-CV-148-H (X)
)
BANK OF AMERICA, NA., et al., )
)
Defendants. )

**ORDER**

FILED
JUL 22 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

This matter comes before the Court on the Rule 12(b) Motion to Dismiss of Defendants Weger, Payne and Jones, Givens, Gotcher & Bogan, P.C. (Docket No. 169) Defendants move to dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Pursuant to Local Rule 7.1(c), a party opposing a motion has fifteen days after the filing of the motion in which to respond. Due to Plaintiffs' repeated failure to comply with this rule, on May 22, 2002, the Court notified Plaintiffs that all future motions to which they failed to respond in a timely manner would be deemed confessed immediately in accordance with the rule (Docket No. 130).

Defendants' motion was filed on July 1, 2002, and Plaintiffs did not respond. Local Rule 7.1(c) authorizes the Court to deem a matter confessed when a party fails to respond. Accordingly, the motion to dismiss of Defendants James Weger, Jon Payne and Jones, Givens, Gotcher & Bogan, P.C. (Docket No. 169) is hereby granted, and Plaintiffs' case is hereby dismissed as to the above named defendants.

IT IS SO ORDERED.

This 19TH day of July, 2002.

Sven Erik Holmes
United States District Judge



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LORICE T. WALLACE, et al., )
)
Plaintiffs, )
)
v. ) Case No. 02-CV-148-H (X)
)
BANK OF AMERICA, N.A., et al., )
)
Defendants. )

**FILED**
JUL 22 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

**ORDER**

This matter comes before the Court on the Rule 12(b) Motion to Dismiss of Defendants Bank One, N.A., Bank One, Oklahoma, N.A., Mike Bartel and Paul Giegm (Docket No. 166) Defendants move to dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Pursuant to Local Rule 7.1(c), a party opposing a motion has fifteen days after the filing of the motion in which to respond. Due to Plaintiffs' repeated failure to comply with this rule, on May 22, 2002, the Court notified Plaintiffs that all future motions to which they failed to respond in a timely manner would be deemed confessed immediately in accordance with the rule (Docket No. 130).

Defendants' motion was filed on July 1, 2002, and Plaintiffs did not respond. Local Rule 7.1(c) authorizes the Court to deem a matter confessed when a party fails to respond. Accordingly, the motion to dismiss of Defendants Bank One, N.A., Bank One, Oklahoma, N.A., Mike Bartel and Paul Giegm (Docket No. 166) is hereby granted, and Plaintiffs' case is hereby dismissed as to the above named defendants.

IT IS SO ORDERED.

This /9 TH day of July, 2002.

Sven Erik Holmes
United States District Judge

