IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LORICE T. WALLACE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. CIV-02-233-L |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**
APR - 2 2002
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY_____ DEPUTY

**DOCKETED**

## ORDER

Plaintiffs, proceeding *pro se*, initiated this lawsuit on February 22, 2002, alleging numerous claims against numerous defendants. The court has before it several motions to dismiss filed by defendants served with the original complaint in this matter. The court file reveals that on March 20, 2002, the plaintiffs filed their Amended Complaint, which significantly reduces the number of claims and defendants. Although it appears that the filed motions to dismiss are meritorious, the court concludes that they are now moot in light of the filing of the Amended Complaint.

However, in reviewing the Amended Complaint itself, the court determines to dismiss it *sua sponte*, thus ordering that no defendant named in the Amended Complaint need file a motion to dismiss or otherwise respond regarding the



Amended Complaint. While the court has preliminarily determined that the Amended Complaint is deficient in a number of areas, the court need not address the deficiencies at length since it is beyond dispute that the Amended Complaint is subject to dismissal. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). The complaint must be construed in the light most favorable to the plaintiff and all factual allegations in the complaint must be presumed to be true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade, 841 F.2d at 1526. Even under this standard, and accepting the facts alleged as true, the court finds that the Amended Complaint is completely deficient on its face and it is patently obvious that the plaintiffs could not prevail against the named defendants on the facts alleged. McKinney v. State of Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991) (*sua sponte* dismissal under Rule 12(b)(6) is not reversible error when patently obvious that plaintiff could not prevail on the facts alleged).

Clearly, the "counts" of the Amended Complaint refer to a defendant identified by plaintiffs as "Bixby," presumably the municipality of Bixby, Oklahoma. However, this entity is not named as a defendant in the Amended Complaint. Although defendant Phil Frazier, the City of Bixby Attorney, is named as a defendant and he is tangentially mentioned in the "counts" of the Amended

2

Complaint, the facts alleged simply do not support a cause of action against this defendant or indeed against any of the named defendants. It appears that the underlying facts giving rise to the Amended Complaint pertain to a state court condemnation action. Of course, this court does not act as an appellate court over the state courts, and the court finds that the Amended Complaint wholly fails to state how this court has jurisdiction over such a claim. Federal courts are courts of limited jurisdiction, and the court will not presume that federal jurisdiction exists.

Rule 8(a) of the Federal Rules of Civil Procedure, which applies to *pro se* plaintiffs, requires that a pleading setting forth a claim for relief contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought. Rule 8(e)(1) further requires that every allegation of a pleading be simple, concise and direct. The Amended Complaint does not comply with the applicable rules. The court will not require the defendants to respond to such a patently deficient pleading.

Accordingly, the pending motions to dismiss relating to the original Complaint filed in this matter **[identified as docket numbers 15, 19, 21 & 24]** are deemed moot. The March 20, 2002 Amended Complaint is **DISMISSED** for failure to state a claim. Plaintiffs are granted ten (10) days from the date of this order to file a Third Amended Complaint in full compliance with the federal rules

3

of civil procedure and this court's local rules, if supported by the facts and law. Plaintiffs are advised, however, that the filing of another baseless complaint may subject them to sanctions, including, if appropriate, dismissal, sanctions, or a requirement that plaintiffs reimburse defendants for the costs associated with responding to baseless allegations. Failure to comply with this order may result in the dismissal of this action with prejudice without further notice.

It is so ordered this 2nd day of April, 2002.

*Jim Leonard*

TIM LEONARD
United States District Judge

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

**FILED**
APR 1 1 2002
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

LORICE T. WALLACE, an incapacitated person by )
and through her next friends, STEPHEN P. WALLACE, )
and EDITH L. JACKSON;   et al.. )
)
Plaintiffs, )
)
v. ) Case No. CIV-02-0233L
)
UNITED STATES OF AMERICA, ex rel., the U.S. )
DEPARTMENT OF JUSTICE and the United States )
Trustees Office for the Western District of Oklahoma, )
agencies of the United States of America, joined for the )
purposes of declaratory and injunctive relief; et al., )
) **DOCKETED**
Defendants. )

## ORDER

On this 11th day of April, 2002, this matter comes on pursuant to Plaintiffs' Motion to Dismiss the Complaint without prejudice. Whereupon the Court, after being fully advised, finds that the Motion, for good cause shown, is hereby granted.

It is therefore ordered that this case is dismissed without prejudice to refiling in the appropriate forum.

_Jim Leonard_
United States District Judge

ENTERED ON JUDGMENT DOCKET ON APR 1 1 2002