IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

NOV 19 2004

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| *Notice of Removal erroneously captioned as* | § § § | |
| IN RE BANK ONE, N.A., INTERIM SUCCESSOR TRUSTEE, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| FRANK A. WALLACE REVOCABLE TRUST DATED DECEMBER 24, 1974, AND AS AMENDED, DEFENDANT BENEFICIARIES, | § § § § § | CIVIL ACTION NO. H-04-3131 |
| Defendants. | § § | |
| *Attempting to remove state court litigation captioned as* | § § § | |
| IN RE FRANKLIN A. WALLACE REVOCABLE TRUST DATED DECEMBER 16, 1974, AND AS AMENDED. | § § § § | |

MEMORANDUM AND ORDER

Pending are Bank One, N.A. and The Trust Company of Oklahoma's Joint Motion to Remand (Document No. 7) and Stephen P. Wallace's Emergency Motion to Strike James C. Milton's Motion to Remand (Document No. 12). After having carefully reviewed the motions, responses, and the applicable law, the Court concludes that the



EXHIBIT K

Case 4:06-cv-03214-LSC-PRSE  Document #: 40  Date Filed: 11/15/2006  Page 3 of 5
Case 1:06-cv-01264-RBW  Document #: 40  Filed 11/27/2006  Page 2 of 4
Case 4:04-cv-03131  Document 19  Filed 11/17/2004  Page 2 of 4

motion to strike should be denied and the motion to remand should be granted.[1]

Bank One, N.A. ("Bank One") brought this action in the District Court of Tulsa County, Oklahoma ("state court") as a petition for guidance and construction of the Franklin A. Wallace Revocable Trust ("Revocable Trust") pursuant to Oklahoma statutory law. Stephen P. Wallace ("Wallace"), an interested party, filed a number of objections in opposition to Bank One's petition. The state court overruled Wallace's objections and granted Bank One's petition. In the course of construing the Revocable Trust, the state court removed Wallace from his position as trustee of the related Lisa Frances Wallace Supplemental Needs Trust ("Lisa Trust"), and replaced Wallace with The Trust Company of Oklahoma ("Trust Company").

Shortly after the state court made final the order replacing Wallace with Trust Company, Wallace removed the entire action to the United States District Court for the Southern District of Texas, which is not a federal district within which Bank One's

---

[1] Also pending are Bank One, N.A. and the Trust Company of Oklahoma's Joint Motion to Strike Summons and Return of Service (Document No. 13), and several additional motions filed by Stephen P. Wallace: Motion for Consolidation (Document No. 1); Motion for Finding of Contempt (Document No. 3); Emergency Motions for Expedited Hearing and for Ruling for Finding of Contempt (Document No. 4); Second Emergency Motion for Expedited Hearing and for Finding of Contempt Via Oral Argument (Document No. 5); and Motion to Vacate Two Facially Void Orders Interposed into These Proceedings by James C. Milton's [sic] (Document No. 15). In light of the remand of this case to state court, all other pending motions are DENIED as MOOT.

2

state court action was pending. See 28 U.S.C. § 1446(a). Bank One and Trust Company move to remand for lack of subject matter jurisdiction.[2]

Wallace has wholly failed to show any basis for federal jurisdiction over this case. Bank One's state court petition for construction of a trust pursuant to state law contains no obvious or latent federal question. Nor does Wallace argue that complete diversity exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Indeed, it appears that both Wallace and Trust Company--who stand at odds with each other in this case--are citizens of Oklahoma.[3] Accordingly, it is

ORDERED that Stephen P. Wallace's Emergency Motion to Strike James C. Milton's Motion to Remand (Document No. 12) is DENIED; and it is further

ORDERED that Bank One, N.A.'s and The Trust Company of Oklahoma's Joint Motion to Remand (Document No. 7) is GRANTED, and this case is REMANDED to the District Court of Tulsa County,

---

[2] Wallace identifies no meritorious basis for striking Bank One's and Trust Company's Joint Motion to Remand, and Wallace's Emergency Motion to Strike (Document No. 12) is therefore DENIED.

[3] Although Bank One and Trust Company request that the Court impose sanctions on Wallace for abusive and frivolous litigation, which well may be deserved, they did not file a separate motion required by Fed. R. Civ. P. 11(c)(1)(A). See Elliot v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995). The request for sanctions is DENIED, but Wallace is warned not to engage again in frivolous filings or removals of cases to this Court.

3

Case 4:06-cv-03214-LSC-PRSE Document #: 40 Date Filed: 11/15/2006 Page 5 of 5
Case 1:06-cv-01264-RBW Document 18-20 Filed 11/27/2006 Page 4 of 5
Case 4:04-cv-03131 Document 19 Filed 11/17/2004 Page 4 of 4

Oklahoma pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

The Clerk will mail a certified copy of this Order to the Clerk of the District Court of Tulsa County, Oklahoma, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 17TH day of November, 2004.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4