UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Guardianship of Lisa Frances Wallace, an incapacitated person. | ) ) ) |
| Mary Roma Wallace Jage and Stephen P. Wallace, Appellants, | ) **CASE NO. 1:06-CV-01264** ) Judge Reggie B. Walton ) ) |
| vs. | ) Removed from: ) The Supreme Court of Oklahoma ) Case No. 102931 ) |
| Patricia Wallace Hastings, Appellee. | ) District Court of Tulsa County, ) State of Oklahoma, ) Case No. PG-2002-225 |

## DEFENDANTS' COMBINED MOTION TO DISMISS AND BRIEF IN SUPPORT

This Combined Motion to Dismiss and Brief in Support ("Motion to Dismiss") is in response to a pleading entitled "Complaint" filed in this Court, which appears to attempt to remove a state court appellate proceeding and also to assert claims against several individuals and entities. This Motion to Dismiss is filed by Patricia Hastings, guardian of Lisa Wallace; Ronald J. Saffa, successor co-trustee of several Wallace family trusts; James C. Milton, attorney for The Trust Company of Oklahoma ("Trust Company"), successor co-trustee of several Wallace family trusts; and James Poe, attorney for Patricia Hastings (collectively, "Moving Defendants"). In the underlying state court proceeding, only Patricia Hastings is named as a party (petitioner in the trial-court guardianship matter and appellee in the appeal), but the claims within the "Complaint" appear to be asserted against all of the above Moving Defendants.

Moving Defendants move this Court to Dismiss the Complaint filed by Plaintiff, Stephen P. Wallace, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b). In support of this motion, Moving Defendants state as follows:

I.  **Introduction**

Wallace filed a "Complaint" with this Court on July 14, 2006. It is unclear whether this document is intended to remove a pending action or is also intended to state a new cause of action against the persons identified by Mr. Wallace as "Defendants." In an effort to be thorough, Defendants are filing both a Motion to Remand and a separate Motion to Dismiss to address any issues remaining after the Motion to Remand is addressed by this Court. Defendants have presented a more comprehensive introduction in the Motion to Remand that details the nature of this litigation and the Mr. Wallace's abuse of the judicial system. In an effort to avoid redundancy, Defendants do not rehash that introduction here, but rather direct this Court's attention to the Motion to Remand filed in this proceeding. For the reasons stated below, this Court should dismiss the Complaint with prejudice.

II. **Statement of Facts**[1]

1. Defendant Patricia Hastings is the sister of Mr. Wallace. Mr. Wallace, Ms. Hastings, Lisa Frances Wallace, and their sister Mary Roma Jage are beneficiaries of certain of the trusts that are administered by Trust Company and Mr. Saffa. These trusts are before the state court in Oklahoma for supervision and instructions under state law.

2. Ms. Hastings is the guardian of Lisa Wallace. The guardianship proceedings in which Ms. Hastings was appointed guardian are the subject of the removal in this action. Ms. Hastings is a resident of Oklahoma and has no contacts with the District of Columbia related to the administration of the Wallace trusts or the guardianship of Lisa Wallace.

3. Defendant James C. Milton is the attorney of record for Trust Company. Milton is a resident of Oklahoma. In his capacity as attorney for Trust Company of Oklahoma he has never consented to nor admitted to personal jurisdiction in the District of Columbia. Milton has never

---

[1] The facts set forth in this Statement of Facts are supported by the Declaration of James C. Milton, submitted as an exhibit to this Motion.

2

entered a general appearance on his own behalf in any litigation pending in the District of Columbia.

4. Defendant Trust Company is a successor co-trustee of trusts that are the subject of a state court proceeding, Case No. PT-2002-56 pending in the District Court of Tulsa County, State of Oklahoma. Trust Company is located in Oklahoma and is not registered to do business in the District of Columbia. Trust Company of Oklahoma does not conduct business in the District of Columbia.

5. Defendant Ronald J. Saffa is a successor co-trustee of trusts that are the subject of a state court proceeding, Case No. PT-2002-56 pending in the District Court of Tulsa County, State of Oklahoma. Saffa is a resident of Oklahoma. As successor co-trustee of the Wallace trusts, Saffa has no contacts with the District of Columbia.

6. Defendant James E. Poe is the attorney of record for Patricia Wallace Hastings and also serves as counsel for Mr. Saffa. In his capacity as attorney for Ms. Hastings and Mr. Saffa, Poe has never consented to nor admitted to personal jurisdiction in the District of Columbia. Poe has never entered a general appearance on his own behalf in any litigation pending in the District of Columbia.

### III. Plaintiff fails to state a cause of action upon which relief can be granted

Moving Defendants move to dismiss both Mr. Wallace's claim under Section 1983 and his claim under Section 1985(3) for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Mr. Wallace cannot pursue a Section 1983 claim against Moving Defendants. Moving Defendants are all private individuals or entities and are not government actors. It is clear that a Section 1983 action cannot be maintained against private parties. *Hoai v. Vo*, 935 F.2d 308, 314 (D.C. Cir. 1991). Mr. Wallace's Notice of Removal and Complaint makes no allegation that

Moving Defendants are government actors. In fact, Mr. Wallace's allegations center around Trust Company and Saffa's request for instructions regarding the administration of the Wallace family trusts, and it is well established that a private party cannot be subjected to liability under Section 1983 because of "mere recourse to state or local court procedures." *Id.* at 313. Moreover, "[a]n attorney does not act under color of law in her or his capacity as representative of a client in court." *Id.* at 313 n.5. Mr. Wallace's "complete failure to allege facts that would support a finding of action under color of law . . . affords valid grounds for dismissal of a section 1983 claim." *Id.* at 314. Accordingly, this Court should dismiss Mr. Wallace's Section 1983 claim with prejudice.

Mr. Wallace also fails to state a cause of action pursuant to 42 U.S.C. § 1985(3). Section 1985(3) "provides no substantive rights itself, rather it merely provides a remedy for a violation of the rights it designates." *Brady v. Livingood*, 360 F. Supp. 2d 94, 103 (D.D.C. 2004) (internal citations omitted) (quoting *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 373 (1979)). Section 1985(3) requires that the plaintiff prove a conspiracy to deprive the plaintiff of some constitutionally protected civil rights. 42 U.S.C. § 1985(3). The principal element of a Section 1985(3) conspiracy is an agreement to inflict some wrong on a person and an overt act resulting in that wrong. *Id.* at 104. "A plaintiff must set forth more than just conclusory allegations of an agreement to sustain a claim of conspiracy against a motion to dismiss." *Id.* Mr. Wallace has alleged no facts that would suggest any agreement between the defendants and has alleged no over act that results from that agreement.

In addition, under Section 1985, the plaintiff must allege that "the defendants' actions were motivated by some class-based, invidiously discriminatory animus." *Graves v. U.S.*, 961 F. Supp. 314, 322 (D.D.C. 1997). Like the plaintiff in *Graves*, "[b]eyond alleging that he belongs to several, arguably-protected classes, [Mr. Wallace has] failed to allege a single fact that would

support a claim that any of the defendants' actions were taken because of his status as a member of any of these classes." *Id.* Mr. Wallace has made vague references to his status as a Lebanese-American, but has not alleged any facts that would support a Section 1985 claim that any actions taken by Defendants were taken because he is a Lebanese-American. Mr. Wallace has failed to state a Section 1985 claim and this action should be dismissed.

### IV.   This Court lacks personal jurisdiction over the Defendants

Moving Defendants also move to dismiss this Complaint for this Court's lack of personal jurisdiction over the Moving Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(2). Moving Defendants are all residents of Oklahoma and have no contacts with the District of Columbia sufficient for the exercise of personal jurisdiction.

Mr. Wallace seems to assert that Moving Defendants consented to personal jurisdiction by "entering appearances and conceding jurisdiction to the District Court of Columbia Court in Case No. 1:04CV01717." [Complaint, Doc. 1 at 3 (emphasis omitted)]. A review of the docket in that case reveals that Moving Defendants did not consent to jurisdiction in that case, but rather that certain of the Moving Defendants moved to transfer the case to the Northern District of Oklahoma and that the Court granted that motion. Furthermore, in that action, those Moving Defendants who were named as parties in that action also filed a Motion to Dismiss, *expressly objecting to personal jurisdiction.* [*See* 11/1/2004 Motion to Dismiss or Transfer (Doc. No. 4), filed in D.C. Case No. 04-CV-1717, at pp. 5-6.] Accordingly, the documents filed in Case No. 1:04CV0717 do not constitute a consent to personal jurisdiction in this Court.

Moreover, Moving Defendants are not otherwise subject to personal jurisdiction in this Court. In the District of Columbia, for personal jurisdiction to exist, the defendant must have purposefully established sufficient minimum contacts such that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *FC Inv. Group LC v.*

5

*Lichtenstein*, 441 F. Supp. 2d 3, 8 (D.D.C. 2006) (quoting *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004)). The plaintiff bears the burden of establishing "a factual basis for the Court's exercise of personal jurisdiction over Defendants." *FC Inv. Group*, 441 F. Supp. 2d at 8. To subject themselves to personal jurisdiction in the District of Columbia, the Moving Defendants must have purposefully directed their activities toward a resident of the District of Columbia. *Id.* at 9.

In Mr. Wallace's purported Complaint, he makes no assertions of fact to support this Court's exercise of personal jurisdiction over Moving Defendants, other than his allegation that Moving Defendants consented to personal jurisdiction in a previous case, a statement which is factually incorrect as discussed above. All allegations contained in Mr. Wallace's pleadings involve trusts being administered in Tulsa, Oklahoma and the guardianship of Lisa Wallace, also proceeding in Tulsa, Oklahoma. Mr. Wallace makes no assertions that the Moving Defendants have conducted any business in the District of Columbia or have otherwise availed themselves District of Columbia law. In fact, Mr. Wallace himself is a resident of Oklahoma. Accordingly, personal jurisdiction is not proper in this case and this Court should dismiss Mr. Wallace's Complaint.

V.  **Improper Venue**

This Court presents an improper venue for the assertion of Mr. Wallace's claims and thus this Court should dismiss this action.

Venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Thus, venue in this case is only proper in a judicial district in Oklahoma. Most of the parties (including the Plaintiff and all of the Moving Defendants) reside in Oklahoma. The underlying guardianship case is proceeding in Tulsa, Oklahoma. Lisa Wallace, who is the ward in the underlying guardianship lives in Tulsa, Oklahoma. No event related to the guardianship has occurred in the District of Columbia, except Mr. Wallace's baseless attempts to institute litigation in this Court and to remove cases currently pending in Oklahoma state court to this district. Accordingly, venue is proper only in Oklahoma and this action should be dismissed.

## VI.     Conclusion

For the foregoing reasons, this action should be dismissed, and the Moving Defendants should be awarded their reasonable costs and expenses, including attorney fees, incurred in defending this action.

PATRICIA HASTINGS, RONALD J. SAFFA,<br>
JAMES C. MILTON, and JAMES E. POE<br>
By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____/s/_____

Jennifer L. Sarvadi  (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2006, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Stephen J. Krise
John S. Simcox

I further certify that on the 8th day of December, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

>Stephen E. Wallace
>6528 E. 101st Street, D-1 #304
>Tulsa, Oklahoma 74133

>_____/s/_____
>Counsel