UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Guardianship of Lisa Frances Wallace, an incapacitated person.<br><br>Mary Roma Wallace Jage and Stephen P. Wallace,<br>Appellants,<br><br>vs.<br><br>Patricia Wallace Hastings,<br>Appellee. | **CASE NO. 1:06-CV-01264**<br>Judge Reggie B. Walton<br><br>Removed from:<br>The Supreme Court of Oklahoma<br>Case No. 102931<br><br>District Court of Tulsa County,<br>State of Oklahoma,<br>Case No. PG-2002-225 |

### RESPONSE BY "DEFENDANTS" PATRICIA HASTINGS, RONALD J. SAFFA, JAMES C. MILTON, AND JAMES E. POE TO THE DECEMBER 15, 2006 "COUNTER MOTION" (DOC. NO. 21) FOR APPOINTMENT OF RECEIVER, INTERIM TRUSTEE, COURT ORDERED FORENSIC AUDIT, AND INDEPENDENT GUARDIAN, FILED BY "PLAINTIFF" STEPHEN P. WALLACE

This Response is filed by Patricia Hastings, guardian of Lisa Wallace; Ronald J. Saffa, successor co-trustee of several Wallace family trusts; James C. Milton, attorney for The Trust Company of Oklahoma ("Trust Company"), successor co-trustee of several Wallace family trusts; and James Poe, attorney for Patricia Hastings (collectively, "Responding Defendants").

This action is an attempted removal of a state-court appeal from a state-court guardianship proceeding. Of the Responding Defendants, only Patricia Hastings is named as a party in the underlying state-court action. Ms. Hastings is the state-court Petitioner in the trial-court guardianship matter and appellee in the state-court appeal that is the subject of this attempted removal. But the claims within the "Complaint" (Doc No. 1) and the "Counter Motion" (Doc. No. 21) filed in this action appear to be asserted against all of the above Responding Defendants. These documents were filed by state-court Respondent Stephen P. Wallace, who in this action has denominated himself as a Plaintiff.

The Responding Defendants respectfully state that the December 15, 2006 "Counter Motion" is a continuation of a long-running pattern of litigation abuse by state-court Respondent Stephen P. Wallace. In an effort to stem the financial damage caused by Mr. Wallace's litigation abuse, the Respondent Defendants respectfully adopt and incorporate the arguments contained in (1) the December 8, 2006 Motion to Dismiss (Doc. No. 20), in which the Responding Defendants urge dismissal of the claims against them on the basis of a lack of personal and subject-matter jurisdiction, (2) the November 27, 2006 Motion to Remand (Doc. No. 19), in which "Defendants" J.P. Morgan Chase & Co. and James E. Weger urge remand of the underlying appeal, and (3) the November 27, 2006 Motion to Dismiss (Doc. No. 16), in which four sitting Oklahoma state judges demonstrate that subject-matter jurisdiction is lacking, venue is inappropriate, and removal is improper.

In addition, the Responding Defendants respectfully show the Court that (1) the appointment of a receiver is an extreme remedy and should not be granted without a sufficient showing, *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-17 (8th Cir. 1993), (2) the appointment of an interim trustee would be barred by the *Rooker-Feldman* doctrine and doctrines of abstention and claim and issue preclusion as demonstrated in the briefs referenced in the preceding paragraph, (3) court appointment of an expert, such as a forensic auditor, is appropriate only in compelling circumstances not present here, *Applegate v. Dobrovir, Oakes & Gebhardt*, 628 F.Supp. 378, 383 (D.D.C.1985),[1] and (4) the appointment of an interim guardian would similarly be barred by the *Rooker-Feldman* doctrine and doctrines of abstention

---

[1] It is worth noting that Mr. Wallace has requested these same forms of relief repeatedly, including most recently in the U.S. District Court for the District of Nebraska. In D. Neb. Case No. 4:06-CV-3214, the U.S. District Court for the District of Nebraska recently entered an Order dismissing Mr. Wallace's claims on the basis of failure to state a claim. [12/18/2006 Memorandum and Order (Doc. No. 57), entered in D. Neb. Case No. 4:06-CV-3214.] Mr. Wallace's requests for receivership and similar relief were denied as moot.

and claim and issue preclusion as demonstrated in the briefs referenced in the preceding paragraph.

Finally, the Responding Defendants respectfully suggest to the Court that Mr. Wallace has demonstrated a desire and current ability to abuse the Court's docket through improper filings. Indeed, based upon the very same type of conduct by Mr. Wallace, the U.S. Bankruptcy Court for the Northern District of Oklahoma entered filing restrictions against Mr. Wallace on December 31, 2002. *In re Wallace*, 288 B.R. 139 (N.D. Okla. Bankr. 2002). In imposing filing restrictions, U.S. Bankruptcy Judge Terrence L. Michael held as follows:

> The Court concludes that Mr. Wallace has engaged in a pattern of abusive behavior, as illustrated by the pleadings described above. Mr. Wallace has made derogatory accusations against every attorney and judicial officer involved in this bankruptcy case, including his own (former) counsel. He has never presented one scintilla of evidence in support of these allegations. Most recently, after being called to task with respect to this conduct, Mr. Wallace has begun to challenge the jurisdiction of this Court, alleging the existence of a "secret bankruptcy" some seventy years ago which somehow destroyed our entire economic system as we know it. Each of these pleadings consumes the time and energy of the parties, their attorneys and the Court. The time has come for them to stop.

*In re Wallace*, 288 B.R. 139, 148 (N.D. Okla. Bankr. 2002).

Similar filing restrictions were entered by the U.S. District Court for the Northern District of Oklahoma. [11/9/2006 Motion to Remand (Doc. No. 4 in D.C. Case No. 06-CV-1817), at Ex. 7, 8, 9, 10 (Docs. No. 15, 16, 17).]

Facing filing restrictions in the U.S. District Court for the Northern District of Oklahoma, Mr. Wallace has sought out federal courts that will tolerate his abusive behavior and his manipulation of the courts' dockets. With three attempted removals currently on the docket of the U.S. District Court for the District of Columbia, each attempting removal of cases from

3

Oklahoma state courts, it is clear that Mr. Wallace believes that he has found a court that will tolerate his abusive behavior.

Trust Company and Mr. Saffa respectfully suggest that filing restrictions, while an extreme remedy as noted by the U.S. Bankruptcy Court for the Northern District of Oklahoma, *In re Wallace*, 288 B.R. at 148, may be the only solution to the now frequent abusive filings made by Mr. Wallace in this Court.

For these reasons, the Responding Defendants respectfully request that the Court deny the December 15, 2006 "Counter Motion" (Doc. No. 21). The Responding Defendants further suggest that the Court should enter filing restrictions against Mr. Wallace of the same nature as entered against him in the U.S. District Court for the Northern District of Oklahoma and in the U.S. Bankruptcy Court for the Northern District of Oklahoma, as noted above.

          PATRICIA HASTINGS, RONALD J. SAFFA,
          JAMES C. MILTON, and JAMES E. POE
          By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____/s/_____

Jennifer L. Sarvadi  (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## CERTIFICATE OF SERVICE

     I hereby certify that on this _____ day of December, 2006, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Stephen J. Krise
    John S. Simcox

     I further certify that on the 8th day of December, 2006, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

                Stephen E. Wallace
                6528 E. 101st Street, D-1 #304
                Tulsa, Oklahoma  74133

                                      /s/
                                    Counsel