IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| JERRY R. FENT, as a resident taxpayer, citizen and voter of the State of Oklahoma, and all other similar persons, | )<br>)<br>)<br>)<br>) | FILED<br>SUPREME COURT<br>STATE OF OKLAHOMA<br>DEC 18 2006<br>MICHAEL S. RICHIE<br>CLERK |
| Petitioner, | ) | |
| v. | ) | Case No. 103,714 |
| CONTINGENCY REVIEW BOARD, a State of Oklahoma Agency; BRAD HENRY, Governor of Oklahoma; TODD HIETT, Speaker of the House, and MIKE MORGAN, President Pro Tempore of the Senate, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Respondents. | ) | |

**PETITIONER'S RESPONSE AND BRIEF TO
RESPONDENT'S "NOTICE OF FUND DISBURSEMENT" PLEADINGS**

COMES NOW, the petitioner, Jerry R. Fent, ("FENT") and files his response to the Respondent's "Notice of Fund Disbursement" pleading filed on December 8, 2006.

This original jurisdiction **publici juris** action involves the "full legislature's creation of **(a)** an unconstitutional, unlawful, illegal and void ab initio "Contingency Review Board" ("CRB") of the **executive branch** by 74 O.S. 2001 §§ 3605et. seq. being in violation of Oklahoma Constitution, Article 4, Section 1, **"Separation of Power"** in which the majority (two of the three) of its executive branch members are present **legislators (b)** being in violation of Oklahoma Constitution, Article 5, Section 23, **"Dual office prohibition"** and **(c)** said members act of approving the **funding** of State's Fifteen million dollars to the Ardmore Municipal Airport and Five million dollars loaned to Oklahoma Global Motors, LLC, a private corporation, were unconstitutional, unlawful, illegal and **void ab initio**.



Under the facts of this case, the petitioner was very fast in that:

(a) First meeting of CRB on July 28, 2006 authorizing "Funding Resolution", and

(b) This action filed on August 29, 2006.

The petitioner could have waited until all the $20 million funding construction, etc., was performed and then within the Statutes of Limitation, 12 O.S. 2001 § 95 to file this same action.

The main legal problems with this case is that there was a 1982 Oklahoma Attorney General Opinion No. 82-183 that the CRB was unconstitutional and in the 2002 case of <u>In the Matter of the Application of the OKLAHOMA DEPARTMENT OF TRANSPORTATION FOR APPROVAL OF NOT TO EXCEED $100 MILLION OKLAHOMA DEPARTMENT OF TRANSPORTATION GRANT ANTICIPATION NOTES, SERIES 2002;</u> 2002 OK 74; P.3d 546, it was discussed and dicta was made that the "Contingency Review Board" ("CRB") was unconstitutional.

These public officials have lost their protection by acting in conflict with a 24 year prior AG opinion and a 4 year old case confirming the AG's opinion!

## I.

**THE COURT WILL NOT RESEARCH RESPONDENT'S QUESTIONS OR THEORY IN THE ABSENCE OF ANY RESPONDENT CASES OR STATUTES CITED.**

The Respondents, Contingency Review Board ("CRB") and Governor Bard Henry, file an instrument of six pages and four exhibits asking some type of question and answers **without** giving the court one case or statute as a basis for their question(s).

2

Naked argument unsupported by facts or legal argument is without merit and will be treated as waived. Oklahoma City Urban Renewal Authority v. City of Oklahoma City, 2005 OK 2, 110 P.3d 550.

Failure to cite legal authority to something in the record of a case is tantamount to failure to brief. Bill Brown Mtr., Inc. v. Crane, 1978 OK ____, Okla. Appl. Div. 1; 589 P.2d 708.

See numerous cases of dismissal and/or non-consideration of argument not supported by cited cases or statutes within Oklahoma Supreme Court Rule 1.11 BRIEFS.

## II.

### RESPONDENTS SUBMITT NO LEGAL AUTHORITY FOR THEIR "PROCEDURAL" PLEADING FOR THIS COURT.

To file such a "Notice of Fund Disbursement" pleading, the respondents give no legal procedural authority by cases or statutes.

Also, the Oklahoma Supreme Court Rules of 12 O.S. 2001 Ch. 15, App. 1, Rule 1.190 et. seq. do not authorize such additional "NOTICE" pleading plus new exhibits attached in an original proceeding.

A plausible but not convincing argument which is unsupported by citations of authority is not sufficient to overcome presumption of correctness. Messler v. Simmons Gun Specialties, Inc., 1984 OK ____, 687 P.2d 121.

See numerous cases of dismissal and/or non-consideration of argument not supported by cited cases or statutes within Oklahoma Supreme Court Rule 1.11 BRIEFS.

## III.

### RESPONDENTS SUBMITT NO LEGAL AUTHORITY FOR THEIR "SUBSTATIVE" QUESTIONS OR THEORY.

Within the respondents six page and four exhibit "Notice of Fund Disbursement" pleading, the respondents give no substantive cases or statutes to justify any new court action outside the real original issues of this case.

Absence of legal authorities on point of error was deemed abandonment of such point. Perry v. Meek, 1980 OK ____, 618 P.2d 934.

See numerous cases of dismissal and/or non-consideration of argument not supported by cited cases or statutes within Oklahoma Supreme Court Rule 1.11 BRIEFS.

IV.

**PETITIONER'S "STANDING" AND "ACTION" CASES CONTESTING STATE SPENDING GIVES NO AUTHORITY FOR RESPONDENT'S PLEADING.**

The petitioner's "standing" and "action" is based upon numerous cases cited in the original "Application to Assume Jurisdiction" filed on August 29, 2006.

For cases authorizing the common law based taxpayers' attack on public spending see Vette v. Childers, 1924 OK 190, 228 P. 145; Kellogy v. School Dist. No. 10 of Commanche County, 1903 OK 81, 74 P. 110, 116; OPEA v. Central Services, 2002 OK 71, 55 P.3d 1072; Payne v. Jones, 1944 OK ____, 146 P.2d 113; 117 and Town of Afton v. Gill, 1916 OK 393; 57 Okl. 36, 156 P. 658.

None of these cases either support or give authority for the respondent's pleading. We can find no case directing security where the taxpayer did not request a temporary injunction or temporary restraining order.

V.

**RESPONDENTS REQUESTING AN INTERMEDIATE OR TEMPORARY RULING UPON THE MERITS OF A CASE PRIOR TO THE FINAL OPINION IS NOT SUPPORTED BY ANY RESPONDENT LAW.**

4

Unknown to the petitioner, a State Warrant, dated July 25, 2006, in the amount of $5 million was created for the Ardmore Development Authority ("ADA") **prior** to the CRB meeting of July 28, 2006.

When preparing for this case, we ask the secretary to the CRB for all papers of the meeting of July 28, 2006. No "Funding Agreement" instrument was disclosed or given to us!

Now it is admitted that a $5 million check was sent to the ADA **prior** to the filing of this case.

Pursuant to the "Funding Agreement" that has no terms, dates, conditions, etc. and what appears to be an undisclosed contract with ADA an additional disbursement of $489,932 is due.

The "Funding Agreement" and "Funding Resolution" are respondent's EXHIBITS "A" and "B". The "Funding Resolution" and "Funding Agreement" disclosed no why, what for, when, etc. as to this additional amount is or was due.

In respondent's WHEREFORE paragraph on page 4 of its "NOTICE" pleading they state:

> ". . . The latter amount shall be disbursed unless otherwise directed by this Court. In the event the Court should order said amount not to be disbursed, Respondents request that Petitioner Fent be required to post a good and sufficient surety bond or other security in the amount of $20 Millions to secure against harm to Respondents by virtue of Petitioner Fent's action, pending the final resolution of this matter."

Now, the respondents want the court to approve this additional disbursal of the $489,932. Why? One of the reasons we can think of is the respondents are **"testing"** the court as to the final opinion to be filed in the case. Also, the respondents may be attempting to create an **"immunity status"** by later stating: "the court said we could do

5

it" or "the court allowed us to do it by being silent" to the $489,932 payment and even to the prior $5 million check?

Another theory is getting this case dismissed before the final opinion and order is filed. What is going on? Who? Why?

## VI.

### RESPONDENT IS REQUESTING THE COURT ANSWER A "BUSINESS QUESTION" AND NOT A QUESTION OF LAW.

The CRB and its members are **"free"** to do all acts within the Oklahoma Constitutional limitations!

Should the respondents **pay** the additional claim for $489,932 or should the respondents **not pay** the additional claim for $489,932, that is their question.

**No** prohibition of continued payments are at issue in the case! However, all new payments are subject to the final constitutional issues of this case!

Respondents purpose of its "NOTICE" pleading is on its page 4 which states:

> ". . . However, in an abundance of caution and to be completely forthcoming with the Court, Respondents thought it important to advise all interested parties of its intentions."

**This court does not issue advisory opinions or rulings!**

All this new respondent pleading brings to the court is a **reasonable prudent business decision** of the CRB to pay or not pay during a pending constitutional issue case.

The paying or not paying the additional money by the CRB's member approval is **not** a legal question in which the Supreme Court has jurisdiction over.

The petitioner is **not** liable for any ex parte court order directing said amount to be or not to be disbursed! This is an "executive branch" decision!

6

No such temporary relief or requirement was requested by petitioner and the respondents admit this in their notice pleading.

## VII.

**FOR THE COURT TO REQUIRE A $20 MILLION SECURITY UNDER THE FACTS AND LAW OF THIS CASE WOULD BE A DENIAL OF OPEN ACCESS TO THE COURTS, DUE PROCESS AND EQUAL PROTECTION OF THE LAW.**

The respondents and this court know that the petitioner can not make any $20 million security in this case. I also admit this! It is just an underhanded theory to get the case dismissed by a denial of open access to the courts, due process and equal protection of the law. See Oklahoma Constitution, Article 2, Section 6 "Open Courts" and U.S. Constitution, 5th and 14th Amendments "Due process" and "Equal protection of law".

Also, see Timothy M. Baryellone v. Patricia Presley, 2005 OK 86; 126 P.3d 588 for case discussion on unreasonable costs, fees, etc. to have open access to the courts.

What is illogical about respondents argument is that the $5 million CRB check was already sent to ADA **before** the filing of this case. Why request security on $5 million already spent on this project? Security is usually requested for "money to be spent" and not for "money already spent" when a party requests injunctive relief at the **outset of the case!**

It is interesting to note that any authority to issue a check or/and execute a contract with the Ardmore Development Authority ("ADA") **prior** to an open meeting of the CRB authorizing these acts may have been a violation of the Oklahoma Open Records Act of 51 O.S. 2001 § 24A.1 et. seq.

## CONCLUSION

What is the purpose of the respondents notice pleading? Why? There appears to be more behind this than said? Who is talking to whom? And, what about?

There was no legal authority given or cited for this notice pleading by the respondents and the court lacks jurisdiction to comment, direct, execute or order any temporary or not temporary acts involving these issues or nonissues of this case.

Lets have a final order in this case! It has been a long time since its filing!

Dated this 12 day of December, 2006.

Respectfully submitted,

By: _____
Jerry R. Fent, OBA #2868
1830 N.W. 18th Street
Oklahoma City, OK 73106
(405) 528-4707
PRO SE PETITIONER

## CERTIFICATE OF MAILING OR DELIVERY

This is to certify that a true and correct copy of the above and foregoing either mailed or hand-delivered this 12 day of December, 2006 to:

1. W.A. Drew Edmondson
   Oklahoma Attorney General
   Lynn C. Rogers, OBA #7722
   Scott Boughton, OBA #991
   Assistant Attorneys General
   313 N.E. 21st Street
   Oklahoma City, OK 73105

2. Judith S. King, Esq.
   Oklahoma State Senate
   State Capitol, Room 309
   Oklahoma City, OK 73105

3. Lee Slater, Esq.
   P.O. Box 14785
   Oklahoma City, OK 73113-0785

4. Mr. Edwin Kessler
   1510 Rosemont
   Norman, OK 73072-6337

_____
Jerry R. Fent