UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA F. WALLACE, a developmentally disabled person, by and through her next friend, co-trustee and brother, STEPHEN P. WALLACE; STEPHEN P. WALLACE, Individually; and all those similarly situated in the class, </br></br>Plaintiffs, </br>v. </br></br>PATRICIA W. HASTINGS, et al. </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) **Case No. CIV-06-1264 RBW** ) ) ) ) ) |

### DEFENDANTS WATT, WINCHESTER, FRIZZELL AND SHAFFER'S MOTION FOR SANCTIONS

Defendants, Oklahoma State Supreme Court Chief Justice Joseph M. Watt, Vice-Chief Justice James R. Winchester, Gregory K. Frizzell, Presiding District Judge for the District Court of Tulsa County, State of Oklahoma, and Tulsa County District Judge Ronald Shaffer, jointly appear and pursuant to Rule 11 of the Federal Rules of Civil Procedure, respectfully move the Court to impose sanctions upon Plaintiff Stephen P. Wallace for Wallace's violation of Rule 11(b) and to deter future violations of this Rule by Wallace. Further, Defendants move the Court to grant them the reasonable attorney's fees incurred in presenting this Motion and as a result of such Rule 11 violations.

Defendants certify to the Court that Plaintiff was served in accordance with Fed. R. Civ. P. 5(b)(2)(B) by mailing a copy of their Motion for Sanctions to Plaintiff Stephen Wallace's last known address on December 21, 2006. (See Exhibit 1, Letter to Wallace). Defendants further certify to the Court that Plaintiff failed to withdraw or appropriately correct the violations pointed out in the

Defendants' Motion for Sanctions within 21 days of the date of service.[1] In support of their Motion for Sanctions, Defendants submit the following for the Court's consideration:

**BRIEF IN SUPPORT**

**ARGUMENT AND AUTHORITIES**

1. **Stephen Wallace's Allegations And Factual Contentions In His "Objection To All Defendants' Motions To Dismiss" Are Conspicuously False And Without Evidentiary Support**.

    A. **Allegation that Defendants were involved in Lorice Wallace's death.**

In response to the various motions filed by the Defendants, Stephen Wallace filed "Plaintiffs' Objection to All Defendants' Motions to Dismiss, Motions to Remand and Plaintiff's (sic) Counter Motion for Appointment of Receiver, Interim Trustee Court Ordered Forensic Audit and Independent Guardian." (Dkt. No. 21). (Hereinafter referred to as "Objection")  In the first paragraph of Wallace's Objection, which he titles, "Fact," Wallace appears to rebut the motion to dismiss filed by Defendants JPMorgan Chase and James Weger when he states that Bank One, N.A., interim co-trustee of the Frank A. Wallace Trust of 1974, never entered an appearance on behalf of Wallace's sister, Plaintiff Lisa Wallace, at any time during the course of seven years of litigation. One of the apparent parties to this litigation, Wallace's sister, Roma Wallace Jage, was also the guardian of Wallace's mother, Lorice Wallace, until, as Wallace puts it, "Lorice's horrid death by drug overdose by Defendants in collusion in May 2003." (Objection at 2).

---

[1] Rule 11 requires that "[a] motion for sanctions ⋯ shall be served [on the opposing party] ⋯ and shall not be filed unless, within 21 days after service of [such] motion ⋯ the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A).

In essence, Wallace is accusing esteemed members of the Oklahoma judiciary of having a role in the death of Lorice Wallace. This groundless and pernicious statement has no place in any civil discourse, let alone in a filing presented to the Court. Because Wallace has absolutely no evidence or facts to support such an outrageous allegation, and because it has no bearing on the validity of any of his claims, it was made for no other reason than to disparage, persecute and harass the Defendants. When applying Rule 11, the Court should bear in mind that it is "aimed at curbing abuses of the judicial system." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 397(1990). Clearly, Wallace is abusing the judicial system when he uses his legal filing as a platform not for presenting proper legal arguments, but for presenting as fact comments that are false and defaming. This statement alone should invite sanctions upon Wallace; but at the very least, it should alert the Court that Wallace's claims are founded on the basis of retaliation rather than from a violation of his rights.

  **B. Allegation that Defendants are part of a criminal conspiracy and enterprise.**

Wallace's Objection goes on to state, also under the heading of "Fact," that the Defendants engaged in a criminal and civil conspiracy against Plaintiff Lisa Wallace in an effort to "convert her Liberty and Trust assets for their sole use and benefit." (Objection at 2). Wallace further alleges that the Defendants are "guilty" of "aiding and abetting a criminal enterprise." *Id.* This is not the first time Wallace has espoused such baseless conspiracy claims, which routinely have been part of all of his causes of action. Most recently, for instance, Wallace alleges in his "Complaint"[2] that Defendants have engaged in an ongoing conspiracy to deprive Plaintiffs of their constitutional rights, that Defendants conspired to "assert dominion" and "adverse possession" over Lisa Wallace's

---

[2] Although his pleading is titled a Complaint, Wallace asserts therein that he is removing his Oklahoma state case to this Court.

person, property and liberty, colluded to "absorb Plaintiffs' $30 million Estate," and conspired to deny Lisa Wallace equal protection of the law on the basis of her disability. (*See generally* Complaint). Not once has Wallace provided any factual or evidentiary support to corroborate these claims and not once has any court ruled in his favor on such claims, for the simple reasons that they are false and frivolous.

### C. Allegation of racial discrimination.

Finally, in perhaps one of the most detestable examples of Wallace's frivolous and harassing claims, is Wallace's allegation that the Defendants are members of some nefarious criminal element akin to a modern day version of the Ku Klux Klan. (Objection at 3). Wallace states that the conduct he ascribes to the Defendants was based on their racist motives and anti-Semitic prejudice. *Id*. For at least partial proof of these claims, Wallace cites the case of *Opala v. Watt*[3], in an attempt to show that Defendants Watt and Winchester in the past practiced anti-Semitic discrimination, in particular against their fellow Oklahoma Supreme Court Justice, Marian Opala. Wallace is either ignorant of the nature of Justice Opala's suit or he chooses to ignore it, which exemplifies the nature of Wallace's litigation history - he either fails to make an inquiry into the law and the facts before signing his pleadings, or he simply chooses to assert facts known to him to be false.

Regardless of the fact that there was no allegation of racial discrimination in *Opala*, Wallace offers not a scintilla of evidence to lend support to his claim that the Defendants racially discriminated against him or Lisa Wallace. Instead, having failed to prevail on the merits of his

---

[3] Justice Opala's suit alleged a violation of the Equal Protection Clause due to his age and a violation of his due process rights when the Oklahoma Supreme Court Justices voted to amend the rules for appointment to Chief Justice, resulting in his exclusion from that position. *Opala v. Watt,* 454 F.3d 1154 (10th Cir. 2006), *cert. denied*, ___ S. Ct.___, 2006 WL 3037644.

claims at every turn, Wallace now routinely laces his filings with such allegations, which do nothing to advance his ostensible legal arguments or support his factual contentions. To the contrary, Wallace's statements are harmful and derogatory to the Defendants and they should not be disregarded without penalty.

> **2.  Because Wallace's Claims Are Frivolous, Are Presented For An Improper Purpose, And Lack Evidentiary Support, Wallace Is In Violation Of Fed. R. Civ. P. 11 And Is Subject To Sanctions.**

Although the Defendants argued in their Motion to Dismiss (Dkt. No. 16), that the Court lacked personal jurisdiction over the Defendants and subject-matter jurisdiction over Plaintiffs' claims, the Court is not divested of its power to impose sanctions on Wallace for violating Rule 11. *See Willy v. Coastal Corp.,* 503 U.S. 131, 137-38 (1992) (district court may impose sanctions, pursuant to Fed. R. Civ. P. 11, for abuse of judicial process, even though it is determined that district court had no subject matter jurisdiction), *reh'g denied,* 504 U.S. 935 (1992).

Factors to be considered in determining whether sanctions are warranted include:

> [1][w]hether the improper conduct was willful, or negligent; [2] whether it was part of a pattern or activity, or an isolated event; [3] whether it infected the entire pleading, or only one particular count or defense; [4] whether the person has engaged in similar conduct in other litigation; [5] whether it was intended to injure; [6] what effect it had on the litigation process in time or expense; [7] whether the responsible person is trained in the law; [8] what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and [9] what amount is needed to deter similar activity by other litigants.

Fed. R. Civ. P. 11 advisory committee's note (1993).

In their respective motions to dismiss, all of the named Defendants in this case have presented a sufficient background of Wallace's multiple legal actions and pattern of misconduct.

5

For example, Wallace has pursued well over 20 civil actions in federal and state courts related to the guardianship of his sister and the administration of the Wallace family trust, all of which have either been denied, dismissed or transferred. Indeed, in response to Wallace's continuing practice of bringing new lawsuits on the same issues, other courts have sanctioned or reprimanded Wallace with regard to frivolous actions filed by him related to the guardianship of Lisa Wallace or the Wallace Family Trusts. Yet, Wallace persists. Based on the repeated baseless litigation by Wallace in this and other jurisdictions relating to the matters complained of in the instant case, particularly in the face of prior judicial warnings that continuing such conduct would result in sanctions, the Court can be convinced that similar additional warnings will not suffice.

What is worse is that Wallace has now resorted to presenting false and frivolous claims to the Court, the most recent example of which can be found in his Objection. Wallace's pleadings and motions, to include his Objection, consume a substantial amount of counsel's time and resources (not to mention the judicial resources of the courts) by requiring counsel for the Defendants to sift through Wallace's disorganized filings, decipher his claims, research Wallace's lengthy, tangled history of litigation, and ultimately defend against frivolous, insulting claims filed in state and federal district courts in both Oklahoma and the District of Columbia.

Defendants recognize that Wallace is *pro se* and not trained in the law, which normally could explain the lack of cognizable legal arguments and the procedural deficiencies in Wallace's filings. However, a lack of legal training or familiarity with the law provides no excuse for presenting the false allegations made by Wallace in the instant case. In fact, Wallace's history of litigation, and the vast number of rulings and admonishments handed down in response to his prior actions, presupposes Wallace being well-versed by now in what is proper and what is not. *See Vasile v. Dean*

6

*Witter Reynolds Inc.,* 20 F.Supp.2d 465, 505-08 (E.D.N.Y.1998) (imposing sanctions on *pro se* litigant after repeated warnings regarding improper filings). Further, as the saying goes, ignorance of the law is no excuse. For example, *pro se* litigants are commonly held to the same standards as attorneys and are routinely advised of their responsibility to be familiar with and abide by the Federal Rules of Civil Procedure and the local rules of a court. Rule 11(b) cautions both attorneys and *unrepresented parties* against making frivolous, harassing and improper representations to the court. Indeed, pursuant to Rule 11, the signature of an unrepresented party on a pleading certifies that the pleading is not intended to harass or is not frivolous. A court, upon finding that this provision has been violated, must impose sanctions against the violator. *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Serv., Inc.,* 9 F.3d 1263, 1270 (7th Cir.1993).

In order to avoid sanctions under Rule 11, a person's actions must be objectively reasonable. *Adamson v. Bowen,* 855 F.2d 668, 673 (10th Cir.1988). While the Court should consider Wallace's *pro se* status, Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 548 (1991). Thus, the standard of objective reasonableness under the circumstances applies whether the person against whom sanctions are sought is an attorney, a *pro se* litigant, or both. *See Segarra v. Messina,* 153 F.R.D. 22, 29 (N.D.N.Y.1994) (holding a plaintiff who appeared *pro se*, but who was also an attorney, to the same objective standard as counsel representing a third party). It is not reasonable by any standard for a party to engage in such deleterious behavior as deliberately making unfounded claims or presenting false allegations as fact.

Although it is the statements made in his Objection that have prompted the filing of this Motion for Sanctions, Wallace's behavior in general has persisted far too long without consequence.

According to Rule 11, "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to *deter* repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2) (emphasis added). "[T]he sanction may consist of, or include, sanctions of a nonmonetary nature, [or] an order to pay a penalty into court…." *Id*. The Court may also order payment to the movant "some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.*

Accordingly, the Defendants respectfully move the Court to grant their Motion and impose appropriate sanctions upon Stephen Wallace sufficient to prevent further abusive, improper conduct. At the very least, Defendants move that Wallace's Objection be stricken. Additionally, Defendants move the Court for an Order requiring Stephen Wallace to pay the reasonable attorney fees associated with the presentation of this Motion. Finally, Defendants urge the Court to impose a restriction on Wallace requiring him to seek leave of the Court before filing any future pleading in the District of Columbia relating in any way to the guardianship of Lisa Wallace or the Wallace family trusts.

Respectfully submitted,

s/ Stephen J. Krise
**STEPHEN J. KRISE, OBA #17948**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 N. E. 21st Street
Oklahoma City, Oklahoma  73105
Tele: (405) 521-4274   Fax: (405) 521-4518
Stephen_Krise@oag.state.ok.us

Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2007, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Jennifer L. Sarvadi | John Sears Simcox |
| Leclair Ryan, PC | SIMCOX & BARCLAY |
| 225 Reinekers Lane, Suite 700 | 170 Jennifer Road, Suite 200 |
| Alexandria, VA  22314 | Annapolis, MD  21401-3064 |
| *Counsel for Defendants Hastings, Saffa, Milton, Poe and Fears* | *Counsel for James Weger and JP Morgan Chase & Co. (New York)* |

I further certify that on January 23, 2007, I served by U.S. Mail, postage prepaid, the following person who is not a ECF registrant:

Stephen P. Wallace
Lisa F. Wallace
6528 E. 101 Street
Apartment D-1 #304
Tulsa, Oklahoma  74133
*Plaintiffs Pro Se*

s/ Stephen J. Krise
Stephen J. Krise
