UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Guardianship of Lisa Frances Wallace, an incapacitated person. | ) ) ) |
| Mary Roma Wallace Jage and Stephen P. Wallace, Appellants, | **CASE NO. 1:06-CV-01264** ) Judge Reggie B. Walton ) ) Removed from: |
| vs. | ) The Supreme Court of Oklahoma ) Case No. 102931 ) |
| Patricia Wallace Hastings, Appellee. | ) District Court of Tulsa County, ) State of Oklahoma, Case No. PG-2002-225 |

**JOINT BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION (DOC. NO. 26)**

This Joint Brief in Opposition is in response to a pleading entitled "Motion for Order Enjoining the Oklahoma Court of Civil Appeals and Tulsa County District Court from Proceeding to Criminally Convert Petitioners Irrevocable Trust Assets in Direct Contempt of this Courts Jurisdiction," filed by Stephen Paul Wallace,[1] and which appears to attempt to enjoin state court appellate proceedings and to obtain the appointment a receiver or order a forensic audit.[2] This Brief in Opposition is filed on behalf of Patricia Hastings, guardian of Lisa Wallace, Ronald J. Saffa, successor co-trustee of several Wallace family trusts; James C. Milton, attorney for the Trust Company of Oklahoma ("Trust Company"), successor co-trustee of several Wallace

---

[1] Mr. Wallace is a state-court respondent and appellant, but has assumed the status of "plaintiff" in this federal-court removal action. This Brief in Opposition will reference Mr. Wallace as "Plaintiff."

[2] The Court's docket indicates that the Plaintiff's Motion was filed on February 2, 2007, but the entry shows that it was entered on February 21, 2007. The Motion, however, contains reference to events on dates subsequent to February 2, 2007, and indicates that it was mailed to the Defendants on February 19, 2007. On this basis, it is apparent that the document was filed on February 21, 2007. The Court's docket appears to contain an inadvertent error regarding the Motion's filing date.

family trusts, and James Poe, attorney for Patricia Hastings (collectively, "Responding Defendants").[3]

This action is purportedly a removal of a Tulsa, Oklahoma state-court guardianship proceedings and appeals. On November 27, 2006, Defendants JP Morgan Chase & Co. and James E. Weger filed a Motion to Dismiss or in the Alternative to Remand (Doc. No. 18). On December 8, 2006, the Responding Defendants filed a Motion to Dismiss (Doc. No. 20) and suggested that remand would be an appropriate form of relief. Both of these motions remain at issue before the Court.

Though he provides no support in his Motion, the Plaintiff nevertheless requests that the Court (1) vacate or enjoin orders of the Oklahoma Court of Civil Appeals and Tulsa County District, (2) appoint a receiver of its choosing, and (3) appoint Dana Cole & Co. as forensic auditor. As with every other form of relief sought by Plaintiff in this case, the Court should not grant the Plaintiff's requests. Further, this Court will recognize that Plaintiff's Motion requests or presumes the same relief as requested by Plaintiff in a related case before the Court, namely D.C. Case No. 06-CV-1817-RBW.

## I. THE COURT SHOULD NOT ENJOIN ANY PENDING STATE-COURT LITIGATION.

As noted above, the Plaintiff requests that this Court vacate orders of the Tulsa County District Court and the Oklahoma Court of Civil Appeals. The Plaintiff does not give reason as to why these orders should be vacated nor any authority for the Federal District Court for the District of Columbia to enjoin Oklahoma state courts. While Plaintiff enthusiastically accuses Judge Bay Mitchell of the Oklahoma Court of Civil Appeals of "Direct Contempt" of this Court,

---

[3]   The Responding Defendants hold various statuses in the underlying state-court action, including the status of Petitioner, Respondent, and counsel of record. The Plaintiff has identified the Responding Defendants as "Defendants" in his documents filed in this removal action.

2

Plaintiff does not provide a legal basis for such contempt or for this Court's jurisdiction beyond his own nearly incoherent pleadings. For those reasons alone, the Plaintiff's request should be denied. This Court lacks authority to enjoin the judicial acts of state courts.

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in the aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The U.S. Supreme Court has stated that this "Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 286 (1970). Moreover, the three exceptions "should not be enlarged by loose statutory construction." *Id*. at 287.

As indicated above, the first exception to the prohibition is for injunctions expressly authorized by Act of Congress. *See* 28 U.S.C. § 2283. In this case, the Plaintiff has cited no statute authorizing an injunction under the circumstances of this case, nor can one be found.

The second exception pertains to situations where an injunction is necessary in the aid of the district court's jurisdiction. *See* 28 U.S.C. § 2283. This exception only applies in strictly limited circumstances. *See* 17A MOORE'S FEDERAL PRACTICE 3D, § 121.07[1] (2006). For example, a court cannot "ignore the limitations of § 2283 and… enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." *Atlantic Coast R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 294 (1970). Moreover, "if the District Court does have jurisdiction, it is not enough that the requested injunction is related to that jurisdiction, but it must be necessary in aid of that jurisdiction." *Id*. at 295. Thus, it must be

shown that "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id*. In addition, where a state court has previously obtained jurisdiction over a res, such a trust, the federal court should not exercise jurisdiction. *See* 17A MOORE'S FEDERAL PRACTICE 3D, § 121.07[2][d][ii] (2006).

In this case, the Plaintiff has made no showing as to why an injunction will aid this Court in the exercise of its jurisdiction, let alone a showing that an injunction is necessary to that purpose. Furthermore the Defendants have demonstrated by virtue of their motion, brief, and evidence concerning dismissal of this case (Doc. 20), which are incorporated herein by this reference, that the Plaintiff has no valid claims to be protected and that this Court has not even have personal jurisdiction over the Defendants. Thus, an injunction of state-court litigation is not necessary in aid of this Court's exercise of jurisdiction.

The third exception to the Anti-Injunction Act applies where an injunction is necessary to protect or effectuate the federal court's judgments. In this case, the Plaintiff has not identified any federal judgments that have been entered against the Defendants in favor of the Plaintiff let alone any that can only be protected or effectuated by an injunction. In fact, Plaintiff misrepresents to this Court that a "Judgment" against Defendant Greggory K. Frizzell, now a United States District Judge for the Northern District of Oklahoma, and Justice Joseph Watt of the Oklahoma Supreme Court exists in Case No. 06-CV-402-RBW. Only a entry of default by the deputy court clerk is noted and a motion to vacate entry of default is pending in that action. Plaintiff even attaches the clerk's entry of default as "Exhibit A" to his Motion yet still misrepresents the entry or default as a final judgment on the merits.

Therefore, in light of the circumstances, there is no basis for enjoining the pending state-court litigation, and the Defendants request that the Court deny the Plaintiff's request for the same.

## II. THIS COURT SHOULD NOT APPOINT A RECEIVER.

The Plaintiff also seeks the appointment of a receiver. However, the appointment of a receiver is an extraordinary remedy. As the Eighth Circuit Court of Appeals has stated:

> A receiver is an extraordinary equitable remedy that is only justified in extreme situations. Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-7 (8th Cir. 1993).

In this case, the Defendants have more than amply demonstrated in their motion to dismiss and their accompanying brief and evidence that the Plaintiff has no valid claims. (Doc. No. 20). In addition, there is not even a shred of evidence of fraudulent conduct on the part of the Defendants that would frustrate any claim Plaintiff might have or of any danger that any property will be concealed, lost or diminished in value. The only danger concerning the dissipation of any property is that the Plaintiff's baseless and vexatious litigation will likely cause a significant portion of the trusts' corpuses to be consumed by costs and attorney's fees incurred by the trustees. There is likewise no inadequacy of legal remedies, as Plaintiff has had his days (plural – many times over) in court. Furthermore, the issue of a less drastic remedy is not applicable, because the Plaintiff has no valid claims for which any remedy is available, and there is no question that appointing a receiver would do no good and would cause great harm, in that it would upset final orders of the state district court in Oklahoma and would frustrate that court's

exercise of its properly acquired jurisdiction. As this Court noted, the appointment of a receiver must be reasonable. *Dixon v. Barry*, 967 F.Supp. 535, 550 (D.D.C. 1997). Given the circumstances of this case, the Plaintiff's request is anything but reasonable and should be denied.

### III. THE COURT SHOULD NOT APPOINT A FORENSIC AUDITOR.

Plaintiff Wallace has requested that the Court appoint a forensic auditor of his own choosing, Dana Cole & Co. The District Court has discretion to appoint an expert under Rule 706 of the Federal Rules of Evidence. *See* FRE 706. This power allows a court to obtain the assistance of scientific, technical, or other specialized knowledge if it would help the trier of fact decide a fact in issue. *See Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997); *see also* FRE 702. However, court appointment of an expert is appropriate only in compelling circumstances. *See Applegate v. Dobrovir, Oakes & Gebhardt*, 628 F.Supp. 378, 383 (D.D.C. 1985).

In this case, there is no need for an expert auditor because the Plaintiff has no valid claims that would necessitate an audit, as demonstrated in the Defendants' motion to dismiss and accompanying brief and evidence. (Doc. No. 20). In addition, the Plaintiff has not demonstrated any facts that would suggest a forensic auditor is necessary in this case. Accordingly, his request for the appointment of a forensic auditor should be denied.

### IV. CONCLUSION

For the foregoing reasons, this action should be dismissed, with prejudice and Defendants should be awarded their reasonable costs and expenses, including attorney fees, incurred in defending this action.

                                      PATRICIA HASTINGS, RONALD J. SAFFA,
                                      JAMES C. MILTON, and JAMES E. POE
                                      By Counsel

LECLAIR RYAN, A Professional Corporation

By:  _____/s/ Jennifer L. Sarvadi\_\_\_\_\_

Jennifer L. Sarvadi  (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## V.  CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Stephen J. Krise
John S. Simcox

I hereby certify that on this 1st day of March, 2007, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

> Stephen E. Wallace
> 6528 E. 101st Street, D-1 #304
> Tulsa, Oklahoma  74133
> *Pro Se*

/s/ Jennifer L. Sarvadi
Counsel
