## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Guardianship of Lisa Frances Wallace, an incapacitated person. | ) ) ) |
| Mary Roma Wallace Jage and Stephen P. Wallace, | ) ) ) |
| Appellants, | ) |
| vs. | ) ) ) |
| Patricia Wallace Hastings, Appellee. | ) ) ) ) |

**CASE NO. 1:06-CV-01264**

Judge Reggie B. Walton

Removed from:
The Supreme Court of Oklahoma
Case No. 102931

District Court of Tulsa County,
State of Oklahoma,
Case No. PG-2002-225

### DEFENDANTS' JOINT BRIEF IN OPPOSITION TO
### PLAINTIFF'S MARCH 1, 2007 MOTION (DOC. NO. 28)

This Joint Brief in Opposition is in response to a pleading entitled March 1, 2007 "Motion for Appointment of Provident Trust Company as Interim Trustee and Guardian Ad Litem for Lisa F. Wallace, Sua Sponte, Due to her 'Failure to Thrive' Emergency and Notice by Default Pursuant to Rule 55A by Defendant John Fears," filed by Stephen Paul Wallace.[1]

### INTRODUCTION

The Motion appears to request the removal of Lisa F. Wallace's state-court-appointed guardian, Defendant Patricia Wallace Hastings.[2]  The Motion also appears to request the removal of Defendant The Trust Company of Oklahoma as successor trustee of the Lisa Frances Wallace Supplemental Needs Trust.  These forms of relief are inappropriate in this case because Ms. Hastings and Trust Company were both appointed to their current positions by the District Court of Tulsa County.  Ms. Hastings' appointment has been affirmed on appeal once already and is

---

[1]  Mr. Wallace is a state-court respondent and appellant, but has assumed the status of "plaintiff" in this federal-court removal action.  This Brief in Opposition will reference Mr. Wallace as "Plaintiff."

[2]  Ms. Hastings is Ms. Wallace's sister.

currently the subject of the state-court appeal that Mr. Wallace has attempted to remove into this action – Oklahoma Supreme Court Case No. 102931. Trust Company's appointment was recently affirmed by the Oklahoma Court of Civil Appeals in an appeal that remains pending before that court. As such, Mr. Wallace's attempted removal of Oklahoma Supreme Court Case No. 102931 and the relief requested in the March 1, 2007 Motion amount to improper collateral attacks against state-court proceedings.

This Brief in Opposition is filed jointly by Patricia Hastings, guardian of Lisa Wallace; Ronald J. Saffa, successor co-trustee of several Wallace family trusts; James C. Milton, attorney for the Trust Company of Oklahoma ("Trust Company"), successor trustee and co-trustee of several Wallace family trusts; and James E. Poe, attorney for Patricia Hastings (collectively, "Responding Defendants").[3]

## PROCEDURAL BACKGROUND

This action is a purported removal of a state-court appeal from a Tulsa, Oklahoma state-court guardianship proceeding. On November 27, 2006, Defendants JP Morgan Chase & Co. and James E. Weger filed a Motion to Dismiss or in the Alternative to Remand (Doc. No. 18). On December 8, 2006, the Responding Defendants filed a Motion to Dismiss (Doc. No. 20) and suggested that remand would be an appropriate form of relief. Both of these motions remain at issue before the Court.

## ARGUMENT AND AUTHORITIES

As noted above, the Plaintiff requests that this Court vacate orders of the Tulsa County District Court. Some of the orders that the Plaintiff seeks to disturb are orders that have been affirmed on appeal. For others of the orders, the time for appeal has long since expired. Still

---

[3] The Responding Defendants hold various statuses in the underlying state-court action, including the status of Petitioner, Respondent, and counsel of record. The Plaintiff has identified the Responding Defendants as "Defendants" in his documents filed in this removal action.

others of the orders challenged by Mr. Wallace are currently on appeal before the Oklahoma Supreme Court. In his papers, the Plaintiff does not give reason as to why these orders should be vacated nor any authority as to why or how the U.S. District Court for the District of Columbia would or could vacate orders of Oklahoma state courts. The Plaintiff's Motion states only that Plaintiff filed a motion to appoint a new guardian in 2001, that a guardianship proceeding occurred, that Plaintiff's attorney was sanctioned and other court actions with which the Plaintiff disagrees. It is clear from Plaintiff's own motion that these very issues have been litigated before in courts of competent jurisdiction in the State of Oklahoma. Plaintiff's fantastic allegation of "conspiracy" of the "Sooners" against him is insufficient to invoke the jurisdiction of the U.S. District Court for the District of Columbia and to vacate, set aside, or otherwise amend orders of Oklahoma state courts.

As demonstrated in the November 27, 2006 Motion to Dismiss or in the Alternative to Remand (Doc. No. 18) and the December 8, 2006 Motion to Dismiss (Doc. No. 20), removal jurisdiction is absent here. Furthermore, because the Plaintiffs' attempted removal is facially invalid, the removal statutes governing stay of the "removed" state-court proceedings would be inapplicable. [11/10/2006 Response (Doc. No. 22), filed in D.C. Case No. 06-1817.] *Bell v. Burlington N.R.R. Co.*, 1986 OK CIV APP 17, ¶ 6, 738 P.2d 949, 951, *cert. denied*, 482 U.S. 919 (1987); *Attig v. Attig*, 862 A.2d 243, 249 (Vt. 2004); *Cok v. Cok*, 626 A.2d 193, 193 (R.I. 1993); *Hunnewell v. Palm Beach County*, 786 So. 2d 4, 6 (Fla. Dist. Ct. App. 2000); *Citizens State Bank v. Harden*, 439 N.W.2d 677, 679-80 (Iowa App. 1989); *Motton v. Lockheed Martin Corp.*, 692 So. 2d 6, 8 (La. Ct. App. 1997); *Wenrick v. Schloemann-Siemag Aktiengesellschaft*, 522 A.2d 52, 54-55 (Pa. Super. Ct. 1987).

In addition, there can be no federal subject-matter jurisdiction in this case based upon the Plaintiff's attempts to claim federal subject-matter jurisdiction through other allegations. First, to the extent that the Plaintiff alleges that the court decisions surrounding Lisa F. Wallace constitute a civil rights cause of action, such claim is barred. [12/8/2006 Motion to Dismiss (Doc. No. 20), at pp. 3-5.]

Furthermore, to the extent that the Plaintiff has challenged state-court orders that were final (with all appeals exhausted) prior to the filing of his Complaint in this action, such claims would be barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to hear claims that are either (1) actually decided by a state court or (2) "inextricably intertwined" with a prior state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16 (1983). The *Rooker-Feldman* doctrine flows from the general rule that only the United States Supreme Court has federal appellate authority to review state court decisions. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004). The doctrine prevents a lower federal court from conducting "what in substance would be appellate review of [a] state judgment . . . based on a losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). Here, Mr. Wallace appears to be challenging the initial appointment of Ms. Hastings as Ms. Wallace's guardian – a decision that was final long before the Complaint was filed in this action. [Exhibit "2", at p. 9 (noting Ms. Hastings' appearance as guardian of Lisa Wallace at a March 26, 2004 hearing).]

To the extent that the Plaintiff is challenging state-court orders that are not yet final for purposes of the *Rooker-Feldman* doctrine, or that were not final when the Plaintiff filed his

4

Complaint, then the doctrines of claim and issue preclusion and abstention.  Oklahoma law controls the preclusive effect of the state-court judgments entered in Oklahoma courts.  *Jarrett v. Gramling*, 841 F.2d 354, 356 (10th Cir. 1988).  "Under the principle of claim preclusion, a final judgment on the merits of an action precludes the parties from relitigating not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action.  The doctrine of claim preclusion is designed to prevent piecemeal litigation through the splitting of a single claim into separate lawsuits."  *Miller v. Miller*, 1998 OK 24, 956 P.2d 887, 896.  The elements of claim preclusion are "1) an identity of subject matter, of the parties or their privies, of the capacity of the parties and of the cause of action; 2) the court which heard the original action must have been one of competent jurisdiction; and 3) the judgment rendered must have been a judgment on the merits of the case and not upon purely technical grounds."  *Carris v. John R. Thomas & Assocs., P.C.*, 1995 OK 33, ¶ 10, 896 P.2d 522.  Thus, here, to the extent that Mr. Wallace is challenging state-court orders that became final after he filed his Complaint in this action, the Oklahoma doctrines of claim and issue preclusion would bar such claims.  This theory would be particularly applicable to Mr. Wallace's challenges against the order appointing Trust Company as successor trustee of the Lisa Frances Wallace Supplemental Needs Trust, as Mr. Wallace's state-court appellate remedies were recently exhausted.  [Exhibit "1"; Exhibit "2".]

  Finally, to the extent that Mr. Wallace is challenging a pending state-court action, the doctrine of abstention would apply and would either preclude or strongly discourage federal subject-matter jurisdiction in this case.  Considerations of judicial economy and comprehensive disposition of litigation would suggest that the U.S. District Court should decline to exercise its jurisdiction in deference to pending state court proceedings.  *Colorado River Water*

*Conservation Dist. v. United States*, 424 U.S. 800, 817-19 (1976); *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2nd Cir. 1986) (citing *Colorado River*, 824 U.S. at 818, and *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 23-27 (1983)).  The *Younger* and *Colorado River* abstention doctrines demonstrate that, while federal courts are normally required to exercise the jurisdiction granted to them by Congress, federalism issues will sometimes allow or even require the federal courts to abstain in order to avoid undue interference with the states' conduct of their own affairs.  *Seneca-Cayuga Tribe v. Oklahoma ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989); *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  *Younger* abstention requires "an ongoing state judicial (or in a proper case administrative) proceeding, the presence of an important state interest, and an adequate opportunity to raise federal claims in the state proceedings."  *Seneca-Cayuga Tribe*, 874 F.2d at 711.

The elements of abstention are met here, where the state court's jurisdiction has been invoked in both guardianship and trust proceedings.  It has long been the rule in federal courts that "if . . . two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other."  *Princess Lida of Thurn v. Thompson*, 305 U.S. 456, 466 (1939).  This general principle was again recognized by the U.S. Supreme Court in 2006.  *Marshall v. Marshall*, 126 S. Ct. 1735, 1748 (2006) (enunciating the general principle that "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res").  Applying this rule to the intersection between federal-court bankruptcy jurisdiction and state-court probate jurisdiction, the *Marshall* Court held that, "[t]hus, the probate exception reserves to

state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 176 S. Ct. at 1748 (emphasis added). *See also Wilbur v. KeyBank N.A.*, 962 F. Supp. 1122, 1134 (N.D. Ind. 1997) (granting motion for abstention where the state court had assumed jurisdiction over the assets of the income beneficiary's estate); *Lawrence v. Cohn*, 778 F. Supp. 678, 685-86 (S.D.N.Y. 1991) (dismissing the complaint on the basis of abstention where the state court had accepted jurisdiction over the res represented by the estate), *vacated on other grounds*, 816 F. Supp. 191 (S.D.N.Y. 1993). Here, the state court has jurisdiction over the guardianship estate that is the subject of the appeal that the Plaintiff has attempted to remove. In addition, the state court has jurisdiction over the trusts that are the subject of the March 1, 2007 Motion. As such, federal law would require abstention in favor of the subject-matter jurisdiction that is already vested in the state courts regarding the res.

## CONCLUSION

For the foregoing reasons, the Plaintiff's March 1, 2007 Motion should be denied.

                PATRICIA HASTINGS, RONALD J. SAFFA,
                JAMES C. MILTON, and JAMES E. POE
                By Counsel

LECLAIR RYAN, A Professional Corporation

By: _____/s/_____

Jennifer L. Sarvadi  (D.C. Bar No. 490475)
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
703-684-8007
703-684-8075 (facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of March, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Stephen J. Krise
John S. Simcox

      I hereby certify that on this 12th day of March, 2007, a true and correct copy of the foregoing was sent by first-class, postage-prepaid, U.S. mail to:

>Stephen E. Wallace
>6528 E. 101st Street, D-1 #304
>Tulsa, Oklahoma  74133
>*Pro Se*

                                       /s/
                                      Counsel