

FILED
DISTRICT COURT
AUG 0 9 2004

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

IN RE:                )

Franklin A. Wallace Revocable Trust   )
dated December 26, 1974 and as amended,  )

Case No. PT-2003-46
Honorable Gregory K. Frizzell

### FINAL ORDER AS TO CERTAIN ISSUES

Now on this 26th day of March, 2004, this matter comes on for the trial on the Petition for

Guidance and Construction of Trust by Bank One, N.A., Trustee of the Frank A. Wallace Revocable

Trust. After hearing the testimony of witnesses and reviewing the evidence admitted at the hearing,

the **COURT FINDS AND ORDERS AS FOLLOWS:**

    1.     Lisa Frances Wallace is one of the named beneficiaries of the Franklin A. Wallace

Revocable Trust. Lisa Frances Wallace is impaired by reason of profound mental retardation and

Downs Syndrome.

    2.     Lisa Frances Wallace's personal care and maintenance requirements are currently

being minimally satisfied by the State of Oklahoma pursuant to the Consent Decree entered in the

*Homeward Bound, Inc. v. Hissom Memorial Center*, No. 85-C-437, 1987 WL 27104 (N.D. Okla.

1987)(the "Homeward Bound/Hissom litigation").

    3.     The Third Amendment of the Franklin A. Wallace Revocable Trust specifically

provides:

> 1.4.2 Notwithstanding the foregoing, if the Trustee determines that
> the irrevocable trust for LISA FRANCES WALLACE ("LISA") will
> not have sufficient assets to maintain and support LISA for her
> lifetime, the Trustee shall distribute to the irrevocable trust for
> LISA's benefit such amount of the trust estate as the Trustee
> determines to be necessary for that purpose, even though the exercise
> of the Trustee's discretion in this regard has the result of reducing the
> share of the trust estate to be received by Grantor's other children or

1

their children. It is Grantor's intent that the needs of LISA shall be given priority to guarantee her care and maintenance for her lifetime.

4.    On December 26, 1974, an Irrevocable Trust for Lisa Frances Wallace was created and not funded (the "Lisa Trust"), however the Lisa Trust is not a special needs trust and funding of the Lisa Trust from the Frank A. Wallace Revocable Trust would negatively impact her Medicaid eligibility, thereby eliminating state and/or federal assistance and related benefits from the Homeward Bound/Hissom litigation.

5.    **THE COURT ORDERS** the Lisa Trust be restated and reformed as set forth in the attached document entitled "The Lisa Frances Wallace Supplemental Needs Trust" inasmuch as an unanticipated change in circumstances would result in the frustration of the purpose of the Lisa Trust. Pursuant to Okla. Stat. tit. 12, § 994(A), the Court finds that there is no just reason for delay and directs that this Final Order as to Certain Issues be filed as the final order as to the issue(s) resolved in this Paragraph 5 of this Final Order as to Certain Issues.

6.    **THE COURT FURTHER ORDERS** Mary Roma Wallace Jage, Patricia Wallace Hastings and Stephen P. Wallace be removed as Trustees of the Lisa Trust inasmuch as all three have a conflict of interest by being beneficiaries of the Lisa Trust and/or the restated or reformed "Lisa Frances Wallace Supplemental Needs Trust." Pursuant to Okla. Stat. tit. 12, § 994(A), the Court finds that there is no just reason for delay and directs that this Final Order as to Certain Issues be filed as the final order as to the issue(s) resolved in this Paragraph 6 of this Final Order as to Certain Issues.

7.    **THE COURT FURTHER ORDERS** the appointment of The Trust Company of Oklahoma to serve as Trustee of the restated and reformed Lisa Frances Wallace Supplemental

2

Needs Trust. The Trust Company's acceptance of administration of the Trust is subject to the terms of the May 19, 1998 letter agreement, Trial Exhibit 38 in Case No. PT-2000-21 in this Court, just as if this Trust were mentioned specifically in that letter. Pursuant to Okla. Stat. tit. 12, § 994(A), the Court finds that there is no just reason for delay and directs that this Final Order as to Certain Issues be filed as the final order as to the issue(s) resolved in this Paragraph 7 of this Final Order as to Certain Issues.

8.    **THE COURT FURTHER FINDS AND ORDERS** that Bank One, N.A., in its capacity as Trustee of the Frank A. Wallace Revocable Trust, should transfer all assets of the Frank A. Wallace Revocable Trust to The Trust Company of Oklahoma as Trustee of the restated and reformed Lisa Frances Wallace Supplemental Needs Trust inasmuch as Frank A. Wallace intended that the needs of Lisa Wallace shall be given priority to guarantee her care and maintenance for her lifetime and the evidence supports potential needs of Lisa Wallace in excess of the total value of assets in the Frank A. Wallace Revocable Trust. Pursuant to Okla. Stat. tit. 12, § 994(A), the Court finds that there is no just reason for delay and directs that this Final Order as to Certain Issues be filed as the final order as to the issue(s) resolved in this Paragraph 8 of this Final Order as to Certain Issues.

9.    **THE COURT FURTHER ORDERS** that the Court retains jurisdiction to address any issues regarding the administration of the Frank A. Wallace Revocable Trust that might arise in the course of fulfilling the requirements and directions set forth above, including but not limited to the disposition of any claims or other assets that legally may not be transferred.

10.    **THE COURT FURTHER ORDERS** that upon application, the Court will consider the discharge of Bank One, N.A. as Trustee of the Frank A. Wallace Revocable Trust.

3

11.     **THE COURT FURTHER ORDERS** that the Court retains jurisdiction to address any issues regarding the administration of the Lisa Frances Wallace Supplemental Needs Trust as administered by The Trust Company of Oklahoma as Trustee. Specifically, this action shall remain open to consider, upon application by the Trust Company of Oklahoma or any of the parties to this action, any requests for instruction regarding any future matters pertaining to the administration of the Lisa Frances Wallace Supplemental Needs Trust.

     **IT IS SO ORDERED, ADJUDGED AND DECREED AS SET FORTH ABOVE.**

                              _____
                              HONORABLE GREGORY K. FRIZZELL
                              8/6/04

4

*Prepared, submitted, and approved by:*

James E. Weger, OBA# 9437
JONES, GIVENS, GOTCHER & BOGAN, P.C.
15 East Fifth Street, Suite 3800
Tulsa, Oklahoma 74103
Telephone: (918) 581-8200
Facsimile: (918) 583-1189

James C. Milton, OBA# 16697
DOERNER, SAUNDERS, DANIEL & ANDERSON
320 S. Boston Avenue, Suite 500
Tulsa, Oklahoma 74103
Telephone: (918) 582-1211
Facsimile: (918) 591-5360

# THE LISA FRANCES WALLACE
# SUPPLEMENTAL NEEDS TRUST

This declaration of trust is created by the District Court in and for Tulsa County, State of Oklahoma for the purpose of reforming that certain irrevocable trust called "**The Lisa Frances Wallace Trust**" created on or about the 26th day of December, 1974, by FRANK A. WALLACE, and LORICE T. WALLACE, husband and wife, named therein as Grantors, both of whom are now deceased, and THE TRUST COMPANY OF OKLAHOMA, Tulsa, Oklahoma, successor Trustee, to the FIRST NATIONAL BANK & TRUST COMPANY OF TULSA, (now BANK ONE) original Trustee of "**The Lisa Frances Wallace Trust**" described therein.

Pursuant to the Court's order entered on or about _____ day of March, 2004, the Court hereby reforms that certain "**Lisa Frances Wallace Trust**" referenced herein and, more particularly, certain provisions of the said trust, and reforms the said original by means of certain corrections and clarifications which the Court believes to have been intended by the Grantors, Frank A. Wallace and Lorice T. Wallace. Accordingly, the Court hereby reforms the original trust and restates the same in its entirety as reformed by this Court, as follows, below:

THIS TRUST AGREEMENT entered into this 26th day of December, 1974, by and between FRANK A. WALLACE and LORICE T. WALLACE (hereinafter referred to as "Trustor"), and THE TRUST COMPANY OF OKLAHOMA, Tulsa, Oklahoma, as Trustee.

WITNESSETH:

We, the Trustors, FRANK A. WALLACE and LORICE T. WALLACE, desire to create a Trust for the purposes hereinafter mentioned for the benefit of LISA FRANCES WALLACE, our daughter.

BE IT THEREFORE REMEMBERED, that on the date and year above written, we have hereby created the **"LISA FRANCES WALLACE SUPPLEMENTAL NEEDS TRUST"** and hereby declare that we have transferred certain personal property to the Trustee as evidenced by the attached Schedule "A" annexed hereto for the benefit of the beneficiary according to the terms and conditions set forth herein. We, as Trustors, hereby transfer, assign and pay over all property shown on Schedule "A" to THE TRUST COMPANY OF OKLAHOMA, Tulsa, Oklahoma, as Trustee, which, by execution hereof evidences its consent to serve as Trustee, and agrees to perform the terms and conditions of this Trust. We, as Trustors, hereby reserve the right to transfer during our lifetime, by our Will, or other trust documents, additional property to the Trustee or Successor Trustee and name the Trustee as an additional beneficiary under our Last Wills or Revocable Trust, as well as a possible beneficiary of a portion of certain policies insuring our lives. Such additions shall be held as part of the Trust corpus and shall be treated as if originally transferred hereunder. The Trustee shall apply and distribute the trust income and corpus under the terms and conditions as hereinafter set forth.

### ARTICLE I
### Designation of Trust Estate

1.01.    The Trust created under this Agreement is hereby designated as the **"LISA FRANCES WALLACE SUPPLEMENTAL NEEDS TRUST,"** or abbreviated

2

as the "LISA WALLACE SUPPLEMENTAL NEEDS TRUST," and shall be known for all purposes as such.

## ARTICLE II
### Identification of Heirs/Beneficiary

**2.01.** Trustors had four (4) children, namely: STEPHEN PAUL WALLACE, MARY ROMA WALLACE JAGE, PATRICIA WALLACE HASTINGS, and LISA FRANCES WALLACE. Trustors had no other natural or adopted children, living or deceased.

**2.02.** Trustor's daughter LISA FRANCES WALLACE shall be the sole beneficiary of this trust during her lifetime.

## ARTICLE III
### Administration of Lifetime Supplemental Needs
### Trust for Benefit of Lisa Frances Wallace

**3.01.** If the Trustee receives any funds or property during the lifetime of Trustors or after their deaths then the Trustee shall hold and manage such assets for the benefit of LISA FRANCES WALLACE, and such trust shall continue during the lifetime of said beneficiary, and shall, except as otherwise provided herein, terminate upon the beneficiary's death.

**3.01.A.** <u>Intent.</u> Our daughter, LISA FRANCES WALLACE, is afflicted with Down Syndrome and profound mental retardation which impacts her in various ways, hindering her ability to care for herself adequately, manage financial resources, and control her diet, environment and well being. It is our intention by this trust to create a purely discretionary supplemental care fund for the benefit of LISA FRANCES WALLACE. It is not our intention to displace public or other private financial assistance that may

3

otherwise be available to the beneficiary. The following enumerates the kinds of supplemental, nonsupport disbursements that are appropriate for the Trustee to make from this trust to or for the beneficiary. Such examples are not exclusive: medical, dental and diagnostic work and treatment for which there are no private or public funds otherwise available; medical procedures that are desirable in the Trustee's discretion, even though they may not be necessary or life saving, but may be appropriate care needs. Supplemental nursing care and rehabilitative training and counseling services are to be reasonably considered by the Trustee; and care appropriate for the beneficiary that assistance programs may not or do not otherwise provide are to be legitimately considered by the Trustee as well; expenditures for travel and outdoor experiences, membership in clubs; companionship, cultural experiences, sporting and recreational equipment and experiences/programs, vacations; transporting her to other locations for visitation with friends or relatives, are expenditures that may be considered by the Trustee. The Trustee may expend funds for expenses incurred by the guardian, or guardian ad litem, as well as LISA FRANCES WALLACE, for expenses and compensation for accompanying LISA FRANCES WALLACE on trips or other recreational events, experiences and the like.

      3.01.B.    The Trustee shall inquire of the beneficiary, guardian, guardian ad litem, or caregiver knowledgeable of LISA FRANCES WALLACE's needs, as to any supplemental needs of the beneficiary that may exist from time to time, and the Trustee shall be pro-active in staying informed as to the beneficiary's needs, desires and interests in the absence of the guardian of

4

the person. If a guardian of the person has been appointed and is currently serving, then the duty of the Trustee will be to stay informed as to the needs of the beneficiary via communication with the guardian.

      **3.01.C.**     The Trustee may expend funds for advocates on behalf of the beneficiary, of whatever kind, who will advocate through legal proceedings, negotiation, or otherwise in an informal manner, for the purpose of obtaining, protecting, expanding, or enforcing the rights of the beneficiary for the ultimate purpose of promoting her quality of life.

      **3.01.D.**     We do not want this trust eroded by our daughter's creditors, nor do we want our daughter's public or private assistance benefits to be made unavailable or terminated. This trust is not for our daughter's primary support. It is to supplement her care needs only. Our daughter has no entitlement to the income or corpus of this trust except as the Trustee, in the Trustee's complete, sole, absolute and unfettered discretion, elects to disburse. In this regard, the Trustee may act unreasonably and arbitrarily, as we could do ourselves if living and in control of these funds. The Trustee's discretion in making nonsupport disbursements as provided for in this instrument is final as to all interested parties, including the state or any governmental agency or agencies, even if the Trustee elects to make no disbursements at all. The Trustee's sole and independent judgment, rather than any other party's determination, is intended to be the criterion by which disbursements are made. No court or any other person should substitute its or their judgment for the discretionary decisions made by the Trustee.

**3.01.E.**     The Trustee shall consider and make itself aware of all resource and income limitations that affect our daughter's right to public assistance programs. Distribution to or for her benefit shall be limited, whether income or principal, so that she is not disqualified from receiving public benefits to which she is otherwise entitled. My daughter's probable and possible future supplemental care needs should be considered by the Trustee in connection with disbursements made by the Trustee from this trust. All disbursements by the Trustee, whether of income or principal, shall be in the absolute discretion of the Trustee, at any time and from time to time. The trust assets may be consumed for the benefit of our daughter over her life expectancy. The interests of remainder beneficiaries are of secondary importance.

**3.02.** Retention of Income if Not Distributed. Any income received by the Trustee not distributed to or for the benefit of the trust beneficiary shall be added annually to the trust's principal.

**3.03.** Spendthrift Provisions. No part of this trust, whether principal or income, shall be subject to anticipation or assignment by the beneficiary, nor shall it be subject to attachment by any public or private creditor of the beneficiary; nor may it be taken by any legal or equitable process by any voluntary or involuntary creditor, including those that have provided for our beneficiary's support and maintenance. Further, under no circumstance may my beneficiary compel distributions from this trust.

**3.04.** The Trustee should resist any request for payments from this trust for services that any public or private agency, or State or Federal Agency, has the obligation to provide to our daughter. In this regard, the Trustee may not be familiar with

6

the federal, state and local agencies or programs that have been created to financially assist disabled persons. If this is the case, the Trustee should seek assistance in identifying public and private programs that are or may be available to the beneficiary so that the Trustee may better serve the beneficiary.

3.05. <u>Compensation to Guardian of the Person</u>. The Trustee is authorized to pay reasonable expenses incurred by the guardian of the person of LISA WALLACE. The Trustee may reimburse the guardian or pay such expenses in advance. The Trustee may also pay a reasonable compensation to the guardian of the person of the beneficiary for services rendered by the guardian to the beneficiary.

3.06. <u>Unsupervised Administration</u>. The trust created by this instrument may be administered by the Trustee, free from the control or supervision by any court, to the degree permitted by law.

3.07. <u>Successor Trustee; Additional Trustee Powers and Duties</u>. The Trust Company of Oklahoma of Tulsa, shall serve as Trustee of this Supplemental Needs Trust. In the event of the resignation of the said Trust Company of Oklahoma of Tulsa, it may appoint a successor corporate Trustee qualified to serve as Trustee within the State of Oklahoma, or the District Court of Tulsa County, Oklahoma, shall appoint a successor Trustee.

3.08. The Trustee may take whatever legal steps may be necessary to initiate or continue any public assistance program for which the beneficiary is or may become eligible. The Trustee may bring such action in any court or regulatory agency having jurisdiction over the matter, to secure a ruling or order that the Trust described in this article is not available to the beneficiary for any purpose. Any expense of the

7

Trustee, including reasonable attorney's fees, fees of witnesses, professionals, etc., specifically incurred in connection with matters relating to determination of eligibility of the beneficiary for public or private support, but not limited to such services, shall be a proper charge to the Trust.

3.09. Any successor Trustee shall have and may exercise all the rights, powers, duties and discretions conferred or imposed on the Trustee.

3.10. No one dealing with any Trustee need inquire concerning the validity of anything such Trustee purports to do or see to the application of any money paid or property transferred to or upon the order of such Trustee.

3.11. No successor Trustee shall be obliged to examine the accounts and actions of any previous trustee.

3.12. No successor Trustee shall be responsible in any way for any acts or omissions of any previous trustee.

3.13. No Trustee shall be liable for any act or omission, unless the same be due to such Trustee's own willful default.

3.14. The Trustee or successor Trustee may resign by an instrument in writing delivered to the beneficiary.

### ARTICLE IV
### Termination of Lifetime Supplemental Needs
### Trust for the Benefit of Lisa Frances Wallace

4.01. Upon the death of LISA FRANCES WALLACE, this Trust shall terminate, and the entire trust property then remaining shall be paid over and distributed to the then surviving issue of the Grantors in equal shares per stirpes; provided, however, if there is then in existence a Trust created by the Grantors for such of their then living

8

issue, then distribution shall be made to the Trustee of such Trust to be held, administered and distributed according to the terms of such Trust. If there is no issue of the Grantors then surviving, distribution shall be to the person or persons who shall be appointed to administer the estate of Lisa Frances Wallace to be disposed of as a part of such estate.

### ARTICLE V
### Trustees' Powers

5.01.    The Trustee shall hold, manage, invest and deal with the Trust fund and shall collect and receive all income, rents, returns, and profits derived therefrom; and shall invest, reinvest, retain and manage the Trust property in the manner in which men of prudence, discretion and intelligence should exercise in the management of their own affairs, not in regard to speculation, but in regard to permanent disposition of their funds, considering the probable income as well as the probable safety of their capital. The Trustee shall pay all costs, taxes and other expenses incident to and growing out of the Trust and shall pay out, distribute and deal with the net income and principal of the Trust as provided in this instrument.

5.02.    The Trustee shall have all powers and authority and discretion conferred upon the Trustee by the provisions of this Agreement and the Oklahoma Trust Act in effect as of the date of this Trust or as later amended and, to the extent permitted by law, such powers and authority shall not be limited by any subsequent amendment, modification, or revocation of such Act and, in addition thereto, the Trustee shall have the power and authority to:

(a)    Retain any and all property transferred to the Trustee or received at any time in substitution for such property, whether or not such property is authorized by law for the investment of trust funds; and

9

(b)    Hold such part of each Trust estate in cash as the Trustee may believe advisable in the light of existing conditions for investment, without liability for failure to invest such money.

5.03.    The Trustee may sell at public or private sale, for cash or on credit; convey or lease for any lawful purpose for any period (whether or not extending beyond the duration of the Trust hereunder); grant options in respect of, or participate by agreement or otherwise; and insure, repair, improve, demolish, abandon, exchange or otherwise deal with any real or personal property held by it. In connection therewith, the Trustee may execute all contracts, deeds, options, leases, conveyances, releases and other instruments; expend income and principal for such purposes; procure such liability or other insurance as the Trustee shall deem proper (including life and health insurance on the beneficiary of any trust established herein, if permitted by law), and pay premiums thereof as an expense of the Trust.

5.04.    The Trustee is authorized to do any and all things in the preservation and management of the Trust estate which the Trustee, in his, her or its sole discretion, deems prudent, necessary, or advisable. The Trustee shall not incur any liability for any loss or damage incurred by the Trust estate by reason of the exercise of any of the powers granted herein to the Trustee or for any action taken or omission to take action when such is performed or omitted in good faith and without willful negligence.

5.05.    The Trustee shall be further authorized to borrow money for the purpose of providing funds with which to maintain or improve any real estate forming a part of the Trust estate, or for the purposes of refunding or renewing an encumbrance that

10

may exist upon any of the Trust properties, or for the purpose of facilitating the distribution of the Trust estate, and for any other purpose arising in connection with the administration of the estate. In connection therewith, the Trustee may pledge and convey, as security for the payment thereof, all or any part of the real or personal property forming a part of the Trust, and the mortgagee or mortgagees, pledgee or pledgees, shall not be obliged to see to the application of such borrowed money.

5.06.   The Trustee shall have the right, in its sole discretion, to determine the manner in which receipt of money, property, capital gain on the sale of assets, or expenses are to be allocated between principal and income.

5.07.   The corporate trustee serving as trustee hereunder is authorized to hold such parts of the Trust Estate in cash or demand deposit accounts or in savings deposit accounts maintained by its own commercial department or any bank or trust company with which it might be merged. It may also pool trust assets with other assets of other trusts managed by the Trustee for investment purposes, and invest in common trust funds managed for other trust accounts by the Trustee.

5.08.   Upon termination of any Trust, the Trustee is authorized to value such Trust property and the several units thereof, and to determine what properties shall constitute and make up the shares or parts to be transferred, conveyed or delivered in accordance with the provisions of this Agreement, the Trustee's determination to be final and incontestable by anyone, such authority to include the power, if the Trustee shall deem it necessary, desirable or expedient for the purposes of accomplishing an apportionment, division, segregation or partition, to sell all or any part of the property held by it for such prices and upon such terms as it may deem proper.

11

5.09.  The Trustee is authorized to employ and consult with attorneys, accountants, social workers, professional advisors and consultant, advocates of one kind or another, and such other agents as it shall deem necessary or desirable for the benefit of the beneficiary or the trust estate.  The Trustee may charge the compensation of such attorneys, accountants, specialists, social workers, professional advisors and consultants, advocates, and other agents and any other expenses against the trust.

5.10.  The Trustee shall have the power to charge and pay to itself a reasonable fee for its services as Trustee, but such fee shall not be more than that calculated in accordance with its published fee schedule in effect at the time services are rendered, unless more than normal services are rendered.  Trustor recognizes that serving as Trustee herein may result in more than normal time and effort being expended by the Trustee in order to adequately serve the beneficiary and therefore additional Trustee fees may be appropriately charged by the Trustee.

5.11.  The Trustee hereunder shall have all the powers accorded by the Oklahoma Trust Act of the State of Oklahoma with respect to this Trust and the trust property.

## ARTICLE VI
### Acceptance of Trust

6.01.    By execution of this Agreement, the Trustee accepts the Trust created hereunder, and each and every term, condition and provision thereof, and covenants to execute and administer the same faithfully and in accordance with such terms, conditions and provisions and in accordance with the laws, statutes, rules and regulations, in any way pertaining to the administration of the Trust estate.

12

## ARTICLE VII
### Miscellaneous

7.01.    This Trust shall be construed and regulated according to the laws of the State of Oklahoma.

7.02.    The headings of Articles and Paragraphs appearing herein are for the convenience of reference only and shall have no significance in the construction or interpretation of this Agreement.

7.03.    As herein used, unless the context otherwise requires, the term "Trustee" and the singular, plural and neuter gender as sometimes used herein in reference to the Trustee shall both be fully applicable collectively to all persons or entities whether individuals or a corporate body who may at any given time be serving as Trustee hereunder.

7.04.    Pronouns, nouns, and terms used in this instrument shall include the masculine, feminine, neuter, singular and plural forms thereof wherever appropriate to the context.

7.05.    The Trustee shall not be required to account to any court for the administration of any trust established herein, but shall furnish periodic reports of the administration to the guardian of the beneficiary, or nearest relative of the beneficiary.

7.06.    If, at any time, the trust created under this instrument shall be of the aggregate principal value of $2,000.00 or less, the Trustee may terminate this trust and distribute the assets in the Trustee's possession to the beneficiary, if doing so will not otherwise disqualify the beneficiary from receiving public benefits. In the alternative, the Trustee may distribute such sum to the remainder beneficiaries described in Article IV above.

13

7.07.    This Trust is irrevocable and the Grantors (or either of them) shall have no right whatsoever to alter, amend, revoke, or terminate this Trust, in whole or in part.  By this Trust Agreement the Grantors (jointly and severally) intend to and do hereby relinquish absolutely all possession or enjoyment of, or the right to the income from, the trust property, and all right to designate the persons who shall possess or enjoy the trust property, or the income therefrom; and the Grantors (jointly and severally) shall have the right at any time to release, renounce, or disclaim any interest whatsoever which might be construed to defeat such intention.

IN WITNESS WHEREOF, this Trust has been executed this $26$ day of _____, 2004.

_____
JUDGE OF THE DISTRICT COURT

APPROVED AS TO FORM AND CONTENT:

_____
Travis E. Smith, Esq., Legal Division, OBA #8418
Department of Human Services
P. O. Box 25352
Oklahoma City, OK 73125
Telephone:  (405) 521-3638
Facsimile:  (405) 521-6816

_____
James Poe, Esq., OBA # 7198
Covington & Poe
111 West 5th, Ste. 740
Tulsa, OK 74103
Telephone:  (918) 585-5537
Facsimile:  (918) 585-5530
Attorney for Patricia Wallace Hastings, Guardian of Lisa Frances Wallace

14

Jack L. Brown, Esq., OBA # 10742
Jones, Givens, Gotcher & Bogan
15 E. 5th St., Ste. 3800
Tulsa, OK 74103
Telephone: (918) 581-8200
Facsimile:  (918) 583-1189
        Attorney for Bank One, NA

James C. Milton, OBA # 16697
Doerner, Saunders, Daniel & Anderson
320 S. Boston, Ste. 500
Tulsa, OK 74103-3725
Telephone : (918) 591-5229
Facsimile:  (918) 591-5360
        Attorney for Trust Company of Oklahoma of Tulsa

Trust Officer – Trust Company of Oklahoma of Tulsa

15

# EXHIBIT A

All assets of the Frank A. Wallace Revocable Trust