**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
*   *   *   *   *   *   *   *   *   *   *   *   *
                                            *
LISA F. WALLACE, et al,                     *
                                            *
        Plaintiffs,                         *
                                            *
v.                                          *       Civil Action No. 06-402 (RBW)
                                            *
RONALD J. SAFFA, et al,                     *
                                            *
        Defendants.                         *
                                            *
                                            *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

**DEFENDANTS JPMORGAN CHASE AND JAMES E. WEGER
MOTION TO ALTER OR AMEND JUDGMENT**

Come now defendants, JPMORGAN CHASE and JAMES E. WEGER (collectively, the "Movants"), by and through their undersigned counsel, and respectfully request this Court to exercise its power under Fed. R. Civ. P. 59(e) to alter or amend the judgment entered by this Court on March 30, 2007 (the "Order"), to extend its coverage to the Frank A. Wallace Revocable Trust (a trust which Stephen P. Wallace also refers to in his pleadings, variously, as the "Frank A. Wallace Trust of 1974" and the "Frank A. Wallace Irrevocable Trust of 1974")(the "Trust"), and to also require the plaintiff to seek leave of any federal court prior to filing, in such federal court, any lawsuits of any kind concerning the actions, circumstances, transactions, or other events by any related parties with respect to the Trust, or any other related action, and as grounds states as follows (the "Motion"):

1.      Movants are defendants in Civil Action No. 06-1264, a case in which plaintiff makes allegations relating to the administration of the Trust. This Court's Order

entered in the above-captioned case on March 30, 2007 also denied the removal of Civil

Action No. 06-1264, and is thus a final order with respect to Civil Action No. 06-1264

and the Trust.

2.      Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter

or amend a judgment shall be filed no later than 10 days after entry of the judgment."

3.      Section 1651(a) of Title 28 of the United States Code provides that "all

courts established by Act of Congress may issue all writs necessary or appropriate in aid

of their respective jurisdictions and agreeable to the usages and principles of law." The

Fifth Circuit has construed § 1651(a) to permit a federal court to enter an order limiting

access to the federal courts by a nettlesome plaintiff. *Harrelson v. United States*, 613 F.2d

114, 116 (5th Cir. 1980) (citing *Ruderer v. United States*, 462 F.2d 897, 899 (8th Cir.

1972)).

4.      The United States Court of Appeals for the District of Columbia Circuit

also addressed a similar issue in a case cited by this Court in its Memorandum Opinion.

In *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985), the court entered an

order enjoining a vexatious litigant from "filing any civil action in this or any other

federal court of the United States without first obtaining leave of that court." The *Urban*

court recognized the need to "respond to prolific *pro se* litigants with 'determination and

imagination.'" *Id* (quoting *In Re Green*, 669 F.2d 779, 786 (D.C. Cir. 1981)). However,

the court also recognized that any remedy crafted by a court must not preclude the litigant

from access to the federal courts and used the technique of requiring the litigant to

provide to any court in which he sought to file a lawsuit information about his history of

vexatious behavior prior to being allowed to file suit in that jurisdiction. *Id.* Like the

appellant in *Urban*, plaintiff has filed numerous lawsuits of dubious merit and, absent prophylactic action by a federal court, will certainly continue to burden both the federal courts and the defendants in the actions that are the subject of the Order.  In fact, on March 23, 2007, plaintiff filed a "Complaint/Petition for Accounting and Appointment of Receiver" in the United States District Court for the Northern District of Texas, a copy of which is provided as Exhibit A, which deals with the Trust.[1]  As the *Ruderer* court stated, plaintiff "has had his day in court; in this day of burgeoning court calendars, he must be restrained if others are to have theirs." *Ruderer*, 462 F.2d at 899.

WHEREFORE, MOVANTS respectfully request that this Court GRANT this Motion, and amend the Order entered on March 30, 2007, as set forth in the attached draft order.

Respectfully submitted,

SIMCOX AND BARCLAY, LLP

By:              _____/s/_____
                 JOHN S. SIMCOX
                 Federal Bar No. 367251
                 jss@simcoxandbarclay.com

                 Attorney for Defendants
                 JP Morgan Chase & Co.
                 James E. Weger

---

[1] In his complaint filed in Civil Action No. 06-1264, plaintiff refers to the Trust, incorrectly, as the "Frank A. Wallace Trust of 1974" (at ¶16 ); whereas Exhibit A confirms that the complaint filed in the Northern District of Texas erroneously refers to the "Frank A. Wallace Irrevocable Trust of 1974" (at ¶6). To ensure that plaintiff does not circumvent the Amended Order proposed herein by use of misnomers, it should expressly extend coverage to any pleading filed by the plaintiff that relates to a trust incorporating the words "Lorice," "Frank," or "Wallace" in its name.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing paper was served this 9th day of April, 2007, by first-class mail, pre-paid, on the following:

> Stephen P. Wallace
> 6528 E. 101st Street, D-1 #304
> Tulsa, Oklahoma 74133,

and pursuant to this Court's electronic filing procedures on all other parties.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
*  *  *  *  *  *  *  *  *  *  *  *  *
                                     *
LISA F. WALLACE, et al,              *
                                     *
        Plaintiffs,                  *
                                     *
v.                                   *       Civil Action No. 06-402 (RWB)
                                     *
RONALD J. SAFFA, et al,      *
                                     *
        Defendants.                  *
                                     *
                                     *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

**<u>AMENDED ORDER</u>**

In accordance with the Memorandum Opinion being issued herewith, it is hereby

ORDERED that removal to this Court of the present case and related case numbers 06-cv-1264 and 06-cv-1817 is hereby denied. It is further

ORDERED that the plaintiff is hereby barred and prohibited from filing any lawsuits in this Court of any kind concerning the actions, circumstances, transactions, or other events by any related parties with respect to the Lorice T. Wallace Revocable Trust, Lorice T. Wallace Irrevocable Trust, Lorice T. Wallace Life Insurance Trust, Lisa Frances Wallace Discretionary Spendthrift Trust, Frank A. Wallace Irrevocable Trust, any other trust having the words "Lorice," "Frank," or "Wallace" in its name, or any other related action. It is further

ORDERED that plaintiff is hereby enjoined from filing any civil action concerning the actions, circumstances, transactions, or other events by any related parties with respect to the Lorice T. Wallace Revocable Trust, Lorice T. Wallace Irrevocable

Trust, Lorice T. Wallace Life Insurance Trust, Lisa Frances Wallace Discretionary Spendthrift Trust, Frank A. Wallace Irrevocable Trust, any other trust having the words "Lorice," "Frank," or "Wallace" in its name, or any other related action in any other federal court of the United States, without first obtaining leave of that court. In seeking leave to file, plaintiff must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any court of competent jurisdiction. He must also certify that the claim or claims are not frivolous or taken in bad faith. Additionally, the motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File." Plaintiff must affix a copy of this order and Memorandum Opinion to the motion seeking leave to appeal. Failure to comply strictly with the terms of this AMENDED ORDER will be sufficient grounds for denying leave to file. It is further

ORDERED that all motions associated with these cases will be terminated.

SO ORDERED on this _____ day of April, 2007.

_____
REGGIE B. WALTON
United States District Judge

2