

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN P. WALLACE, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-229-A |
| | § | |
| | § | (Consolidated with |
| RONALD J. SAFFA, ET AL., | § | No. 4:07-CV-211-A) |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL AND SANCTIONS

Pending before the court are three motions to dismiss the above-captioned action in which Stephen P. Wallace ("Wallace"), Edith L. Jackson, and Lisa F. Wallace, purportedly by and through Wallace and Edith L. Jackson, are plaintiffs.[1] The motions urge several grounds for dismissal, including, first and foremost, lack of subject-matter jurisdiction. Having reviewed the motions, Wallace's indecipherable objections,[2] and the replies thereto, the court is satisfied that subject-matter jurisdiction is indeed lacking, obviating the need to address any other ground urged for dismissal. The court is further amply satisfied that

---

[1] Defendants moving for dismissal include James Dimon; Gregg D. Stevens; James E. Weger; Jones, Gotcher & Bogan, P.C.; Ronald J. Saffa; James C. Milton; James E. Poe, the Trust Company of Oklahoma; William B. Harrison, Jr.; Jeffrey B. King; John Thibodeau; William R. Jenkins, Jr.; JPMorgan Chase & Co.; and Jackson Walker, LLP. Wallace has also purported to sue "John Does (1-10) not yet known." This court, however, does not recognize suits against unknown defendants. Further, while there is one named defendant, James M. Kelley, who has not filed a motion to dismiss, due to the court's lack of subject matter jurisdiction, dismissal of all claims against him is proper as well.

[2] To the extent that Wallace alleges that he did not receive copies of defendants' motions to dismiss, which is unclear, such assertion is without merit. Defendants have provided persuasive proof of proper service upon Wallace. See, e.g., App. in Supp. of June 22, 2007, Reply at 4-11.

sanctions should be imposed on Wallace[3] for his flagrant abuse of the judicial system and litigation process.

I.

Analysis

A. No Subject-Matter Jurisdiction

Precisely because of Wallace's extensive litigation abuse, any lengthy discussion of the factual or legal issues presented here would serve only to waste additional judicial resources. Thus, very briefly, this case involves claims relating to various trusts, which claims, in turn, have been previously determined over the course of one or more legal proceedings in Oklahoma. The trusts include, without limitation: (1) the December 26, 1974, Lorice T. Wallace Revocable Trust, as restated and amended; (2) the September 11, 1992, Lorice T. Wallace Irrevocable Trust; (3) the February 8, 1996, Lorice T. Wallace Irrevocable Trust; and (4) the Frank A. Wallace Revocable Trust (collectively, the "Trusts"). Defendants have provided an excellent accounting of the prior legal proceedings involving the Trusts. See, e.g., Defs.' May 15, 2007, Mot. to Dismiss at 1-7, ¶¶ 1-24 and App. in Supp. The court need not do so again here.

As correctly urged by defendants, under the Rooker-Feldman doctrine, this court is without subject-matter jurisdiction to entertain collateral attacks on state judgments as Wallace seeks to do here. See District of Columbia Court of Appeals v.

---

[3] Seemingly without the involvement of the other plaintiffs, one of whom suffers from Down Syndrome, Wallace initiated the above-captioned action. He alone is therefore the focus of this order.

2

Feldman, 460 U.S. 462, 476 and 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); see also Richard v. Hoechst Celanese Chemical Group, Inc., 355 F.3d 345, 351 (5th Cir. 2003) (Rooker-Feldman prohibits federal review of substantive state court findings). Consequently, this suit must be dismissed.

B.  Sanctions Are Warranted

    1.  Background

According to Judge Gregory Frizzell, who presided over the original trust litigation in Oklahoma, as of March 31, 2005, Wallace had filed 58 lawsuits involving the Trusts, "not one of which . . . has . . . ever been found supported or supportable by evidence." See Defs.' May 30, 2007, App. at 6-7. What that number is today is uncertain, but it is at least 60 due to Wallace filing an additional two lawsuits now pending before this court.[4]

Not surprisingly, several courts have reprimanded Wallace and levied sanctions against him for his litigation misconduct related to the Trusts. See Defs.' May 30, 2007, App. at 8-9, 236-238, 270-72, 274-77, 279, 281-84, and 330-34. By way of example only, Judge Frizzell entered an order prohibiting Wallace, individually or in any other capacity, "from ever filing any more lawsuits in any court except [his] Court based on any acts, events, transactions or circumstances of any kind concerning (1) the Frank A. Wallace Revocable Trust or the Lisa

---

[4] The other lawsuit, Lisa F. Wallace, By and Through Stephen P. Wallace, et al. v. James Dimon, et al., Cause No. 4:07-CV-211-A (N.D. Tex. 2007), was transferred to this court and then consolidated with the current cause.

3

Frances Wallace Supplemental Needs Trusts, or (2) the actions or Conduct of Bank One or Trust Company as successor trustees of these two trusts, respectively, or (3) the actions or conduct of any other trustee or related party in any capacity related to the aforesaid trusts." Id. at 9. In addition, just a few months ago, United District Judge Reggie B. Walton for the District of Columbia dismissed one of Wallace's frivolous suits and, noting his "apparent contempt for the judicial process," enjoined him from filing any suit in his court concerning the Trusts. Id. at 334.

    2.    Sanctions

Defendants have requested sanctions against Wallace. Also, the court has the inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." See Chambers v. Nasco, Inc., 501 U.S. 32, 44-45 (1991). That Wallace filed two lawsuits before this court over the Trusts despite being ordered by Judge Frizzell not to do so in and of itself demonstrates Wallace's persistent abuse of and utter lack of respect for the judicial process. Wallace's frivolous suits have caused numerous persons and entities unnecessary expense. They have wasted this court's time as well. No lesser sanction than enjoining Wallace from filing any further suits involving the Trusts in this court would adequately address Wallace's conduct.

II.

Order

For the reasons and to the extent set forth above, the court concludes that defendants' motions to dismiss should be granted. Therefore,

The court ORDERS that the above-captioned action be, and is hereby, dismissed for lack of subject-matter jurisdiction.

The court further ORDERS that Wallace be, and is hereby, enjoined from filing any lawsuit in this court against any person or entity relating in any way to the Trusts.

SIGNED June 28, 2007.

JOHN McBRYDE
United States District Judge